# Exhibit A

| _Shelby_ County | # STATE OF TENNESSEE CIVIL SUMMONS page 1 of 1 | Case Number CH-11-1757-3 |

Vs. _____

Served On:

_____ **Chip Forrester** _____

You are hereby summoned to defend a civil action filed against you in ____ Chancery ____ Court, __ Shelby _____ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: _____          _____
                                                                    Clerk / Deputy Clerk

Attorney for Plaintiff:  _Van R. Irion, 9040 Executive Park Drive, Suite 200, Knoxville._
                          _TN, 37923; (865) 809-1505_

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

                                        _____
                                                  Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____
_____
_____

Date: _____          By: _____
                                            Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____          _____
                                            Notary Public / Deputy Clerk (Comm. Expires _____ )

_____          _____
Signature of Plaintiff                        Plaintiff's Attorney (or Person Authorized to Serve Process)
                                            (Attach return receipt on back)

_ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____._

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs



## CHANCERY COURT FOR THE STATE OF TENNESSEE
## IN THE COUNTY OF SHELBY

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

     Plaintiffs

     v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEBBIE WASSERMAN SCHULTZ;
CHIP FORRESTER,

     Defendants

CASE NO:  CH-11- 1757-3

Judge:

### CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

     Plaintiffs Liberty Legal Foundation, John Dummett, Leonard Volodarsky and Creg Maroney on behalf of themselves and all others similarly situated, by and through their undersigned counsel Van Irion, bring this Complaint for declaratory and injunctive relief against the National Democratic Party of the USA Incorporated (hereinafter "Democratic Party" or "the Party"), its subdivisions (including the Tennessee Democratic Party) its officers, its employees, and its agents, and in support thereof allege the following upon information and belief.

## NATURE OF THE ACTION

1.  Tennessee election codes and procedures currently leave Tennessee election officials dependent upon accurate and truthful representations from political parties regarding the qualifications of candidates to hold office. Specifically, the Tennessee Secretary of State depends upon truthful representations by the Democratic Party that the individual selected by the Party as its candidate for the office of President of the United States is constitutionally qualified to hold said office. When the Tennessee Secretary of State receives a document from the Democratic Party identifying the Party's candidate for President, the Secretary of State is compelled to have that candidate's name placed on ballots in all Tennessee counties. It is well established that the function of the Secretary of State in this capacity is ministerial; meaning that the Secretary has no authority to refuse once the Democratic Party has delivered the required documents. Because the Secretary of State has no authority to scrutinize the candidate's qualifications to hold office, this procedure leaves the Secretary of State, any opposing candidates, and all citizens of Tennessee completely dependent upon a truthful and accurate representation from the Democratic Party that their candidate is qualified to hold the office of President of the United States. This is why all documentation sent to the Tennessee Secretary of State prior to 2008 identifying the Democrat Party's candidate for President always included an explicit representation that said candidate was qualified to hold the office of President of the United States.[1]

---

[1] In 2008 the Democratic Party's document did not include such an explicit representation; however, the Party's organizational rules prohibit it from nominating a candidate that is not qualified for the office of nomination. Therefore, the representation was implicit.

2.   This Complaint does not request or require this Court to find that President Obama is
     not qualified to hold the office of President of the United States. Instead, this
     complaint simply asserts that sufficient evidence exists to make any reasonable
     person doubt, in light of the evidence, that Barack Obama is a "natural-born citizen."
     Since any reasonable person with knowledge of the evidence would doubt Mr.
     Obama's Constitutional qualifications, any representation by the Democratic Party
     certifying said qualifications would be negligent, absent further evidence verifying
     Mr. Obama's natural-born status.[2]

3.   This Complaint does not request any injunction against any State or Federal
     government official. Instead, this complaint asserts that the private entity, Defendant
     Democratic Party, intends to act negligently or fraudulently in a manner that will
     cause irreparable harm to the Plaintiffs, to the State of Tennessee, and to the citizens
     of Tennessee.

4.   Volumes of evidence, including admissions of Mr. Obama himself and conclusions of
     the U.S. State Department, have recently become available making it likely that Mr.
     Obama is not qualified to hold the office of President of the United States. Facts
     supported by said evidence are set forth below. Such evidence is sufficiently
     overwhelming that any representation by the Democratic Party to any Tennessee
     official asserting, implying, or assuming that Mr. Obama is qualified to hold the
     office of President would represent gross negligence or intentional misrepresentation.
     Because such a misrepresentation would cause irreparable harm to the Plaintiffs, they

---

[2] Hereinafter this Complaint will refer to President Obama, also known as Barack Hussein Obama Jr., Barack
Obama II, and Barry Soetoro, as "Mr. Obama." This reference is not intended to be disrespectful to the office of the
President or to the individual Barack Obama. It is used only to identify the individual, separate from the office, and
to simplify communication for purposes of this Complaint.

request an injunction prohibiting the Democratic Party from making such representation absent a showing of evidence to this Court sufficient to prove that said representation is not negligent.

## ELECTION BY POPULAR VOTE DOES NOT NEGATE CONSTITUTIONALLY MANDATED QUALIFICATIONS

5.   Many Americans, including some judges, have incorrectly concluded that the voters are the final arbiters of whether an individual is qualified to hold office. This is simply not correct. America is a Constitutional Republic, not a democracy without a constitution. The Constitution is an anti-majoritarian document; meaning that it protects individuals from invasions and usurpations of the majority. Such rights are protected regardless of the majority's desire to violate them. Without such protections any law enacted by Congress would be valid, even if it denied an individual their right to life, liberty, or property. Without the anti-majoritarian protection of the Constitution, Congress could legalize the killing of all Jews, for example, as was done in World War II Germany. Constitutional requirements are absolute, and must be followed regardless of how popular or unpopular such requirements may be, because they are in place to protect the minority.

6.   Therefore, any judge-derived doctrine that limits this Court's authority to enjoin the Defendants based upon so-called democratic considerations, such as the "political question" doctrine, ignores the anti-majoritarian nature of the Constitution and negates the purpose of the Constitution. Such doctrines are logically unsupportable and unconstitutional on their face. Such doctrines violate the supreme law of the land.

## <u>FACTS SUPPORTING MISREPRESENTATION</u>

### A.  Defendants' Intention to Represent Facts

7.  The Democratic Party intends to nominate Mr. Obama as their nominee for the office of President of the United States for the 2012 general election.

**8.**  The Democratic Party intends to send documents to the Tennessee Secretary of State announcing that Mr. Obama is its Presidential nominee for the 2012 general election and representing that he is qualified to hold the office of President.

### B.  Falseness of Facts

### Not "Natural-Born" Regardless of Place of Birth Due to Father's British Citizenship

9.  Mr. Obama's father was not an American citizen at the time of Mr. Obama's birth. Mr. Obama has admitted this fact. The United States State Department has also admitted this fact.

10. The Constitution of the United States mandates "No person except a natural born citizen, or a citizen of the United States at the time of the adoption of this Constitution, shall be eligible to the office of President." Art. II sec. 1.

11. The United States Supreme Court defined "natural-born citizens" as "all children born in a country of parents who were its citizens." See *Minor v. Happersett*, 88 U.S. 162 (1875). The same opinion distinguished all other citizens from natural born citizens.

12. Because Mr. Obama's father was not a citizen of the United States at the time of Mr. Obama's birth, Mr. Obama is not a "natural-born citizen" as is required by the Constitution and defined by the Supreme Court. Therefore, he is not qualified to be

placed on any Tennessee ballot for the office of President in the 2012 general election.

### Mr. Obama's Dual Citizenship

13. The term "natural-born" precludes any person that has held dual citizenship. The United States Supreme Court interpreted the 14th Amendment such that the term "citizen" includes any person born within the jurisdiction of the United States. *United States v. Wong Kim Ark*, 169 U.S. 649 (1898). However, the *Wong Kim Ark* Court specifically did not call such citizens "natural-born," despite making reference to the term, because "natural-born" citizens is a term with a different meaning from "citizen." This is why Constitutional requirements for other federal offices refer to citizens, but the term "natural-born citizen" is reserved for the office of President.

14. Due to his father's non-U.S. citizenship, Mr. Obama was a dual citizen at the time of his birth. Therefore, he is not qualified to hold the office of President of the United States.

### Dual Citizenship Part II, Indonesian Citizen

15. Mr. Obama became a dual U.S./Indonesian citizen.

16. Mr. Obama registered as an Indonesian citizen in order to attend school in Indonesia. This fact is evidenced by a school registration card. Also, at the time Mr. Obama lived in Indonesia and attended school in Indonesia, Indonesian law prohibited such school attendance for non-Indonesian citizens.

**Actively Surrendered U.S. Citizenship In Favor of Indonesian Citizenship**

17. Mr. Obama traveled to Pakistan in 1981. This fact has been admitted by Mr. Obama. In 1981 Pakistan did not allow entry to individuals presenting United States passports. Therefore, Mr. Obama could not have traveled to Pakistan in 1981 unless he presented a non-U.S. passport for entry.

18. In 1981 U.S. law prohibited any U.S. citizen from possessing a non-U.S. passport. Therefore, Mr. Obama was not a U.S. citizen in 1981. He was at least 19 years old at the time.

19. As a student at Occidental College Mr. Obama was a recipient of a Fulbright Foundation scholarship that was given only to non-U.S. citizens. Said scholarship application required a statement and documentation proving non-U.S. citizenship of the applicant.

**Fraudulent Social Security Number**

20. According to the U.S. Social Security Administration's standard operating procedures, in place since 1973, the social security number claimed by Mr. Obama on his Selective Service Registration should have been issued to an individual from Connecticut between 1977 and 1979. Mr. Obama never visited, nor had any connection with Connecticut between 1977 and 1979. Mr. Obama's first job requiring a social security number began in 1975. The number being used by Mr. Obama is fraudulent.

21. The U.S. Citizenship and Immigrations Services of the U.S. Department of Homeland Security has an electronic system for employers to verify the authenticity of a potential employee's proffered social security number prior to employment. This

system flags social security numbers that are likely to be fraudulent. This system is referred to as E-Verify.

22. When the social security number used by Mr. Obama to register with the Selective Service is entered into the E-Verify system, along with Mr. Obama's name and birth date, the system flags the number as "Notice of mismatch with Social Security Administration (SSA) records." In other words, the person currently employed as President of the United States couldn't get a job as a burger-flipper at McDonalds because the social security number he used to register for the selective service appears to be fraudulent.

23. Volumes of other evidence exist supporting the reasonable conclusion that Mr. Obama is not qualified to hold the office of President of the United States.

## JURISDICTION & VENUE

24. The Court has jurisdiction pursuant to T.C.A. §§16-11-101, 16-11-102, and 16-11-114.

25. Venue is proper in this Court pursuant to T.C.A. §20-4-104.

## REPRESENTATIVE PLAINTIFFS

### A. Liberty Legal Foundation

26. Plaintiff Liberty Legal Foundation (hereinafter "LLF") falls under the definition of a 501(c) 3 charitable organization. Its primary goal is the defense of basic human rights. Its stated mission is to "Strategically challenge flawed court precedent to restore the Constitution and individual liberties."

27. At least one member of Liberty Legal Foundation is currently a candidate for the office of President of the United States, and is registered with the Federal Election Commission as a candidate for said office.

28. Plaintiff LLF incorporates by reference all of the other allegations of this complaint as fully set forth herein.

## B.  John Dummett, Presidential Candidate, Member of Liberty Legal Foundation

29. Plaintiff John Dummett is an individual currently residing in California and a member of LLF.

30. Plaintiff John Dummett hereby incorporates by reference all of the allegations set forth in this complaint as to the defendants' actions and failures to act and he objects to them as a member of LLF.

31. Plaintiff John Dummett is a natural-born citizen and a candidate for the office of President of the United States in the 2012 election for said office, and is registered with the Federal Election Commission for said office in said election.

32. John Dummett will serve as an adequate representative of the Class, All FEC-registered candidates for the office of President of the United States of America, because his interests do not conflict with the interests of the members of the Class and the interests of the members of the Class will be fairly and adequately protected by John Dummett.

33. Absent this Court's grant of the requested relief, Plaintiff John Dummett will be concretely and continuously harmed as direct and proximate result of the defendant's actions and failures to act, because the appearance of Barrack Obama's name

appearing on Tennessee Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Dummett.

**C.  Leonard Volodarsky, Presidential Candidate, Member of Liberty Legal Foundation**

34. Plaintiff Leonard Volodarsky is an individual currently residing in New York, and member of LLF.

35. Plaintiff Leonard Volodarsky hereby incorporates by reference all of the allegations set forth in this complaint as to the defendants' actions and failures to act and he objects to them as a member of LLF.

36. Plaintiff Leonard Volodarsky is a candidate for the office of President of the United States in the 2012 election for said office, and is registered with the Federal Election Commission for said office in said election.

37. Leonard Volodarsky will serve as an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class and the interests of the members of the Class will be fairly and adequately protected by Leonard Volodarsky.

38. Absent this Court's grant of the requested relief, Plaintiff Leonard Volodarsky will be concretely and continuously harmed as direct and proximate result of the defendant's actions and failures to act, because the appearance of Barrack Obama's name appearing on Tennessee Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Volodarsky.

**D.  Creg Maroney, American Citizen, Member of Liberty Legal Foundation**

39. Plaintiff Creg Maroney is a member of LLF.

40.  Plaintiff Creg Maroney hereby incorporates by reference all of the allegations set forth in this complaint as to the defendants' actions and failures to act and he objects to them as a member of LLF.

41. Creg Maroney is a United States Citizen.

42. Creg Maroney will serve as an adequate representative of the Class of all persons in the United States of America who object to having a candidate that is clearly not qualified to hold the office of President appear on ballots for the office of President in the Tennessee general election, because his interests do not conflict with the interests of the members of the Class and the interests of the members of the Class will be fairly and adequately protected by Creg Maroney.

43. Absent this Court's grant of the requested relief, Plaintiff Creg Maroney will be concretely and continuously harmed as direct and proximate result of the defendant's actions and failures to act, because all branches of government at the state and federal level will have failed to uphold the mandates of the U.S. Constitution.

## **DEFENDANTS**

44. Defendant Democratic Party is a national political party formed under the laws of the United States. The Democratic Party maintains an office with a Tennessee registered agent located at 3250 Commercial Parkway, suite 3252, Memphis, Tennessee. The Democratic Party is a private organization. The Democratic Party is not a government entity, nor is it a part of any branch of government. The Democratic Party not subject to Federal or State information disclosure laws. The Democratic Party is not a government-actor in relation to any part of the Federal Constitution.

45. Defendant Debbie Wasserman Schultz is an individual currently serving as the Chairman of the Democratic Party's Democratic National Committee (hereinafter "DNC"). The DNC is a subdivision of the Democrat Party and is primarily responsible for organizing the Democratic Party's national presidential nominating convention. Defendant Schultz is named as an individual defendant in this complaint only for her private actions taken as a private individual serving as chairman of a private, non-governmental organization, the DNC. No factual allegation, nor legal theory, within this complaint touches upon any act performed by Defendant Schultz in relation to her duties as a U.S. Congressman. Ms. Schultz is **not** being sued in her personal **or** her official capacity as a Member of Congress.

46. Defendant Chip Forrester is an individual currently serving as the Chairman of the Tennessee Democratic Party. Defendant Forrester is named as an individual defendant in this complaint only for his private actions taken as a private individual serving as chairman of the Tennessee Democratic Party, a private, non-governmental organization.

## STANDING

47. Plaintiff Dummett is presently and concretely harmed by the actions alleged herein because the appearance of Barrack Obama's name on Tennessee Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Dummett. Therefore, said actions would harm Plaintiff Dummett's ability to win the election to the office of President of the United States.

48. Plaintiff Volodarsky is presently and concretely harmed by the actions alleged herein because the appearance of Barrack Obama's name on Tennessee Ballots for the 2012

general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Volodarsky. Therefore, said actions would harm Plaintiff Volodarsky's ability to win the election to the office of President of the United States.

49. Plaintiff LLF has standing as an association representing its members. An association has standing to bring suit on behalf of its members when: a) any one of its members would otherwise have standing to sue in their own right; b) the interests it seeks to protect are germane to its organization's purpose; and c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. See *Hunt v. Washington State Apple Advertising Cmm'n*, 432 U.S. 333, 342 (1977). Because this lawsuit seeks to enforce the clear language of Article 2 section 1 of the United States Constitution, this lawsuit is in accord with LLF's mission, described above, to resurrect and defend the Constitution of the United States. Plaintiffs Dummett and Volodarsky are members of LLF and have standing as set forth above, therefore LLF has standing because at least one member is directly affected by the defendants' actions. Participation of all LLF members is not required because LLF represents its members' common interests in opposing violations of the U.S. Constitution.

## CLASS ACTION ALLEGATIONS

50. Plaintiffs bring this action on behalf of themselves and at least two classes of persons initially defined as follows:

    1. All FEC-registered candidates for the office of President of the United States of America (the "Class").

2. All persons in the United States of America who object to having a candidate that is clearly not qualified to hold the office of President appear on ballots for the office of President in the general election (the "Class").

51. This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Tennessee Rule of Civil Procedure Rule 23.

52. Numerosity. Members of the Class are so numerous that their individual joinder herein is impracticable. Hundreds of millions of U.S. citizens would be negatively affected by should they be represented by an individual holding the office of President who has divided loyalties to other countries, as was anticipated by the Founding Fathers, leading to the distinction between citizen and "natural-born citizen" as a qualification for the Presidency.

53. Existence and predominance of common questions. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. These common questions include the following: Will the Democratic Party be acting negligently or fraudulently when it represents to the Tennessee Secretary of State that President Obama is qualified to hold the office of President?

54. Typicality. Plaintiffs' claims are typical of the claims of the Class, because, among other things, all Plaintiffs object to having an individual hold the office of President that is not qualified to do so.

55. Adequacy. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs have retained counsel competent in complex class action litigation, and

Plaintiffs intend to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

56. Superiority. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against the Defendants economically feasible. Even if Class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing myriad actions arising from the claims described herein, individualized litigation presents a potential for inconsistent or contradictory judgments, individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

57. In the alternative, the Class may be certified because:

    a. the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

    b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the

adjudications, or substantially impair or impede their ability to protect their interests; and

c.   Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

### FIRST CAUSE OF ACTION
#### (Negligent Misrepresentation)

58. Plaintiffs reallege paragraphs 1-57 of this Complaint as if set forth verbatim herein.

59. The Democratic Party will nominate Mr. Obama as its nominee for the office of President of the United States for the 2012 general election.

60. The Democratic Party will send documents to the Tennessee Secretary of State announcing that Mr. Obama is its Presidential nominee for the 2012 general election and falsely representing that he is qualified to hold the office of President.

61. Said document will be signed by Defendant Schultz.

62. Said representations will be based in part on representations made by Defendant Forrester.

63. By asserting that Mr. Obama is qualified to hold the office of President Defendant Democratic Party, Defendant Schultz, Defendant Forrester, and any other agent of said Defendants contributing to said assertion, will fail to exercise reasonable care, diligence, or expertise.

64. Upon receipt of said document, and in reliance upon the false representations made by the Democratic Party and its agents in said document, the Tennessee Secretary of

State will be required to have Mr. Obama's name placed on ballots in all counties in Tennessee for the office of President of the United States.

65. The Tennessee Secretary of State's reliance upon the false assertions of Defendant Democratic Party and its agents would be justified.

66. Absent the requested injunctive relief, Plaintiffs Dummett and Volodarsky will be irreparably harmed because the appearance Mr. Obama's name on Tennessee Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Dummett and Mr. Volodarsky.

67. Absent the requested injunctive relief, LLF will be irreparably harmed because Plaintiff Mr. Dummett and Mr. Volodarsky are members of LLF, and also because all LLF members would be harmed because all branches of government at the state and federal level will have failed to uphold the mandates of the U.S. Constitution.

68. Therefore the Plaintiffs are entitled to injunctive relief and declaratory relief to prevent irreparable harm and future violations of their rights and the rights of others.

## SECOND CAUSE OF ACTION
### (Fraud/Intentional Misrepresentation)

69. Plaintiffs reallege paragraphs 1-68 of this Complaint as if set forth verbatim herein.

70. Through the instant lawsuit and service of the instant complaint upon the named Defendants, all said Defendants have knowledge of the facts and evidence set forth herein. Therefore, the actions planned by said Defendants, also as set forth herein, would constitute intentional misrepresentation.

71. Therefore the Plaintiffs are entitled to injunctive relief and declaratory relief to prevent irreparable harm and future violations of their rights and the rights of others.

## RELIEF REQUESTED

**WHEREFORE**, plaintiffs respectfully request that this Court,

1) declare that with the current facts in evidence any representation by the Defendants that Mr. Obama is qualified to hold the office of President of the United States would constitute negligence or fraud; and

2) issue an order granting temporary and permanent injunctive relief, including directives prohibiting the Defendants from issuing any letters, certificates, or other document to the Secretary of State of Tennessee, any agent thereof, or any other official of the State of Tennessee, indicating that Mr. Obama is qualified to hold the office of President or that the Democratic Party has selected Mr. Obama as its Presidential candidate, or requesting that the State of Tennessee place the name of Mr. Obama on any ballot for the office of President of the United States for the 2012 general election; and

3) retain jurisdiction of this action to ensure compliance with this Court's decrees; and

4) an order directing the Defendants to pay expenses and costs associated with the maintenance of this action; and

5) an order directing Defendants to pay reasonable attorney's fees of the Plaintiffs; and

6) all such further relief as the Court may deem equitable, just, and proper.

Dated: 10/25/11

_____

Van Irion
Liberty Legal Foundation
9040 Executive Park Drive, Ste. 200
Knoxville, TN 37923
Attorney for the Plaintiffs
(423) 208-9953

# Exhibit B

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

## CHANCERY COURT FOR THE STATE OF TENNESSEE
## IN THE COUNTY OF SHELBY

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

     Plaintiffs

     v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEMOCRATIC NATIONAL COMMITTEE;
TENNESSEE DEMOCRATIC PARTY;
DEBBIE WASSERMAN SCHULTZ;
CHIP FORRESTER,

     Defendants

CASE NO: CH-11-1757-3

Judge:

## FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Liberty Legal Foundation, John Dummett, Leonard Volodarsky and Creg Maroney on behalf of themselves and all others similarly situated, by and through their undersigned counsel Van Irion, bring this Complaint for declaratory and injunctive relief against the National Democratic Party of the USA Incorporated (hereinafter "Democratic Party" or "the Party"), the Democratic National Committee (hereinafter "DNC"), the Tennessee Democratic Party, Debbie Wasserman Schultz as the Chairman of the DNC, and Chip Forrester as Chairman

1 of 19

of the Tennessee Democratic Party, and in support thereof allege the following upon information and belief.

## NATURE OF THE ACTION

1. Tennessee election codes and procedures currently leave Tennessee election officials dependent upon accurate and truthful representations from political parties regarding the qualifications of candidates to hold office. Specifically, the Tennessee Secretary of State depends upon truthful representations by the Democratic Party that the individual selected by the Party as its candidate for the office of President of the United States is constitutionally qualified to hold said office. When the Tennessee Secretary of State receives a document from the Democratic Party identifying the Party's candidate for President, the Secretary of State is compelled to have that candidate's name placed on ballots in all Tennessee counties. It is well established that the function of the Secretary of State in this capacity is ministerial; meaning that the Secretary has no authority to refuse once the Democratic Party has delivered the required documents. Because the Secretary of State has no authority to scrutinize the candidate's qualifications to hold office, this procedure leaves the Secretary of State, any opposing candidates, and all citizens of Tennessee completely dependent upon a truthful and accurate representation from the Democratic Party that their candidate is qualified to hold the office of President of the United States. This is why all documentation sent to the Tennessee Secretary of State prior to 2008 identifying the

Democrat Party's candidate for President always included an explicit representation that said candidate was qualified to hold the office of President of the United States.[1]

2. This Complaint does not request or require this Court to find that President Obama is not qualified to hold the office of President of the United States. Instead, this complaint simply asserts that sufficient evidence exists to make any reasonable person doubt, in light of the evidence, that Barack Obama is a "natural-born citizen." Since any reasonable person with knowledge of the evidence would doubt Mr. Obama's Constitutional qualifications, any representation by the Democratic Party certifying said qualifications would be negligent, absent further evidence verifying Mr. Obama's natural-born status.[2]

3. This Complaint does not request any injunction against any State or Federal government official. Instead, this complaint asserts that the private entity, Defendant Democratic Party, intends to act negligently or fraudulently in a manner that will cause irreparable harm to the Plaintiffs, to the State of Tennessee, and to the citizens of Tennessee.

4. Volumes of evidence, including admissions of Mr. Obama himself and conclusions of the U.S. State Department, have recently become available making it likely that Mr. Obama is not qualified to hold the office of President of the United States. Facts supported by said evidence are set forth below. Such evidence is sufficiently

---

[1] In 2008 the Democratic Party's document did not include such an explicit representation; however, the Party's organizational rules prohibit it from nominating a candidate that is not qualified for the office of nomination. Therefore, the representation was implicit.

[2] Hereinafter this Complaint will refer to President Obama, also known as Barack Hussein Obama Jr., Barack Obama II, and Barry Soetoro, as "Mr. Obama." This reference is not intended to be disrespectful to the office of the President or to the individual Barack Obama. It is used only to identify the individual, separate from the office, and to simplify communication for purposes of this Complaint.

overwhelming that any representation by the Democratic Party to any Tennessee official asserting, implying, or assuming that Mr. Obama is qualified to hold the office of President would represent gross negligence or intentional misrepresentation. Because such a misrepresentation would cause irreparable harm to the Plaintiffs, they request an injunction prohibiting the Democratic Party from making such representation absent a showing of evidence to this Court sufficient to prove that said representation is not negligent.

## ELECTION BY POPULAR VOTE DOES NOT NEGATE CONSTITUTIONALLY MANDATED QUALIFICATIONS

5.  Many Americans, including some judges, have incorrectly concluded that the voters are the final arbiters of whether an individual is qualified to hold office. This is simply not correct. America is a Constitutional Republic, not a democracy without a constitution. The Constitution is an anti-majoritarian document; meaning that it protects individuals from invasions and usurpations of the majority. Such rights are protected regardless of the majority's desire to violate them. Without such protections any law enacted by Congress would be valid, even if it denied an individual their right to life, liberty, or property. Without the anti-majoritarian protection of the Constitution, Congress could legalize the killing of all Jews, for example, as was done in World War II Germany. Constitutional requirements are absolute, and must be followed regardless of how popular or unpopular such requirements may be, because they are in place to protect the minority.

6.  Therefore, any judge-derived doctrine that limits this Court's authority to enjoin the Defendants based upon so-called democratic considerations, such as the "political

question" doctrine, ignores the anti-majoritarian nature of the Constitution and negates the purpose of the Constitution. Such doctrines are logically unsupportable and unconstitutional on their face. Such doctrines violate the supreme law of the land.

## FACTS SUPPORTING MISREPRESENTATION

### A. Defendants' Intention to Represent Facts

7. The Democratic Party intends to nominate Mr. Obama as their nominee for the office of President of the United States for the 2012 general election.

8. The Democratic Party intends to send documents to the Tennessee Secretary of State announcing that Mr. Obama is its Presidential nominee for the 2012 general election and representing that he is qualified to hold the office of President.

### B. Falseness of Facts

**Not "Natural-Born" Regardless of Place of Birth Due to Father's British Citizenship**

9. Mr. Obama's father was not an American citizen at the time of Mr. Obama's birth. Mr. Obama has admitted this fact. The United States State Department has also admitted this fact.

10. The Constitution of the United States mandates "No person except a natural born citizen, or a citizen of the United States at the time of the adoption of this Constitution, shall be eligible to the office of President." Art. II sec. 1.

11. The United States Supreme Court defined "natural-born citizens" as "all children born in a country of parents who were its citizens." See *Minor v. Happersett*, 88 U.S.

162 (1875). The same opinion distinguished all other citizens from natural born citizens.

12. Because Mr. Obama's father was not a citizen of the United States at the time of Mr. Obama's birth, Mr. Obama is not a "natural-born citizen" as is required by the Constitution and defined by the Supreme Court. Therefore, he is not qualified to be placed on any Tennessee ballot for the office of President in the 2012 general election.

### Mr. Obama's Dual Citizenship

13. The term "natural-born" precludes any person that has held dual citizenship. The United States Supreme Court interpreted the 14th Amendment such that the term "citizen" includes any person born within the jurisdiction of the United States. *United States v. Wong Kim Ark*, 169 U.S. 649 (1898). However, the *Wong Kim Ark* Court specifically did not call such citizens "natural-born," despite making reference to the term, because "natural-born" citizens is a term with a different meaning from "citizen." This is why Constitutional requirements for other federal offices refer to citizens, but the term "natural-born citizen" is reserved for the office of President.

14. Due to his father's non-U.S. citizenship, Mr. Obama was a dual citizen at the time of his birth. Therefore, he is not qualified to hold the office of President of the United States.

### Dual Citizenship Part II, Indonesian Citizen

15. Mr. Obama became a dual U.S./Indonesian citizen.

16. Mr. Obama registered as an Indonesian citizen in order to attend school in Indonesia. This fact is evidenced by a school registration card. Also, at the time Mr. Obama lived in Indonesia and attended school in Indonesia, Indonesian law prohibited such school attendance for non-Indonesian citizens.

### Actively Surrendered U.S. Citizenship In Favor of Indonesian Citizenship

17. Mr. Obama traveled to Pakistan in 1981. This fact has been admitted by Mr. Obama. In 1981 Pakistan did not allow entry to individuals presenting United States passports. Therefore, Mr. Obama could not have traveled to Pakistan in 1981 unless he presented a non-U.S. passport for entry.

18. In 1981 U.S. law prohibited any U.S. citizen from possessing a non-U.S. passport. Therefore, Mr. Obama was not a U.S. citizen in 1981. He was at least 19 years old at the time.

19. As a student at Occidental College Mr. Obama was a recipient of a Fulbright Foundation scholarship that was given only to non-U.S. citizens. Said scholarship application required a statement and documentation proving non-U.S. citizenship of the applicant.

### Fraudulent Social Security Number

20. According to the U.S. Social Security Administration's standard operating procedures, in place since 1973, the social security number claimed by Mr. Obama on his Selective Service Registration should have been issued to an individual from Connecticut between 1977 and 1979. Mr. Obama never visited, nor had any connection with Connecticut between 1977 and 1979. Mr. Obama's first job requiring

a social security number began in 1975. The number being used by Mr. Obama is fraudulent.

21. The U.S. Citizenship and Immigrations Services of the U.S. Department of Homeland Security has an electronic system for employers to verify the authenticity of a potential employee's proffered social security number prior to employment. This system flags social security numbers that are likely to be fraudulent. This system is referred to as E-Verify.

22. When the social security number used by Mr. Obama to register with the Selective Service is entered into the E-Verify system, along with Mr. Obama's name and birth date, the system flags the number as "Notice of mismatch with Social Security Administration (SSA) records." In other words, the person currently employed as President of the United States couldn't get a job as a burger-flipper at McDonalds because the social security number he used to register for the selective service appears to be fraudulent.

23. Volumes of other evidence exist supporting the reasonable conclusion that Mr. Obama is not qualified to hold the office of President of the United States.

## JURISDICTION & VENUE

24. The Court has jurisdiction pursuant to T.C.A. §§16-11-101, 16-11-102, and 16-11-114.

25. Venue is proper in this Court pursuant to T.C.A. §20-4-104.

## REPRESENTATIVE PLAINTIFFS

**A.  Liberty Legal Foundation**

26. Plaintiff Liberty Legal Foundation (hereinafter "LLF") falls under the definition of a 501(c) 3 charitable organization. Its primary goal is the defense of basic human rights. Its stated mission is to "Strategically challenge flawed court precedent to restore the Constitution and individual liberties."

27. At least one member of Liberty Legal Foundation is currently a candidate for the office of President of the United States, and is registered with the Federal Election Commission as a candidate for said office.

28. Plaintiff LLF incorporates by reference all of the other allegations of this complaint as fully set forth herein.

**B.  John Dummett, Presidential Candidate, Member of Liberty Legal Foundation**

29. Plaintiff John Dummett is an individual currently residing in California and a member of LLF.

30. Plaintiff John Dummett hereby incorporates by reference all of the allegations set forth in this complaint as to the defendants' actions and failures to act and he objects to them as a member of LLF.

31. Plaintiff John Dummett is a natural-born citizen and a candidate for the office of President of the United States in the 2012 election for said office, and is registered with the Federal Election Commission for said office in said election.

32. John Dummett will serve as an adequate representative of the Class, All FEC-registered candidates for the office of President of the United States of America, because his interests do not conflict with the interests of the members of the Class and

the interests of the members of the Class will be fairly and adequately protected by John Dummett.

33. Absent this Court's grant of the requested relief, Plaintiff John Dummett will be concretely and continuously harmed as direct and proximate result of the defendant's actions and failures to act, because the appearance of Barrack Obama's name appearing on Tennessee Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Dummett.

**C. Leonard Volodarsky, Presidential Candidate, Member of Liberty Legal Foundation**

34. Plaintiff Leonard Volodarsky is an individual currently residing in New York, and member of LLF.

35. Plaintiff Leonard Volodarsky hereby incorporates by reference all of the allegations set forth in this complaint as to the defendants' actions and failures to act and he objects to them as a member of LLF.

36. Plaintiff Leonard Volodarsky is a candidate for the office of President of the United States in the 2012 election for said office, and is registered with the Federal Election Commission for said office in said election.

37. Leonard Volodarsky will serve as an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class and the interests of the members of the Class will be fairly and adequately protected by Leonard Volodarsky.

38. Absent this Court's grant of the requested relief, Plaintiff Leonard Volodarsky will be concretely and continuously harmed as direct and proximate result of the defendant's actions and failures to act, because the appearance of Barrack Obama's name

appearing on Tennessee Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Volodarsky.

**D.  Creg Maroney, American Citizen, Member of Liberty Legal Foundation**

39. Plaintiff Creg Maroney is a member of LLF.

40.  Plaintiff Creg Maroney hereby incorporates by reference all of the allegations set forth in this complaint as to the defendants' actions and failures to act and he objects to them as a member of LLF.

41. Creg Maroney is a United States Citizen.

42. Creg Maroney will serve as an adequate representative of the Class of all persons in the United States of America who object to having a candidate that is clearly not qualified to hold the office of President appear on ballots for the office of President in the Tennessee general election, because his interests do not conflict with the interests of the members of the Class and the interests of the members of the Class will be fairly and adequately protected by Creg Maroney.

43. Absent this Court's grant of the requested relief, Plaintiff Creg Maroney will be concretely and continuously harmed as direct and proximate result of the defendant's actions and failures to act, because all branches of government at the state and federal level will have failed to uphold the mandates of the U.S. Constitution.

## DEFENDANTS

44. Defendant National Democratic Party is a national political party formed under the laws of the United States. The Democratic Party maintains an office with a Tennessee registered agent located at 3250 Commercial Parkway, suite 3252, Memphis,

Tennessee. The Democratic Party is a private organization. The Democratic Party is not a government entity, nor is it a part of any branch of government. The Democratic Party not subject to Federal or State information disclosure laws. The Democratic Party is not a government-actor in relation to any part of the Federal Constitution.

45. Democratic National Committee (DNC) is a subdivision of the Democratic Party responsible for organizing the national convention, certifying candidates, and other executive and administrative organization of the Democratic Party. The DNC maintains an office at 403 South Capitol Streed SE, Washington, DC 20003. The DNC is a private organization. The DNC is not a government entity, nor is it a part of any branch of government. The DNC not subject to Federal or State information disclosure laws. The DNC is not a government-actor in relation to any part of the Federal Constitution.

46. Tennessee Democratic Party is a state political party formed under the laws of Tennessee. The Democratic Party maintains an office located at 1900 Church Street, suite 203, Nashville, Tennessee, 37203. The Tennessee Democratic Party is a private organization. The Tennessee Democratic Party is not a government entity, nor is it a part of any branch of government. The Tennessee Democratic Party not subject to Federal or State information disclosure laws. The Tennessee Democratic Party is not a government-actor in relation to any part of the Federal Constitution.

47. Defendant Debbie Wasserman Schultz is an individual currently serving as the Chairman of the Democratic Party's Democratic National Committee (DNC). The DNC is a subdivision of the Democrat Party and is primarily responsible for organizing the Democratic Party's national presidential nominating convention.

Defendant Schultz is named as an individual defendant in this complaint only for her private actions taken as a private individual serving as chairman of a private, non-governmental organization, the DNC. No factual allegation, nor legal theory, within this complaint touches upon any act performed by Defendant Schultz in relation to her duties as a U.S. Congressman. Ms. Schultz is **not** being sued in her personal **or** her official capacity as a Member of Congress.

48. Defendant Chip Forrester is an individual currently serving as the Chairman of the Tennessee Democratic Party. Defendant Forrester is named as an individual defendant in this complaint only for his private actions taken as a private individual serving as chairman of the Tennessee Democratic Party, a private, non-governmental organization.

## STANDING

49. Plaintiff Dummett is presently and concretely harmed by the actions alleged herein because the appearance of Barrack Obama's name on Tennessee Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Dummett. Therefore, said actions would harm Plaintiff Dummett's ability to win the election to the office of President of the United States.

50. Plaintiff Volodarsky is presently and concretely harmed by the actions alleged herein because the appearance of Barrack Obama's name on Tennessee Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Volodarsky. Therefore, said actions would harm Plaintiff Volodarsky's ability to win the election to the office of President of the United States.

51. Plaintiff LLF has standing as an association representing its members. An association has standing to bring suit on behalf of its members when: a) any one of its members would otherwise have standing to sue in their own right; b) the interests it seeks to protect are germane to its organization's purpose; and c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. See *Hunt v. Washington State Apple Advertising Cmm'n*, 432 U.S. 333, 342 (1977). Because this lawsuit seeks to enforce the clear language of Article 2 section 1 of the United States Constitution, this lawsuit is in accord with LLF's mission, described above, to resurrect and defend the Constitution of the United States. Plaintiffs Dummett and Volodarsky are members of LLF and have standing as set forth above, therefore LLF has standing because at least one member is directly affected by the defendants' actions. Participation of all LLF members is not required because LLF represents its members' common interests in opposing violations of the U.S. Constitution.

## CLASS ACTION ALLEGATIONS

52. Plaintiffs bring this action on behalf of themselves and at least two classes of persons initially defined as follows:

   1. All FEC-registered candidates for the office of President of the United States of America (the "Class").

   2. All persons in the United States of America who object to having a candidate that is clearly not qualified to hold the office of President appear on ballots for the office of President in the general election (the "Class").

53. This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Tennessee Rule of Civil Procedure Rule 23.

54. Numerosity. Members of the Class are so numerous that their individual joinder herein is impracticable. Hundreds of millions of U.S. citizens would be negatively affected by should they be represented by an individual holding the office of President who has divided loyalties to other countries, as was anticipated by the Founding Fathers, leading to the distinction between citizen and "natural-born citizen" as a qualification for the Presidency.

55. Existence and predominance of common questions. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. These common questions include the following: Will the Democratic Party be acting negligently or fraudulently when it represents to the Tennessee Secretary of State that President Obama is qualified to hold the office of President?

56. Typicality. Plaintiffs' claims are typical of the claims of the Class, because, among other things, all Plaintiffs object to having an individual hold the office of President that is not qualified to do so.

57. Adequacy. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs have retained counsel competent in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

58. Superiority. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against the Defendants economically feasible. Even if Class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing myriad actions arising from the claims described herein, individualized litigation presents a potential for inconsistent or contradictory judgments, individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

59. In the alternative, the Class may be certified because:

   a. the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

   b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.  Defendants have acted or refused to act on grounds generally applicable to the
Class, thereby making appropriate final and injunctive relief with respect to
the members of the Class as a whole.

## FIRST CAUSE OF ACTION
### (Negligent Misrepresentation)

60. Plaintiffs reallege paragraphs 1-59 of this Complaint as if set forth verbatim herein.

61. The Democratic Party will nominate Mr. Obama as its nominee for the office of
President of the United States for the 2012 general election.

62. The Democratic Party will send documents to the Tennessee Secretary of State
announcing that Mr. Obama is its Presidential nominee for the 2012 general election
and falsely representing that he is qualified to hold the office of President.

63. Said document will be signed by Defendant Schultz.

64. Said representations will be based in part on representations made by Defendant
Forrester.

65. By asserting that Mr. Obama is qualified to hold the office of President Defendant
Democratic Party, Defendant Schultz, Defendant Forrester, and any other agent of
said Defendants contributing to said assertion, will fail to exercise reasonable care,
diligence, or expertise.

66. Upon receipt of said document, and in reliance upon the false representations made
by the Democratic Party and its agents in said document, the Tennessee Secretary of
State will be required to have Mr. Obama's name placed on ballots in all counties in
Tennessee for the office of President of the United States.

67. The Tennessee Secretary of State's reliance upon the false assertions of Defendant Democratic Party and its agents would be justified.

68. Absent the requested injunctive relief, Plaintiffs Dummett and Volodarsky will be irreparably harmed because the appearance Mr. Obama's name on Tennessee Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Dummett and Mr. Volodarsky.

69. Absent the requested injunctive relief, LLF will be irreparably harmed because Plaintiff Mr. Dummett and Mr. Volodarsky are members of LLF, and also because all LLF members would be harmed because all branches of government at the state and federal level will have failed to uphold the mandates of the U.S. Constitution.

70. Therefore the Plaintiffs are entitled to injunctive relief and declaratory relief to prevent irreparable harm and future violations of their rights and the rights of others.

## SECOND CAUSE OF ACTION
### (Fraud/Intentional Misrepresentation)

71. Plaintiffs reallege paragraphs 1-70 of this Complaint as if set forth verbatim herein.

72. Through the instant lawsuit and service of the instant complaint upon the named Defendants, all said Defendants have knowledge of the facts and evidence set forth herein. Therefore, the actions planned by said Defendants, also as set forth herein, would constitute intentional misrepresentation.

73. Therefore the Plaintiffs are entitled to injunctive relief and declaratory relief to prevent irreparable harm and future violations of their rights and the rights of others.

## RELIEF REQUESTED

**WHEREFORE,** plaintiffs respectfully request that this Court,

1)  declare that with the current facts in evidence any representation by the Defendants that Mr. Obama is qualified to hold the office of President of the United States would constitute negligence or fraud; and

2)  issue an order granting temporary and permanent injunctive relief, including directives prohibiting the Defendants from issuing any letters, certificates, or other document to the Secretary of State of Tennessee, any agent thereof, or any other official of the State of Tennessee, indicating that Mr. Obama is qualified to hold the office of President or that the Democratic Party has selected Mr. Obama as its Presidential candidate, or requesting that the State of Tennessee place the name of Mr. Obama on any ballot for the office of President of the United States for the 2012 general election; and

3)  retain jurisdiction of this action to ensure compliance with this Court's decrees; and

4)  an order directing the Defendants to pay expenses and costs associated with the maintenance of this action; and

5)  an order directing Defendants to pay reasonable attorney's fees of the Plaintiffs; and

6)  all such further relief as the Court may deem equitable, just, and proper.

Dated: 1/20/12


_____
Van Irion
Liberty Legal Foundation
9040 Executive Park Drive, Ste. 200
Knoxville, TN 37923
Attorney for the Plaintiffs
(423) 208-9953

# Exhibit C

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

**CHANCERY COURT FOR THE STATE OF TENNESSEE
IN THE COUNTY OF SHELBY**

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

      Plaintiffs

                                           CASE NO: CH-11-1757-3

      v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEMOCRATIC NATIONAL COMMITTEE;
TENNESSEE DEMOCRATIC PARTY;
DEBBIE WASSERMAN SCHULTZ;
CHIP FORRESTER,

      Defendants

**<u>NOTICE OF HEARING AND MOTION FOR PRELIMINARY INJUNCTION</u>**

Please take notice that I will appear before the Chancery Court for Shelby County,

Tennessee, on February 24, at 9:00 A.M., at the Shelby County Courthouse in Memphis,

Tennessee, or as soon thereafter as counsel may be heard, for hearing on Plaintiffs' Motion for a

Preliminary injunction. Said motion and brief in support of said motion are enclosed with this

notice.


Respectfully submitted this 20th Day of January 2012,

1 of 9

_(signature)_

_____
Van R. Irion (TN BPR#024519)
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

It is hereby certified that on January 20, 2012, a copy of Plaintiffs' "Notice of Hearing and Motion for Preliminary Injunction" was mailed to the Defendants.

_(signature)_

_____
Van R. Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

## CHANCERY COURT FOR THE STATE OF TENNESSEE
## IN THE COUNTY OF SHELBY

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

     Plaintiffs

                                    CASE NO: CH-11-1757-3

     v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEMOCRATIC NATIONAL COMMITTEE;
TENNESSEE DEMOCRATIC PARTY;
DEBBIE WASSERMAN SCHULTZ;
CHIP FORRESTER,

     Defendants

## MOTION FOR PRELIMINARY INJUNCTION

To the Chancellors of the Chancery Court for the Thirtieth Judicial District, pursuant to

Tennessee rules of civil procedure 7 and 65 the Plaintiffs move this Court for a preliminary

injunction prohibiting the Defendants from issuing any letters, certificates, or other document to

the Tennessee Secretary of State, any agent thereof, or any other official of the state of

Tennessee, indicating that Barack Obama is qualified to hold the office of President or that the

Democratic Party has selected Mr. Obama as its Presidential candidate, or requesting that the

state of Tennessee place the name of Mr. Obama on any ballot for the office of President of the

United States for the 2012 general election. Grounds for this motion, as more fully set forth in the accompanying brief, are that Mr. Obama's father was never a U.S. citizen and that the Supreme Court of the United States has defined "natural born citizen" as a person with both parents being citizens at the time of the natural born citizen's birth, therefore Mr. Obama does not fulfill the requirements of the U.S. Constitution to hold the office of President.

_____
Van R. Irion (TN BPR#024519)
Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

It is hereby certified that on January 20, 2012, a copy of Plaintiffs' "Motion for Preliminary Injunction" was mailed to the Defendants.

_____
Van R. Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

## CHANCERY COURT FOR THE STATE OF TENNESSEE
## IN THE COUNTY OF SHELBY

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

    Plaintiffs

    v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEBBIE WASSERMAN SCHULTZ;
CHIP FORRESTER,

    Defendants

CASE NO: CH-11-1757-3

### BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

    To the Chancellors of the Chancery Court for the Thirtieth Judicial District, the plaintiffs submit this brief in support of their motion for preliminary injunction.

**I.**    **Standard**

    A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Gentry v. McCain*, 329 S.W.3d 786 (Tn. Ct. App. 2010).

**II.     Plaintiffs are Likely to Succeed on the Merits**

It is undisputed that President Obama's father was never a U.S. citizen.[1] This fact has been admitted by Mr. Obama in his book "Dreams From My Father," has been confirmed in statements by the U.S. State Department, and is reflected on the birth certificate published by the White House and claimed by the President as his birth certificate. To Plaintiffs' knowledge Mr. Obama has never denied the fact that his father was not a U.S. Citizen, nor has he ever made any statements contrary to this fact.

The U.S. Supreme Court has defined "natural-born citizens" as "all children born in a country of parents who were its citizens." See *Minor v. Happersett*, 88 U.S. 162, 167 (1875). The Court in *Happersett* did go on to state that other sub-categories of people may or may not be within the broader term "citizen." However, it does so only after specifically identifying the narrower category "natural-born citizens." *Id.* The *Happersett* Court clearly understood and established that "citizen" is a much broader term than "natural-born citizens." Its discussion of "citizen" does not negate or alter its earlier definition of the term "natural-born citizens." *See Id.* at 167-168.

Because it is undisputed that Mr. Obama's father was not a U.S. citizen, Mr. Obama can never be a natural-born citizen, as that term was defined by the U.S. Supreme Court. Therefore, Mr. Obama cannot meet the Constitutional requirements to hold the office of President. *See* U.S. Const. Art. II Section 1.[2]

---

[1] Hereinafter this memorandum will refer to President Obama, also known as Barack Hussein Obama Jr., Barack Obama II, and Barry Soetoro, as "Mr. Obama." This reference is not intended to be disrespectful to the office of the President or to the individual Barack Obama. It is used only to identify the individual, separate from the office, and to simplify communication for purposes of this memo.

[2] Mr. Obama's place of birth is completely irrelevant to this conclusion. This motion makes no assertion regarding Mr. Obama's place of birth.

It is also undisputed that the Defendants intend to nominate Mr. Obama as the Democratic nominee for the office of President of the United States in the 2012 general election. Said nomination requires the Defendants to send documents to the Secretaries of State of all states announcing that Mr. Obama is its Presidential nominee for the Democratic Party in the 2012 general election and representing that he is qualified to hold the office of President.

Because Mr. Obama is not a natural-born citizen, as defined by the Supreme Court, and because the Defendants are aware of all undisputed facts and definitions set forth herein, any representation by the Defendants that Mr. Obama is Constitutionally-qualified to hold the office of President would be negligent misrepresentation or fraud.

### III.   Absent the Requested Relief Plaintiffs will be Irreparably Harmed

Plaintiffs include individuals registered with the Federal Election Commission to run for the office of President in the 2012 election. Absent this Court's grant of the requested relief, said individuals will be irreparably harmed by the Defendants' misrepresentations that Mr. Obama is Constitutionally-qualified to hold the office of President.

Defendants' misrepresentation would cause Mr. Obama's name to appear on ballots for the office of President, despite the fact that Mr. Obama is not Constitutionally-qualified to hold said office. Such an appearance on ballots would reduce the number of votes obtained by Plaintiff-candidates for the same office, and would call into question the validity of such an election.

Because the timing of Presidential elections is critical to the outcome, the harm described could not be corrected by any means.

IV.    **The Balance of Equities Weighs Heavily in Favor of the Plaintiffs**

This motion would require the Defendants to refrain from asserting a fact on behalf of Mr. Obama that is in clear contradiction to Mr. Obama's own assertions. This is not a heavy burden.

On the other side of the balance of equities, allowing the Defendants to make factual misrepresentations to the Tennessee Secretary of State would result in a flawed or invalid U.S. Presidential election. This result would cause irreparable harm to the Plaintiff-candidates and to all Americans.

V.    **Public Interest Supports Granting the Requested Injunction**

The Tennessee Secretary of State performs his duties for the benefit of the citizens of Tennessee. A gross misrepresentation of fact, perpetrated by the Defendants upon the Tennessee Secretary of State would cause profound harm to the public. Such an act amounts to perpetrating a gross misrepresentation upon each and every Tennessee voter. The public interest is obviously served by prohibiting such a clear misrepresentation of fact and preventing a flawed Presidential election to occur.

VI.    **Relief Sought**

The Applicant requests an order prohibiting the Defendants from issuing any letters, certificates, or other document to the Tennessee Secretary of State, any agent thereof, or any other official of any state, indicating that Mr. Obama is qualified to hold the office of President or that the Democratic Party has selected Mr. Obama as its Presidential candidate, or requesting that the state of Tennessee place the name of Mr. Obama on any ballot for the office of President of the United States for the 2012 general election.

Respectfully submitted,

Dated: 1/20/12

_____
Van R. Irion (TN BPR#024519)
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

It is hereby certified that on January 20, 2012, a copy of Plaintiffs' "Brief in Support of Motion for Preliminary Injunction" was mailed to the Defendants.

_____
Van R. Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

# Exhibit D

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

## CHANCERY COURT FOR THE STATE OF TENNESSEE
## IN THE COUNTY OF SHELBY

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

     Plaintiffs

     v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEMOCRATIC NATIONAL COMMITTEE;
TENNESSEE DEMOCRATIC PARTY;
DEBBIE WASSERMAN SCHULTZ;
CHIP FORRESTER,

     Defendants

CASE NO: CH-11-1757-3

## NOTICE OF HEARING AND MOTION FOR DEFAULT JUDGMENT

Please take notice that I will appear before the Chancery Court for Shelby County,

Tennessee, on February 24, at 9:00 A.M., at the Shelby County Courthouse in Memphis,

Tennessee, or as soon thereafter as counsel may be heard, for hearing on Plaintiffs' Motion for a

Default Judgment against Defendant National Democratic Party of the USA. Said motion and

brief in support of said motion are enclosed with this notice.

Respectfully submitted this 20th Day of January 2012,

_Van R. Irion (TN BPR#024519)_
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

It is hereby certified that on January 20, 2012, a copy of Plaintiffs' "Notice of Hearing and Motion for Default Judgment" was mailed to the Defendants.

Van R. Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

## CHANCERY COURT FOR THE STATE OF TENNESSEE
## IN THE COUNTY OF SHELBY

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

      Plaintiffs

           CASE NO: CH-11-1757-3

      v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEMOCRATIC NATIONAL COMMITTEE;
TENNESSEE DEMOCRATIC PARTY;
DEBBIE WASSERMAN SCHULTZ;
CHIP FORRESTER,

      Defendants

## MOTION FOR DEFAULT JUDGMENT

      To the Chancellors of the Chancery Court for the Thirtieth Judicial District, pursuant to

Tennessee rules of civil procedure 55 the Plaintiffs move this Court for a default judgment

against defendant National Democratic Party of the USA.  In support of said motion Plaintiffs

will show that said Defendant was properly served the summons and complaint issued by this

Court pursuant to Tennessee law and that said Defendant failed to timely respond to same.

_____
Van R. Irion (TN BPR#024519)
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

It is hereby certified that on January 20, 2012, a copy of Plaintiffs' "Motion for Default Jugdment" was mailed to the Defendants.

_____
Van R. Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

## CHANCERY COURT FOR THE STATE OF TENNESSEE
## IN THE COUNTY OF SHELBY

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

     Plaintiffs

                             CASE NO: CH-11-1757-3

     v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEMOCRATIC NATIONAL COMMITTEE;
TENNESSEE DEMOCRATIC PARTY;
DEBBIE WASSERMAN SCHULTZ;
CHIP FORRESTER,

     Defendants

## <u>NOTICE OF HEARING AND MOTION FOR DEFAULT JUDGMENT</u>

Please take notice that I will appear before the Chancery Court for Shelby County,

Tennessee, on February 24, at 9:00 A.M., at the Shelby County Courthouse in Memphis,

Tennessee, or as soon thereafter as counsel may be heard, for hearing on Plaintiffs' Motion for a

Default Judgment against Defendant National Democratic Party of the USA. Said motion and

brief in support of said motion are enclosed with this notice.


Respectfully submitted this 20th Day of January 2012,

_____
Van R. Irion (TN BPR#024519)
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

It is hereby certified that on January 20, 2012, a copy of Plaintiffs' "Notice of Hearing and Motion for Default Judgment" was mailed to the Defendants.

_____
Van R. Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

## CHANCERY COURT FOR THE STATE OF TENNESSEE
## IN THE COUNTY OF SHELBY

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

     Plaintiffs

                                          CASE NO: CH-11-1757-3

     v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEMOCRATIC NATIONAL COMMITTEE;
TENNESSEE DEMOCRATIC PARTY;
DEBBIE WASSERMAN SCHULTZ;
CHIP FORRESTER,

     Defendants

## MOTION FOR DEFAULT JUDGMENT

To the Chancellors of the Chancery Court for the Thirtieth Judicial District, pursuant to

Tennessee rules of civil procedure 55 the Plaintiffs move this Court for a default judgment

against defendant National Democratic Party of the USA.  In support of said motion Plaintiffs

will show that said Defendant was properly served the summons and complaint issued by this

Court pursuant to Tennessee law and that said Defendant failed to timely respond to same.

_____
Van R. Irion (TN BPR#024519)
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

It is hereby certified that on January 20, 2012, a copy of Plaintiffs' "Motion for Default Jugdment" was mailed to the Defendants.

_____
Van R. Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs