IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LIBERTY LEGAL FOUNDATION, JOHN DUMMETT, LEONARD VOLODARSKY, CREG MARONEY,<br><br>Plaintiffs,<br>vs.<br><br>NATIONAL DEMOCRATIC PARTY OF THE USA, INC., DEMOCRATIC NATIONAL COMMITTEE, TENNESSEE DEMOCRATIC PARTY, DEBBIE WASSERMAN SCHULTZ, and CHIP FORRESTER,<br><br>Defendants. | Case No. 2:12-cv-02143-cgc<br><br><br>Removal of Case No. CH-11-1757-3 From Chancery Court for the State of Tennessee in Shelby County |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## PURSUANT TO RULE 12(b)(2)

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants, the Democratic National Committee (the "DNC") and Debbie Wasserman Schultz, Chairperson of the DNC ("Wasserman Schultz"), respectfully move this Court to dismiss this case for lack of personal jurisdiction.

### BACKGROUND

On October 26, 2011, the Plaintiffs filed a class action complaint for declaratory and injunctive relief in Shelby County Chancery Court, Case No. CH-11-1757-3, and initially named as parties the National Democratic Party of the USA, Inc. ("NDP USA"), Wasserman Schultz, and Chip Forrester ("Forrester"), Chairperson of the Tennessee Democratic Party ("TNDP"). (*See* Original Complaint.)  At this time, Plaintiffs only served the NDP USA and did not serve either Chairpersons Wasserman Schultz or Forrester.

On January 20, 2012, prior to any party filing an answer, Plaintiffs filed a First Amended Complaint, which is the operative complaint in this case, and added the DNC and TNDP as parties. The DNC's principal place of business is in Washington, DC and Defendant Wasserman Schultz is sued in her capacity as Chairperson of the DNC, not in her personal capacity as a private citizen or member of Congress. (Amended Complaint ¶¶ 45, 47.)  Neither of these Defendants reside in this district. (Amended Complaint ¶¶ 45, 47.)

## STANDARD OF REVIEW

Defendants move this Court to dismiss this case under Rule 12(b)(2) (lack of personal jurisdiction). In determining whether to grant a dismissal under Rule 12(b)(2), the Plaintiffs' burden is to make a prima facie showing that personal jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991). The Court views the pleadings and submissions in a light most favorable to the plaintiff and views any disputed facts in plaintiff's favor. *Id.*; s*ee also Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008).

## ARGUMENT

The DNC and Wasserman Schultz are out-of-state Defendants and Plaintiffs have failed to show in their Amended Complaint that the DNC and Wasserman Schultz are amendable to suit in this district. (Amended Complaint ¶¶ 45, 47.)

Personal jurisdiction over an out-of-state defendant arises when the defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal citations omitted); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Fundamentally, the defendant must have conducted itself in such a way that it could reasonably anticipate being brought into court in the forum state. *World-wide Volkswagen Corp.*, 444 U.S. at 297; *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904

(6th Cir. 2006). Depending on the type of minimum contacts in a case, personal jurisdiction can either be said to be general or specific. *Air Prods. and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007); *Reynolds v. International Amateur Athletic Fed'n*, 23 F.3d 1110, 1116 (6th Cir. 1994).

General personal jurisdiction requires the defendant to have "continuous and systematic" contacts in the forum state such that the forum court may exercise jurisdiction over the defendant regardless of whether the claim at issue is related to the defendant's activities in the state. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002). Specific personal jurisdiction, on the other hand, is based on the defendant's contacts with the forum state as those contacts arise from the claims brought by the plaintiff. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985); *Neogen Corp.*, 282 F.3d at 888.

Specific personal jurisdiction over a nonresident defendant exists only to the extent permitted by the state's long-arm statute and by the due process clause of the United States Constitution. *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 477 (6th Cir. 2003). Tennessee's long-arm statute permits personal jurisdiction arising from "any basis not inconsistent with the constitution of this state or of the United States," Tenn. Code Ann. § 20-2-214(a)(6), and, thus, functionally serves to extend the court's personal jurisdiction to the limits allowed by the Constitution. *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005).

As a result, the court's personal jurisdiction over the defendant is analyzed within the context of the permissible limits of the due process clause, and the Court employs a three-part test to determine whether the exercise of jurisdiction comports with due process. First, the defendant must purposefully avail himself of the privilege of acting in the forum state; second, the cause of action must arise from the defendant's activities there; and third, the acts of the

247693                                   3

defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable. *Bridgeport Music, Inc.*, 327 F.3d at 477-78; *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001); *LAK, Inc. v. Deer Creek Enterp.*, 885 F.2d 1293, 1299 (6th Cir. 1989).

The plaintiff has the burden of establishing the district court's personal jurisdiction over the defendant. *See Neogen Corp.*, 282 F.3d at 887; *Nationwide Mut'l Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). However, the Plaintiffs here fail to set forth any legal or factual basis that supports a minimal prima facie showing of personal jurisdiction over the DNC and Wasserman Schultz. There is nothing before the Court which shows the purposeful availment of these two Defendants with this forum or which shows that any of the specifically alleged conduct of these two Defendants arose out of any contact with Tennessee, had any consequence within Tennessee, or was sufficient to make the exercise of personal jurisdiction over these two Defendants reasonable. They do not allege that the DNC has taken any specific action in the state of Tennessee and the Plaintiffs do not allege that Wasserman Schultz has ever been in the state of Tennessee.

The Plaintiffs have also not made any allegations showing continuous and systematic contacts of any of these Defendants with Tennessee that would support general personal jurisdiction over them. Plaintiffs do not allege that the DNC has an office or does business in this state, and they do not allege that Wasserman Schultz has a home in this state or regularly visits this state. Indeed, Plaintiffs fail to allege that Wasserman Schultz has ever physically been in this state.

In short, a review of the Amended Complaint reveals that there are simply no facts alleged by the Plaintiffs in this case which support a conclusion that the DNC and Wasserman Schultz had "fair warning" that their conduct toward the Plaintiffs might subject them to the

jurisdiction of a Tennessee court as is required by the Due Process Clause. *See Burger King Corp.*, 471 U.S. at 472.

## CONCLUSION

In light of the foregoing, the DNC and Wasserman Schultz move this Court to dismiss this action against them for lack of personal jurisdiction.

Submitted this 1st day of March, 2012.

                By:   /s/ J. Gerard Stranch, IV
                      J. Gerard Stranch, IV (BPR#023045)
                      Benjamin A. Gastel (BPR#028699)
                      BRANSTETTER, STRANCH
                       & JENNINGS, PLLC
                      227 Second Avenue North, 4th Floor
                      Nashville, TN 37201-1631
                      Telephone: 615/254-8801
                      Facsimile:  615/255-5419
                      gerards@branstetterlaw.com
                      beng@branstetterlaw.com

                      *Counsel for the Democratic National Committee and Debbie Wasserman Schultz*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via US Mail, postage prepaid, on March 1, 2012, upon:

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923

                      /s/   J. Gerard Stranch, IV
                      J. Gerard Stranch, IV