IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LIBERTY LEGAL FOUNDATION, JOHN DUMMETT, LEONARD VOLODARSKY, CREG MARONEY,<br><br>    Plaintiffs,<br>vs.<br><br>NATIONAL DEMOCRATIC PARTY OF THE USA, INC., DEMOCRATIC NATIONAL COMMITTEE, TENNESSEE DEMOCRATIC PARTY, DEBBIE WASSERMAN SCHULTZ, and CHIP FORRESTER,<br><br>    Defendants. | Case No.  2:12-cv-02143-cgc<br><br><br>Removal of Case No. CH-11-1757-3 From Chancery Court for the State of Tennessee in Shelby County |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO RULE 12(b)(3) ALTERNAVITVELY TO TRANSFER VENUE**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1404(a), Defendant Chip Forrester ("Defendant" or "Forrester") respectfully moves this Court to dismiss this case for improper venue or alternatively transfer this case to the United States District Court, Middle District of Tennessee.

**INTRODUCTION**

Venue does not lie in this district because none of the real parties in interest in this case are located in this district and none of the events giving rise to this action occurred or will occur in this district.

The National Democratic Party of the USA, Inc. is the only Defendant in this action located in this district. However, this entity, an apparent sham organization possibly related to the Shelby County Republican Party, is not responsible for the acts complained of in this lawsuit.

247722                                                          1

The Tennessee Democratic Party (the "TNDP") is wholly responsible for the acts complained of in the Amended Complaint.

The TNDP is located in Davidson County and the Tennessee Secretary of State Division of Elections ("TN Secretary of State"), the entity which the TNDP communicates with to identify the Democratic Party's nominee for President of the United States, is also located in Davidson County, Tennessee.

Accordingly, venue is not proper in this jurisdiction and the case must be dismissed. Alternatively, the Court may transfer this case to the United States District Court, Middle District of Tennessee.

## BACKGROUND

On October 26, 2011, the Plaintiffs filed a class action complaint for declaratory and injunctive relief in Shelby County Chancery Court, Case No. CH-11-1757-3, and initially named as parties the National Democratic Party of the USA, Inc. ("NDP USA"), Debbie Wasserman Schultz ("Wasserman Schultz") (Chairperson of the Democratic National Committee) ("the DNC"), and Chip Forrester (Chairperson of the TNDP). (*See* Original Complaint.)

On January 20, 2012, prior to any party filing an answer, Plaintiffs filed a First Amended Complaint, which is the operative complaint in this case, and added the DNC and TNDP as parties. The DNC's principal place of business is in Washington, DC and Defendant Wasserman Schultz is sued in her capacity as Chairperson of the DNC, not in her personal capacity as a private citizen or member of Congress. (Amended Complaint ¶¶ 45, 47.) She is not alleged to be a resident of this district and in fact is a Congresswoman representing the 20th Congressional District of Florida. All other Defendants, including NDP USA, the TNDP, and Defendant Forrester are residents of this state or have their principal place of business in this state, but only NDP USA resides in this district. (Amended Complaint ¶¶ 44, 46, 48.) Both Forrester and the

TNDP reside, for purposes of establishing venue, in Davidson County, Tennessee. (Declaration of Chip Forrester, ¶¶ 3-4 (the "Forrester Decl.").)[1]

The Amended Complaint's sole purpose is to prevent President Obama's name from appearing on the ballot in the state of Tennessee. (Amended Complaint ¶¶ 1, 4.) The Amended Complaint alleges that President Obama is not a natural born citizen and is therefore not constitutionally qualified to hold the office of President of the United States of America and therefore his name should not appear on the ballot in Tennessee. (Amended Complaint ¶ 1.) To achieve the unprecedented relief sought, the Amended Complaint does not seek to enjoin the actions of state or federal election officials, but rather seeks to enjoin the Defendants from filing relevant documents with the TN Secretary of State identifying President Obama as the democratic candidate for the Office of the Presidency in the upcoming Election. (Amended Complaint ¶¶ 4, 7-8.)

Plaintiffs assert two causes of action:

1. <u>Negligent Misrepresentation</u>: Alleging that the Defendants will fail to exercise reasonable care, diligence, or expertise in submitting President Obama's name as the Democratic Party nominee for the position of President of the United States to the TN Secretary of State. (Amended Complaint ¶¶ 60-70.); and

2. <u>Fraud/Intentional Misrepresentation</u>: Alleging that because Defendants have knowledge of President Obama's lack of qualifications to hold the office of President by virtue of being served with this lawsuit, that the Defendants will engage in intentional misrepresentation by submitting President Obama's name as the Democratic Party nominee for the position of President of the United States to the TN Secretary of State. (Amended Complaint ¶¶ 71-73.)

Plaintiffs seek a declaration that any representation by the Defendants that President Obama is qualified to hold the office of the President of the United States would constitute

---

[1] This declaration is filed contemporaneously herewith and attached as Exhibit A. Declarations in support of motions to dismiss under Rule 12(b)(3) are permitted. *See e.g.* Maher v. Staub, Case No., 09-8646, 2010 U.S. Dist. LEXIS 8412 (N.D. Cal.) ("The Court is permitted to consider facts outside of the pleading. Facts supporting venue may be shown by declaration, affidavit, oral testimony, or other evidence.") (Internal citations and quotations omitted.)

negligence or fraud and Plaintiffs seek an injunction preventing the Defendants from issuing any letters, certificates, or other documents to the TN Secretary of State indicating that President Obama is the TNDP's nominee for the Election. (Amended Complaint at Prayer for Relief ¶¶ 1-2.)

However, the TNDP is the party responsible for submitting a name to the TN Secretary of State, which is located in Davidson County, Tennessee, identifying the Democratic Party's nominee for President of the United States. (Forrester Aff. ¶ 5.)

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss an action where venue in that court is improper. Fed. R. Civ. P. 12(b)(3). Once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue. *See Cohen v. Newsweek*, Inc., 312 F.2d 76, 78 (8th Cir. 1963) (district court properly held that plaintiff-appellant had the burden of establishing venue).

As jurisdiction in this case is not founded solely on diversity of citizenship, the venue provisions of 28 U.S.C. § 1391(b) govern. Under this section, a case may be brought in the district where any defendant resides, the district where the claim arose, or the district where any defendant may be found. 28 U.S.C. § 1391(b).

Unlike a Rule 12(b)(6) motion, a motion under Rule 12(b)(3) does not require that the pleadings be accepted as true, and therefore, the Court may consider matters outside the pleadings in ruling on a Rule 12(b)(3) motion. *See Argueta v. Banco Mexicano*, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

**ARGUMENT**

Plaintiffs have failed to demonstrate in the Amended Complaint that venue is appropriate in this district and therefore the case should be dismissed. Alternatively, the case should be transferred to the United States District Court for the Middle District of Tennessee.

I. **Venue Is Not Proper In This Jurisdiction And The Case Must Be Dismissed Under Rule 12(b)(3)**

Only the TNDP is responsible for the actions complained of, and the TNDP is the only proper party to this suit. The NDC USA, however, is the only defendant residing in this district and therefore venue is not proper here based on where the Defendant resides. Moreover, the claim, which is based on yet-to-be-made representations to the TN Secretary of State, does not arise in this district because those representations will be made in Davidson County, Tennessee. Accordingly, venue is not proper in this jurisdiction and the Court should dismiss this action or transfer the case to the Middle District of Tennessee.

Under Tenn. Code Ann. § 2-5-201, the TNDP is solely responsible for submitting the name of the Democratic Party nominee to the TN Secretary of State. Specifically, Tenn. Code Ann. § 2-5-201 requires that a person's name be shown on a ballot as the nominee of a political party only if it is submitted by a "statewide political party." In other words, the TNDP, as the state party of the Democratic Party, is solely and exclusively responsible for identifying the Democratic Party nominee for any statewide race. *See* Tenn. Code Ann. § 2-5-201. In the past, the TNDP is the party that communicates with the TN Secretary of State regarding the Democratic Party's nominee for President of the United States, and no other Defendant, especially the NDC USA, are responsible for submitting that name. (Forrester Decl. ¶ 5.) Therefore, venue is not proper under 28 U.S.C. § 1391(b)(1).

Moreover, the TNDP is located in Davidson County, Tennessee and this dispute concerns representations that will be made to the TN Secretary of State, which is also located in Davidson County. (Forrester Decl. ¶¶ 4-5.) None of the Plaintiffs reside in this forum. (Amended Complaint ¶¶ 26-43.) The representations complained of will not be made in this district, but rather will be made in Davidson County, Tennessee. (Forrester Decl. ¶ 5.) Therefore, venue is not proper under 28 U.S.C. § 1391(b)(2).

Finally, since this case could have been brought, for the reasons stated above, in the United States District Court, Middle District of Tennessee, 28 U.S.C. § 1391(b)(3) does not apply.

Given that venue is not proper in this district, the case should be dismissed pursuant to Rule 12(b)(3).

## II. Alternatively, The Case Should Be Transferred To The United States District Court For The Middle District Of Tennessee

As explained above, venue is not proper in this case, and therefore, at a minimum the case should be transferred to the proper venue.

28 U.S.C. § 1404(a) provides that "[for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In considering a motion to change venue under § 1404(a), "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). Such factors to be considered are:

> "(1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of sources of proof; (4) the

247722                                6

> location of the events that gave rise to the dispute; (5) systemic integrity and fairness; and (6) the plaintiff's choice of forum."

*Stewart v. Am. Eagle Airlines, Inc.,* Case No. 10-00494, 2010 U.S. Dist. LEXIS 117308, at *5 (M.D. Tenn. Nov. 3, 2010); *see also Smith v. Kyphon, Inc.,* 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008) (citing *Campbell v. Hilton Hotels Corp.,* 611 F. Supp. 155, 157 (E.D. Mich. 1985) (quoting *Schneider v. Sears*, 265 F. Supp. 257, 263 (S.D.N.Y. 1967)); *see also Big G Express, Inc. v. Leviton Mfg. Co.,* Civil Action No. 08-0318, 2008 U.S. Dist. LEXIS 45390, at *2 (M.D. Tenn. June 10, 2008).

Public interest factors include: "the local interest in deciding local controversies at home; and the familiarity of the forum with the law that will govern the case." *Oakley v. Remy International, Inc.,* Case No. 09-0107, 2010 U.S. Dist. LEXIS 10821, at *15 (M.D. Tenn. February 5, 2010) (J. Echols); see also *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879-80 (3d Cir. 1995).

None of the above-identified factors weigh in favor of maintaining venue in this district. However, numerous factors weigh in favor of moving this case to Nashville. The TNDP is located in Nashville and this dispute concerns representations that will be made to the Secretary of State, which is also located in Nashville. None of the Plaintiffs reside in this forum. Only LLF is a resident of Tennessee, and LLF is located in Knox County. Nashville is obviously much closer to LLF than this Court. Finally, witnesses that may be called to testify, including the Chairperson of the TNDP, Chip Forrester, lives and works in Nashville, and therefore that forum is much more convenient for him than this one.

Moreover, systemic fairness weighs heavily in favor of transferring this action. This action is only before this Court because of the presence of NDP USA as a Defendant. NDP USA is the only Defendant located in Shelby County and is the sole reason why Plaintiffs were able to

file this action in Shelby County Chancery Court. However, as has already been discussed, Plaintiffs knew or should have known that NDP USA is a sham organization and not in any way affiliated with either the TNDP or the DNC. These types of venue-shopping tactics should not be condoned and the Court would serve the interest of justice by moving this case to the venue where it should have been filed in the first place.

Based on the foregoing, and pursuant to 28 U.S.C. § 1404(a), this Court, if it does not fully grant the motion to dismiss, must transfer venue to the Middle District of Tennessee.

## CONCLUSION

Based on the foregoing, this case should be dismissed for improper venue or alternatively, pursuant to 28 U.S.C. § 1404(a), this Court must transfer venue to the United States District Court for the Middle District of Tennessee.

Submitted this 1st day of March, 2012.

By:  /s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV (BPR#023045)
Benjamin A. Gastel (BPR#028699)
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Telephone: 615/254-8801
Facsimile:  615/255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Counsel for Chip Forrester*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served via US Mail, postage prepaid, on March 1, 2012, upon:

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923

                                        /s/   J. Gerard Stranch, IV
                                        J. Gerard Stranch, IV