UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

    Plaintiffs

v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEMOCRATIC NATIONAL
COMMITTEE;
TENNESSEE DEMOCRATIC PARTY;
DEBBIE WASSERMAN SCHULTZ;
CHIP FORRESTER,

    Defendants

CASE NO: 2:12-cv-02143-cgc

On Notice of Removal of Case
No. CH-11-1757-3 from Chancery
Court for the State of Tennessee in
Shelby County

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

**I.   Standard**

Normally "the party who brings the suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). Simply establishing that federal jurisdiction would have been proper had a plaintiff decided to file in federal court is not enough to support removal to federal court over the objection of a plaintiff. *Id.*, *see also Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1

1

(1983); *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988). This overarching rule is negated *only* where the relief plead for by the plaintiff "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board of California,* 463 U.S. at 27.

After reviewing the *Franchise Tax Board of California* opinion, the *Christianson* Court summarized the rule: a claim supported by alternative theories in the complaint may not form the basis for federal jurisdiction unless federal law is essential to each of those theories. *Christianson,* 486 U.S. at 810; *Citing Franchise Tax Board of California,* 463 U.S. at 26.

While the Court in *Franchise Tax Board* states that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint," it goes on to explain that this is true only where a federal law completely preempts the relief requested under state law. *Id*. at 22. In other words, removal is only proper where preemption completely negates the possibility of a state-law based remedy. *Id*. After discussing an earlier case the *Franchise Tax Board* Court concluded, "*Avco* stands for the proposition that if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id*.,

2

*Discussing Avco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists,* 390 U.S. 557 (1968).

The *Christianson* Court stated the rule applicable to the instant case: "If 'on the face of a well-pleaded complaint there are ... reasons completely unrelated to the provisions and purposes of [federal laws] why the [plaintiff] may or may not be entitled to the relief it seeks,' then the claim does not "arise under" those laws. Therefore, a claim supported by alternative theories in the complaint may not form the basis for federal jurisdiction unless federal law is essential to each of those theories. *Christianson,* 486 U.S. at 810; *quoting Franchise Tax Board,* 463 U.S. at 26.

## II.   Plaintiffs' Complaint States Alternate Theories Not Requiring Federal Law

In the instant case the Plaintiffs' complaint asserts state-law based causes of action, specifically negligent misrepresentation and fraud.  Compl. ¶¶60-73. These causes of action are not "created by federal law." No federal law preempts Plaintiffs claims to negligent misrepresentation or fraud.

Contrary to the Defendants' notice of removal, the Plaintiffs' plea for relief does not "necessarily depend on resolution of a substantial question of federal law." It is true that *one* theory asserted by Plaintiffs requires reliance upon Supreme Court precedent defining the term "natural born citizen" as that term is

used in Article II of the U.S. Constitution. However, the Plaintiff's complaint explicitly asserts alternate theories that support their claims of negligent misrepresentation and fraud. Compl. ¶¶17-23.

Specifically, Plaintiffs' complaint alleges that Mr. Obama is not a citizen because he voluntarily relinquished his U.S. citizenship as an adult. Compl. ¶¶17-19. Plaintiffs' complaint also alleges that Mr. Obama is not who he says he is and that the Defendants cannot confirm Mr. Obama's true identity. Under either of these theories, if proven, the Defendants would be guilty of negligent misrepresentation when they certify to the Tennessee Secretary of State that Mr. Obama is qualified to serve as President. Neither of these theories require an interpretation of federal law or the U.S. Constitution because certifying that a non-citizen or an individual whose identity is completely unknown is qualified to be President would plainly amount to negligence, at a minimum.

Because the causes of action of negligence and fraud are not "created by federal law" and are not preempted by federal law, and because the Plaintiffs properly plead alternate theories of relief do not "necessarily depend on resolution of a substantial question of federal law," removal of the instant case was improper. *Franchise Tax Board of California,* 463 U.S. 1; *Christianson*, 486 U.S. 800.

### III. Conclusion

For the reasons set forth above, the Plaintiffs respectfully request that this Court remand the above-named case to the Chancery Court for the State of Tennessee in Shelby County.

Respectfully submitted this 14th Day of March, 2012, by:

                                      s/Van R. Irion_____
                                      Van R. Irion
                                      TN BPR No. 024519
                                      Liberty Legal Foundation
                                      9040 Executive Park Dr., Ste. 200
                                      Knoxville, TN 37923
                                      (423) 208-9953
                                      van@libertylegalfoundation.org
                                      Attorney for Plaintiffs

### CERTIFICATE REGARDING CONSULTATION

Pursuant to this Court's Local Rule 7.2(a)(1)(B), counsel for the Plaintiffs hereby certifies that upon consultation with opposing counsel, accord could not be reached regarding the instant motion. Said consultation was made with attorneys Ben Gastel and Gerard Stranch via e-mail on March 5 and 6, 2012.

                                       s/Van R. Irion_____
                                      Van R. Irion
                                      TN BPR No. 024519
                                      Liberty Legal Foundation
                                      9040 Executive Park Drive, Ste. 200
                                      (423) 208-9953
                                      van@libertylegalfoundation.com
                                      Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

      It is hereby certified that on March 14, 2012, a copy of "Plaintiffs' Memorandum of Law in Support of Motion to Remand" was filed electronically. A copy of this motion will be served upon the Defendants through the Court's electronic filing system.

                                      _s/Van R. Irion_____
                                      Van R. Irion
                                      TN BPR No. 024519
                                      Liberty Legal Foundation
                                      9040 Executive Park Drive, Ste. 200
                                      (423) 208-9953
                                      van@libertylegalfoundation.com
                                      Attorney for Plaintiffs