IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LIBERTY LEGAL FOUNDATION, JOHN DUMMETT, LEONARD VOLODARSKY, CREG MARONEY, <br><br> Plaintiffs, <br> vs. <br><br> NATIONAL DEMOCRATIC PARTY OF THE USA, INC., DEMOCRATIC NATIONAL COMMITTEE, TENNESSEE DEMOCRATIC PARTY, DEBBIE WASSERMAN SCHULTZ, and CHIP FORRESTER, <br><br> Defendants. | Case No. 2:12-cv-02143-cgc <br><br> Removal of Case No. CH-11-1757-3 From Chancery Court for the State of Tennessee in Shelby County |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Defendants the Democratic National Committee, Tennessee Democratic Party, Debbie Wasserman Schultz, and Chip Forrester (collectively the "Defendants") file this Memorandum in Opposition to Plaintiffs' Motion to Remand. On March 14, 2012, Plaintiffs Liberty Legal Foundation, John Dummett, Leonard Volodarsky and Creg Maroney (collectively the "Plaintiffs") filed a Motion to Extend Time (Dkt No. 14, the "Motion to Extend") and a related Memorandum of Law in support thereof (Dkt. No. 15, the "Memo."). For the reasons stated below, Plaintiffs' Motion to Extend must be denied.

### INTRODUCTION

The Motion to Extend seeks to delay Plaintiffs' filing of a response to the three motions to dismiss filed by Defendants on March 1, 2012 until this Court rules on Plaintiffs' Motion to Remand (dkt. no. 12 the "Remand Motion"). Effectively, then, the Motion to Extend seeks to

249228                                  1

stay this action until the Court rules on the Remand Motion. Such a strategy would only unnecessarily delay this proceeding to the detriment of Defendants while providing Plaintiffs with no substantive relief. Accordingly, the Motion to Extend must be denied.

## ARGUMENT

Although Plaintiffs style their Motion to Extend as a motion to extend time, Plaintiffs effectively ask the Court to stay this proceeding pending resolution of the Motion to Remand. Accordingly, Defendants will analyze the Motion to Extend as if it were a motion to stay.

"A district court has the inherent power to stay its proceedings." *Esperson v. Trugreen Ltd. P'ship*, Case No. 10-2130, 2010 U.S. Dist. LEXIS 64637, *4 (J. Anderson) (W.D. TN 2010). "This power is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*. (internal quotations omitted). "This is best accomplished by the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 4-5 (internal quotations omitted).

"When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequality to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by the stay." *Id*. at 5. A review of these factors shows a stay is not warranted here.

Defendants will suffer prejudice by granting a stay. A stay at this point will only unnecessarily delay these proceedings, especially given the lack of merit in Plaintiffs' request to remand this case to state court for lack of federal question jurisdiction. Obviously whether President Obama satisfies Article II's requirements to hold the office of President of the United States raises a federal question rendering Plaintiffs' Remand Motion utterly meritless. Moreover, because Plaintiffs seek to keep President Obama's name off of the Tennessee ballot

249228 2

for the November 2012 presidential election, any unnecessary delay will hinder Defendants ability to properly plan and operate an election campaign in this state. The quicker these types of meritless ballot challenges are resolved, the quicker that Defendants can continue unabated with planning for the November 2012 election. Accordingly, it is imperative for Defendants that the Court moves forward with this litigation with all haste.

On the other hand, Plaintiffs will suffer no prejudice by denying a stay. First, given that the Remand Motion has no merit, a stay pending resolution of that motion only delays the time for Plaintiffs to respond to Defendants' motions to dismiss. Even if this Court grants the Remand Motion, which it should not given its lack of merit, this will have no substantive impact on the arguments Defendants make in support of their motions to dismiss. Defendant will simply refile these in state court, and Plaintiffs presumably may do the same with their responses thereto. Therefore, the Remand Motion has no bearing on whether the Plaintiffs will do more or less work in this litigation as Plaintiffs will have to file a response to Defendants' motions to dismiss, regardless of which forum is charged with ultimately determining those motions.

Finally, judicial resources will not be conserved by a stay. The filing of Plaintiffs' responses to Defendants' motions to dismiss will not impact the resources of this Court. Indeed, denying the Motion to Extend would effectively allow this Court to rule on both the Remand Motion and the Motions to Dismiss concurrently, preserving judicial resources and enhancing judicial economy. Moreover, the interests of justice strongly favor a quick resolution of any case challenging whether a given candidate can appear on a ballot. Inherent in a fully functioning democracy is a well-run election process, which requires that ballot challenges like the ones lodged by Plaintiffs here be resolved as quickly as possible.

## **CONCLUSION**

Based on the foregoing, this Court must deny the Motion to Extend should be denied, and the Court should require Plaintiffs to immediately file a response to the Defendants' motions to dismiss filed on March 1, 2012.

Submitted this 2nd day of April, 2012.

By: /s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV (BPR#023045)
Benjamin A. Gastel (BPR#028699)
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Telephone: 615/254-8801
Facsimile: 615/255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Counsel for the Democratic National Party, the Tennessee Democratic Party, Debbie Wasserman-Schultz and Chip Forrester*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served via US Mail, postage prepaid, on April 2, 2012, upon:

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV
