## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| LIBERTY LEGAL FOUNDATION,<br>JOHN DUMMETT,<br>LEONARD VOLODARSKY, and<br>CREG MARONEY,<br><br>       Plaintiffs,<br><br>v.<br><br>NATIONAL DEMOCRATIC PARTY<br>of the USA, Inc., DEMOCRATIC<br>NATIONAL COMMITTEE,<br>TENNESSEE DEMOCRATIC PARTY,<br>DEBBIE WASSERMAN SCHULTZ,<br>CHIP FORRESTER,<br><br>       Defendants. | No. 12-2143-STA |

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

Before the Court is Plaintiffs Liberty Legal Foundation, John Dummett, Leonard Volodarsky, and Creg Maroney's Motion to Remand (D.E. # 12,13) filed on March 14, 2012. Defendants Democratic National Committee, Tennessee Democratic Party, Debbie Wasserman Schultz, and Chip Forrester have filed a response in opposition.[1] For the reasons set forth below, the Motion is **DENIED**.

---

[1] Defendants have argued in other filings with the Court that Defendant National Democratic Party of the USA, Inc. is not a proper party to this action and is perhaps a "sham" organization contrived to obtain venue in Shelby County, Tennessee. *See* Defs.' Mem. in Support Mot. Dismiss 1 n.1 (D.E. # 5). To date this Defendant has not answered or otherwise appeared to defend in this matter.

**BACKGROUND**

Plaintiffs filed their Complaint in the Chancery Court for Shelby County, Tennessee, on October 26, 2011.[2] Plaintiffs allege that Defendants "intend[] to send documents to the Tennessee Secretary of State announcing that [President Barack] Obama is [their] Presidential nominee for the 2012 general election and representing that he is qualified to hold the office of President."  (First Am. Compl. ¶ 8.)  Plaintiffs further allege that these representations are false because President Obama is not a "natural-born citizen" as Article II of the United States Constitution requires for any one who would hold the office of President of the United States.  (*Id.* ¶¶ 9–19.)  Based on these alleged misrepresentations to the Tennessee Secretary of State, Plaintiffs contend that Defendants are liable for negligent misrepresentation and fraud/intentional misrepresentation and that the Court should enjoin them from filing papers which will place President Obama's name on the ballot in Tennessee for election of President of the United States.

On February 23, 2012, Defendants removed Plaintiffs' suit to this Court on the basis of federal question jurisdiction.  According to the Notice of Removal, "[t]he critical question that must be decided in this case is whether President Obama can constitutionally hold the Office of the President of the United States," an issue which Defendants contend arises under federal law.  (Notice of Removal ¶ 6.)  Therefore, Defendants argue that federal question jurisdiction exists in this case and removal to federal court is proper.

---

[2] Plaintiffs filed a First Amended Complaint while this matter was pending before the Shelby County Chancery Court.  For purposes of analyzing the Motion to Remand, the First Amended Complaint is the operative pleading.  *GenTek Bldg. Prods., Inc. v. Sherwin-Williams, Inc.*, 491 F.3d 320, 330 (6th Cir. 2007) ("When ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal.").

2

In their Motion to Remand, Plaintiffs argue that they have alleged alternate theories based on state law, and not federal law.  Plaintiffs' claims for negligent misrepresentation and fraud are not pre-empted by federal law and do not depend on the resolution of a substantial question of federal law.  Plaintiffs concede that one of the alleged misrepresentations, that President Obama is a "natural born citizen," will require this Court to consider United States Supreme Court precedent.  Nevertheless, Plaintiffs contend that their alternate theories about President Obama's qualifications for office, namely, that he surrendered his American citizenship and that he does not possess a valid social security number, do not implicate substantial questions of federal law.  For these reasons, Plaintiffs request that the Court remand the case to state court.

In their response in opposition, Defendants dispute that Plaintiffs' fraud and misrepresentation claims do not turn on a question of federal law.  According to Defendants, this Court must determine whether President Obama meets the qualifications of office set forth in Article II of the Constitution in order to determine whether Defendants have perpetrated a fraud or misrepresented Mr. Obama's qualifications to the Tennessee Secretary of State.  Defendants argue that the well-pleaded complaint rule applies in this case.  Despite the fact that the First Amended Complaint alleges state-law claims (fraud and negligent misrepresentation), Plaintiffs have omitted from their pleadings a necessary federal question, which is the constitutional qualification that any person to hold the office of President must be a natural-born citizen.  Defendants further assert that the matter of President Obama's qualifications for office arises under federal law.  In any event, the Court should hold that Plaintiffs' claims turn on significant federal questions.  Defendants offer one other basis for denying remand, that federal constitutional interpretation should preempt any state law claim involving presidential qualifications.

3

## STANDARD OF REVIEW

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[3]  The removal statute, found at 28 U.S.C. § 1441(b), provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."[4]  A case may "arise under" federal law where (1) the plaintiff's cause of action is created by federal law; (2) the well-pleaded state-law claim has as a necessary element a substantial, disputed question of federal law; or (3) the claim pleaded is in fact one of federal law.[5]  "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[6]

## ANALYSIS

The Court holds that the allegations in this case arise under federal law because Plaintiffs well-pleaded state law claims for fraud and negligent misrepresentation have as a necessary element a substantial, disputed question of federal law.   As such, Defendants' removal of this case to federal court was proper, and Plaintiffs' Motion to Remand must be denied.

The Supreme Court has explained that one variety of cases with "arising under" jurisdiction

---

[3] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[4] 28 U.S.C. § 1441(b).

[5] *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (citations and quotations omitted).

[6] *Williams*, 482 U.S. at 392 (quotation marks omitted); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.,* 463 U.S. 1, 9–10 (1983).

4

are those cases in which state-law claims "implicate significant federal issues."[7]  In other words, the case arises under federal law because the state-law claims actually "turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."[8]  In *Grable and Sons Metal Products, Inc. v. Darue Engineering and Manufacturing*, the Supreme Court held that a substantial federal question is implicated, for example, where "the interpretation of a federal statute [] actually is in dispute in the litigation and is so important that it sensibly belongs in federal court."[9]  The relevant inquiry in cases of this type is whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[10]

In this case Plaintiffs have alleged that Defendants are liable for fraud and negligent misrepresentation under Tennessee common law.  The basis for these claims is Plaintiffs' allegation that Defendants have falsely represented to the Tennessee Secretary of State that President Obama meets the qualifications to be President of the United States.  More specifically, Defendants have taken steps to have President Obama's name appear as the Democratic Party's nominee for President

---

[7] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citation omitted).

[8] *Id.* at 315 (citation omitted).

[9] *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 552 (6th Cir. 2006) (quoting *Grable & Sons*, 545 U.S. at 315).

[10] *Grable & Sons*, 545 U.S. at 314.  *See also Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (summarizing the three parts of the substantial-federal-question doctrine as (1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities).

on the Tennessee ballot in November 2012.  According to the First Amended Complaint, President Obama's disqualifying characteristic is that he is a not a natural born citizen of the United States. The pleadings then cite Article II, section 1 of the United States Constitution, which provides, "No person except a natural born citizen, or a citizen of the United States at the time of the adoption of this Constitution shall be eligible to the office of President."[11]  The First Amended Complaint also alleges that in *Minor v. Happersett*, 88 U.S. 162 (1875), the United States Supreme Court defined "natural born citizen" to mean as "all children born in a country of parents who were its citizens."[12] Plaintiffs plead that because President Obama's father was not an American citizen, President Obama actually is a "dual citizen" and cannot meet the Supreme Court's definition of a "natural born citizen."[13]  The First Amended Complaint also asserts that as a young man, President Obama surrendered his American citizenship and that he does not hold a valid social security number. Therefore, according to Plaintiffs, Mr. Obama is not qualified to serve as President of the United States or as a candidate for President on Tennessee's upcoming ballot.

Based on the allegations of the First Amended Complaint, the Court holds that Plaintiffs' state law claims are exactly of the kind which "turn on substantial questions of federal law."  As one of the elements of their claims for fraud and negligent misrepresentation, Plaintiffs must show that Defendants somehow misrepresented a material fact.[14]  It is undisputed that the material fact at issue

---

[11] First Am. Class Action Compl. ¶ 10.

[12] *Id.* ¶ 11.

[13] *Id.* ¶¶ 12–14.

[14] *See Shah v. Racetrac Petroleum, Co.*, 338 F.3d 557, 566–67 (6th Cir. 2003) (defining elements of fraud under Tennessee law); *Davis v. McGuigan*, 325 S.W.3d 149 (Tenn. 2010) (defining elements of intentional misrepresentation); *Ritter v. Custom Chemicides, Inc.*, 912

in this case is whether under the circumstances of President Obama's birth, the President is a "natural born citizen," a term set out in the United States Constitution and construed under federal law.  It is true that viewed from one perspective, Plaintiffs' suit is about state elections and the manner in which a state political party selects its nominee for federal office and then takes steps to have the nominee's name appear on the state-wide ballot for a general election.  When cast in this light, it could be argued that Plaintiffs' claims are peculiarly a matter of state law.  Nevertheless, the primary basis for Plaintiffs' state-law claims is the allegation that President Obama is not a natural born citizen of the United States of America, as the Supreme Court has defined the term, and therefore not qualified to serve as President of the United States.  Plaintiffs concede as much and actually allege in their First Amended Complaint that President Obama cannot be considered a natural born citizen based on a definition of "natural born citizen" the United States Supreme Court announced over one hundred and thirty-five years ago in *Minor v. Happersett*.  Plaintiffs' ultimate success in proving Defendants liable for fraud or negligent misrepresentation turns then on Plaintiffs' ability to prove that President Obama is not a natural born citizen, as federal law defines that concept.[15] Therefore, the Court concludes that Plaintiffs' claims "necessarily raise a stated federal issue."

Furthermore, it is clear that the stated federal issue of President Obama's qualifications for the office are "actually disputed and substantial."  There is a sharp dispute in this case over Plaintiff's main contention that President Obama is not a natural born citizen and is otherwise disqualified from the office under the United States Constitution.  It is also clear that there will be

---

S.W.2d 128 (Tenn. 1995) (defining the elements of negligent misrepresentation).

[15] *Mikulski*, 501 F.3d at 569–70 (concluding that the plaintiffs' claim stated a federal issue where the plaintiffs "staked their claim" on the interpretation of a federal statute).

a legal dispute over the Constitution's definition of "natural born citizen" and the Supreme Court's decision in *Minor*. The federal issue presented is obviously contested in this case.

Likewise, the Court holds that the federal issue is substantial. With respect to the substantiality of the federal interest, the Supreme Court has considered four factors: "(1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e., not trivial); (3) whether a decision on the federal question will resolve the case (i.e., the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (i.e., the issue is not anomalous or isolated)."[16] The Sixth Circuit has stated that no one factor is dispositive on the issue of substantiality and that some factors may be more relevant than others in a given set of circumstances.[17] Here, there is no federal agency involved in the dispute.[18] Because the federal issue raised in Plaintiffs' First Amended Complaint is a question of constitutional law, the Court finds that this factor is not entirely relevant to the case at bar.

However, the other factors suggest that the issue of whether President Obama is constitutionally qualified to run for the Presidency is certainly substantial. First, the Court finds that the federal question presented, the meaning of the phrase "natural born citizen" as a qualification for

---

[16] *Id.* (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700–701 (2006)).

[17] *Id.*

[18] Indeed, neither party has shown how any federal agency would ever be involved in a federal dispute of this nature. Plaintiffs have made allegations about President Obama's passport and social security number. These assertions in no way suggest that the Department of State or the Social Security Administration are somehow involved in the federal dispute presented in this case.

the Presidency set out in Article II of the Constitution, is important and not trivial.  The Court finds it self-evident that an individual's ability to meet the constitutional qualifications to serve as President of the United States, particularly where the individual already holds the office, ranks as a "significant federal issue."  Second, the Court finds that resolution of this federal issue will resolve the case.  As previously discussed, Plaintiffs have "staked their claim" on the issue of whether President Obama can satisfy the constitutional requirements for the office.   Finally, the outcome of the federal question in this case will certainly have an effect on other cases presenting the same issue about whether President Obama meets the constitutional qualifications for the Presidency.  This specific question has been raised in numerous lawsuits filed since President Obama took office.[19] Under the circumstances, there is a risk of inconsistent adjudications on the federal issue presented. Taken together, these factors establish that the federal issue in this case is substantial.

Finally, the Court holds that this is a dispute a "federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Plaintiffs have not drawn the Court's attention to "any disruptive portent in exercising federal jurisdiction" in this case,[20] which would make jurisdiction improvident, even though Plaintiffs' claims arise under federal law.  The nature of Plaintiffs' claims, that a sitting President of the United States is not constitutionally-qualified for office based on citizenship, is sufficiently unique that the

---

[19] Defendants have cited many of these decisions in their memorandum in support of their motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6).  *See* Defs.' Mem. in Support Mot. Dismiss 7–8 (D.E. # 5).

[20] *See Grable*, 545 U.S. at 313–14 ("But even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto. For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.").

Court sees little impact on "the federal-state division of labor."[21]  In other words, the Court finds little risk that "the federal courts will be unduly burdened by a rush of state law cases" challenging the constitutional qualifications of the incumbent President of the United States to hold the office and stand for re-election.[22]  Therefore, Plaintiffs' Motion to Remand is **DENIED**.

Plaintiffs argue that their claims do not necessarily arise under federal law or turn on substantial questions of federal law because they have pleaded additional facts about President Obama's qualifications for office.  According to the First Amended Complaint, President Obama renounced his American citizenship as young man and does not possess a valid social security number.  Plaintiffs describe these fact pleadings as "alternative theories" in support of their fraud and negligent misrepresentation claims.  Plaintiffs specifically rely on *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988) for the proposition that "a claim supported by alternative theories in the complaint may not form the basis for federal jurisdiction unless federal law is essential to each of those theories."[23]  The Court would point out that the specific holding of *Christianson* was "[i]f there are several alternative theories on which a claim may succeed, patent law jurisdiction is only invoked when *all* alternative theories necessarily state a complaint under the patent law."[24]  Although *Christianson* addressed the removability of a case on the basis of patent

---

[21] *Id.* at 315.

[22] *Mikulski*, 501 F.3d at 565.

[23] Pl.'s Mot. Remand 2.

[24] *E.I. DuPont de Nemours & Co. v. Okuley*, 344 F.3d 578, 583 (6th Cir. 2003) (citing *Christianson*, 486 U.S. at 810).

jurisdiction under 28 U.S.C. § 1338(a),[25] the Sixth Circuit has applied *Christianson*'s reasoning to federal jurisdiction generally.[26]

The Court finds Plaintiffs' argument on this point to be without merit. Plaintiffs' assertion that "neither of [their alternative] theories require an interpretation of federal law or the U.S. Constitution" misses the point.[27] Plaintiffs' "alternative theories" still go to the substantial federal issue presented in the First Amended Complaint, which is whether President Obama is eligible to hold the office under Article II of the Constitution. In other words, "federal law is essential" to all of Plaintiffs' "alternative theories" about defects in President Obama's citizenship. It is undisputed that Plaintiffs' claims are based on the allegation that President Obama is not qualified for his office on the basis of citizenship. In characterizing their suit, Plaintiffs have alleged that "this complaint simply asserts that sufficient evidence exists to make any reasonable person doubt, in light of the evidence, that Barack Obama is a 'natural born citizen.'"[28] Article II of the Constitution, which is the exclusive source for the qualifications for the Presidency, sets forth the natural born citizenship requirement. Moreover, rather than being alternative theories, the Court construes these allegations about President Obama's dual citizenship and social security number as corroboration of Plaintiffs' main allegation that President Obama is not a natural born citizen or otherwise qualified to be

---

[25] According to 28 U.S.C. § 1338(a), "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a).

[26] *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 759–60 (6th Cir. 2000). *See also Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996); *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 153 (4th Cir. 1994).

[27] Pls.' Mot. Remand 4.

[28] First Am. Compl. ¶ 2.

President.  The Court finds that these additional fact pleadings go to the single claim that Defendants have misrepresented President Obama's qualifications for office, which are defined under federal law.  Therefore, Plaintiffs' argument does not alter the Court's conclusion that this case arises under federal law.

Based on the Court's holding that Plaintiffs' claims present substantial, disputed questions of federal law, the Court need not consider Defendants' arguments that the artful-pleading rule should apply in this case or that Plaintiffs' claims are preempted.[29]  Therefore, Plaintiffs' Motion to Remand is **DENIED**.

Defendants have filed a number of Rule 12(b) motions in this case, and Plaintiffs have filed a Motion for Extension of Time (D.E. # 14, 15) in which to respond.  Plaintiffs request that they not be required to respond until such time as the Court has ruled on the Motion to Remand.  Because the Motion to Remand is denied, Plaintiffs shall have twenty-one (21) days from the entry of this Order in which to respond to Defendants' Rule 12(b) motions.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 13, 2012.

---

[29] The Sixth Circuit has held that the artful-pleading rule applies only in narrow circumstances because "an expansive application of this doctrine would effectively abrogate the well-pleaded complaint rule."  *City of Warren*, 495 F.3d at 287 (citing *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 340 (6th Cir. 1989)).