# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

     Plaintiffs

                                      CASE NO: 2:12-cv-02143-cgc

     v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEMOCRATIC NATIONAL COMMITTEE;
DEBBIE WASSERMAN SCHULTZ, and
CHIP FORRESTER

     Defendants

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)

Pursuant to this Court's Rules, Plaintiffs submit this Opposition and Memorandum in Opposition to Defendant Democratic National Committee ("DNC"), and Defendant Schultz's motion to dismiss for lack of personal jurisdiction.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Personal Jurisdiction Over Defendants DNC and Schultz is Established

For purposes of a Rule 12(b)(2) motion the Court views the pleadings and submissions in a light most favorable to the plaintiffs and views any disputed facts in plaintiffs' favor. *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).

Plaintiffs' complaint alleges that the Democratic Party will make false statements in certifications to be sent to the Tennessee Secretary of State. 1st Amd. Compl. at ¶62. Plaintiffs further allege that the "Democratic National Committee (DNC) is a subdivision of the Democratic Party responsible for organizing the national convention, certifying candidates, and other executive and administrative organization of the Democratic Party," and that the certifying documents will be signed by Defendant Schultz. 1st Amd. Compl. at ¶45 and ¶63, respectively.

The act of sending a certification to the Tennessee Secretary of State, certifying that candidate Obama is qualified to hold the office of President, knowing that such certification is required to have the Tennessee Secretary of State place candidate Obama's name on Tennessee ballots, obviously qualifies as purposefully directing activities to the forum. It also undeniably qualifies as availing the Defendants of the privilege of conducting activities in the forum because the purpose of the certification is to assure that candidate Obama appears on Tennessee ballots.

Further, the claims in the instant case arise directly out of the Defendants activities of sending a certification to the Tennessee Secretary of State because it is these certifications that the Plaintiffs allege are fraudulent and/or negligent.

Defendants DNC and Shultz's motion to dismiss for lack of personal jurisdiction must be **DENIED**.

## II.    Defendants' § 2-5-201 Arguments Fail

The Defendants have argued that because Tennessee law requires the TNDP to certify its Presidential candidate to the Tennessee Secretary of State, and that this precludes Defendants DNC and Schultz from being proper parties to this lawsuit. See Doc.5, Defs.' Memo Dismiss at 18. However, the code cited by the Defendants does not say what the Defendants assert. *Compare Id. with* Tenn. Code Ann. § 2-5-201.

Even if the Defendants' interpretation of Tennessee code is correct, nothing in this code prohibits the DNC or Schultz from additionally certifying to the Tennessee Secretary of State that the Democratic Party has selected a specific candidate for the office of President. In other words, Defendants DNC and Schultz, in her capacity as Chairman of the DNC, are free to send certifications to the Tennessee Secretary of State notifying him that the DNC has selected candidate Obama as the Democratic Party's Presidential candidate and certifying that he is constitutionally qualified to hold that office.

In fact, the allegations contained within Plaintiffs' complaint are based upon past actions taken by Defendants DNC and past Chairmen of the DNC. In 2008 the DNC sent a document to the Tennessee Secretary of State notifying the State that the Democratic Party had selected candidate Obama as the Democratic Party's Presidential candidate for the 2008 Presidential general election. Attached as Ex. 1.

Also, during pre-litigation research performed by Liberty Legal Foundation ("LLF") a staffer working for the Tennessee Secretary of State discussed at length the process followed by the State and confirmed that any certification from the DNC stating that Mr. Obama is the Democratic Party's selected candidate would result in candidate Obama's name appearing on Tennessee ballots, absent a specific objection from the TNDP.

With all this in mind, it is clear that this Court would be unable to provide effective relief absent inclusion of Defendants DNC and Schultz in the instant litigation. Defendants' motion is an attempt to avoid the authority of this Court by ensuring that even if a judgment is entered against the TNDP, candidate Obama will still appear on the Tennessee ballot. If the DNC and Schultz are dismissed they will send the fraudulent certification to the Tennessee Secretary of State despite an ultimate judgment of this Court against the TNDP. The Secretary of State would then be left with a certification from the DNC and silence from the

TNDP. Such a circumstance would almost certainly result in candidate Obama appearing on the Tennessee ballot.

This conclusion is supported by the fact that if Defendants DNC and Schultz did not intend to send any certifying documents to Tennessee Secretary of State, these Defendants should be willing to have this Court enter an agreed judgment prohibiting them from sending any such documents. If they have no intention of sending such documents, such an agreed judgment would not prejudice them in any way and would relieve them of further litigation in this case. The only reason for the DNC to refuse to agree to such a judgment is for the DNC to retain its ability to thwart a judgment by this Court against the Democratic Party.

Taking the "pleadings and submissions in a light most favorable to the plaintiffs and views any disputed facts in plaintiffs' favor," it is clear that Defendants DNC and its Chairman have acted in the past and are certain to perform acts this Fall that avail them of the personal jurisdiction of this Court. *Theunissen*, 935 F.2d at 1459.

### III.   Conclusion

For the reasons set forth herein, the Defendants' motion to dismiss for lack of personal jurisdiction must be **DENIED**.

Respectfully submitted on the 12th Day of Ziv, in the year of our Lord 2012 (a.k.a. May 3, 2012).

_s/Van R. Irion_____
Van R. Irion
Liberty Legal Foundation
9040 Executive Park Drive, Ste. 200
Attorney for Plaintiffs
(423) 208-9953

CERTIFICATE OF SERVICE

It is hereby certified that on 12th Day of Ziv, Year of our Lord 2012 (a.k.a. May 3, 2012), a copy of "Plaintiffs' Opposition to Defendants' Motion to Dismiss Pursuant to Rule 12(b)(2)" was filed electronically. Parties may access this filing through the Court's electronic filing system. A copy of this motion will also be served upon the Defendants via mail.

_s/Van R. Irion_____
Van R. Irion
Liberty Legal Foundation
9040 Executive Park Drive, Ste. 200
Attorney for Plaintiffs
(423) 208-9953