# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

    Plaintiffs

                            CASE NO: 2:12-cv-02143-cgc

    v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEMOCRATIC NATIONAL COMMITTEE;
DEBBIE WASSERMAN SCHULTZ, and
CHIP FORRESTER

    Defendants


## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(3)

Pursuant to this Court's Rules, Plaintiffs submit this Opposition and Memorandum in Opposition to Defendant Forrester's motion to dismiss for improper venue or alternatively to transfer venue.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Standard

28 U.S.C. §1391 states in relevant part:
"(c) Residency.--For all venue purposes--… (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to

the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business;"

## II.   Defendant Tennessee Democratic Party is a "Statewide Political Party"

Defendant Forrester's own motion states that:

"Tenn.Code Ann. § 2-5-201 requires that a person's name be shown on a ballot as he nominee of a political party only if it is submitted by a 'statewide political party.' In other words, the TNDP, as the state party of the Democratic Party, is solely and exclusively responsible for identifying the Democratic Party nominee for any statewide race." Doc. 9 Defs.' Memo at 5; *citing* Forrester Decl. ¶5.

While Tennessee code section § 2-5-201 does not say what Defendant Forrester asserts, it is still true that Defendant Forrester is asserting that Defendant Tennessee Democratic Party ("TNDP") is a "statewide political party." Because Defendant Forrester is the current Chairman of the TNDP, the TNDP is also bound by this statement.

This statement is confirmed by the Party's web site, which lists the Defendant Party's Officials, including its Secretary, Gale Jones Carson, in Memphis. See http://www.tndp.org/page/the-state-executive-committee-1, visited 5/2/12; Attached as Ex. 1. The Party's web site also lists two "West Tennessee Regional Vice-Chairs," Diane Davis in Counce, Tennessee, and Don Farmer in Milan, Tennessee. *Id*. According to the Defendant Party's web site, more than one-

third of the Party's "State Executive Committee" are located in West Tennessee. *See Id.*

Based upon Defendant Forrester's admission that the TNDP is a "statewide party" and upon the Defendant Party's own web site, it can be reasonably assumed that further discovery will reveal that the Executive Committee meetings for the Western Region are regularly held within the Western District and that the Defendant TNDP performs a great deal of activity within the Western District.

Defendant TNDP truly is a "statewide party." Venue is proper in the Western District because Defendant TNDP legally "resides" and can be found in the Western District. *See* 28 U.S.C. §1391(c)(2).

Defendant Forrester's motion to dismiss for improper venue must be **DENIED**.

### III. The Activities Complained of Arise Within the Western District

Defendant Forrester asserts that the representations to be made regarding candidate Obama will be made to the Tennessee Secretary of State, and that venue is improper in this Court because the Secretary of State is located in Nashville. Doc. 9 Defs.' Memo at 6; *citing* Forrester Decl. ¶¶4-5. However, after receipt and reliance upon these misrepresentations, the Secretary of State will transmit the name of candidate Obama to every county election commission in the state,

including every county in the Western District. 1st Amd. Compl. ¶1. So, the activities complained of occur throughout the Western District.

Defendant TNDP's representations to the Secretary of State for the specific purpose of having the Secretary of State transmit candidate Obama's name to all counties within the Western District certainly qualifies as "purposefully availing themselves" of the laws of the forum, in a manner directly related to the activities complained of. *See International Shoe Co. v. Wash.*, 326 U.S. 310 (1945). Since these activities would certainly create personal jurisdiction over Defendant TNDP, venue is also proper. *See* 28 U.S.C. §1391(c)(2).

Defendant Forrester's motion to dismiss for improper venue must be **DENIED**.

### IV. Defendants' Accusations that Plaintiffs Improperly Named Defendant NDP USA Are Without Any Support and Are Not True

The Defendants accuse the Plaintiffs of knowingly naming the National Democratic Party of the USA for the improper purpose of establishing venue in the Western District. *See* Doc. 5, Defs.' Memo in Support of Mot. to Dismiss, at 18 and FN6. This accusation is false and without support.

Defendants footnote states "Plaintiffs apparently are aware that the NDP USA is a sham organization as this is not the first time Plaintiffs have sued this organization. Id at FN6; citing *Liberty Legal Foundation et. al. v. National*

*Democratic Party of the USA, Inc.*, No. 11-2089 (D.Ariz.2011). However, Defendants' research would also have revealed that the Arizona lawsuit was filed at the same time as the instant lawsuit.

As the Defendants point out, Liberty Legal Foundation is based in East Tennessee. It has no reason to favor the Western District. LLF did not research any judges or magistrates, nor make any attempt to assess the political leanings of any specific courts prior to filing the instant case. LLF always assumes that all federal judges will follow their oaths and not be influenced by their personal politics, at least until a given judge has proven otherwise. LLF has never litigated in the Western District and attorney Irion has only litigated one case in the Middle District of Tennessee's Bankruptcy Court. Again, LLF had no reason to prefer the Western District over the Middle District.

LLF performed normal pre-litigation research prior to filing the instant case, including reviewing Tennessee election code, attempting to research the structure of the Democratic Party, and searching the Tennessee Secretary of State's search engine for various versions of the terms "Democrat," "Democratic," and other terms. The NDP USA was the only organization that was listed as active within the State of Tennessee. Information on the structure of the Democratic Party, on both the state and national levels, is vague at best.

LLF named the NDP USA because it was the only organization that was listed with the Tennessee Secretary of State. LLF made several genuine attempts to serve the NDP USA. LLF had, and still has, no idea who is responsible for the NDP USA, beyond the information available through the Secretary of State's office. LLF still has no way of knowing if Defendant NDP USA was created by the Tennessee Republicans, as alleged by the Defendants, or is an organization associated with the Democrats, or is something else entirely.

Had LLF been determined to file the instant case in the Western District and had known that the NDP USA was a "sham organization," LLF would have simply served an officer of the TNDP within this District, and it would have made the arguments contained within this response.

The instant case was filed in this District in good faith. This Court has proper venue.

Defendant Forrester's motion to dismiss for improper venue should be **DENIED**.

## V.   Conclusion

For the reasons set forth herein, the Defendant Forrester's motion to dismiss for improper venue should be **DENIED**.

Respectfully submitted on the 12th Day of Ziv, in the year of our Lord 2012 (a.k.a. May 3, 2012).

        _s/Van R. Irion_____
        Van R. Irion
        Liberty Legal Foundation
        9040 Executive Park Drive, Ste. 200
        Attorney for Plaintiffs
        (423) 208-9953

## CERTIFICATE OF SERVICE

  It is hereby certified that on 12th Day of Ziv, Year of our Lord 2012 (a.k.a. May 3, 2012), a copy of "Plaintiffs' Opposition to Defendants' Motion to Dismiss Pursuant to Rule 12(b)(3)" was filed electronically. Parties may access this filing through the Court's electronic filing system. A copy of this motion will also be served upon the Defendants via mail.

        _s/Van R. Irion_____
        Van R. Irion
        Liberty Legal Foundation
        9040 Executive Park Drive, Ste. 200
        Attorney for Plaintiffs
        (423) 208-9953