IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LIBERTY LEGAL FOUNDATION, JOHN DUMMETT, LEONARD VOLODARSKY, CREG MARONEY,<br><br>Plaintiffs,<br>vs.<br><br>NATIONAL DEMOCRATIC PARTY OF THE USA, INC., DEMOCRATIC NATIONAL COMMITTEE, TENNESSEE DEMOCRATIC PARTY, DEBBIE WASSERMAN SCHULTZ, and CHIP FORRESTER,<br><br>Defendants. | Case No. 2:12-cv-02143-cgc<br><br>Removal of Case No. CH-11-1757-3 From Chancery Court for the State of Tennessee in Shelby County |

## EXHIBIT B

### APPENDIX OF UNREPORTED CASES CITED IN DEFENDANTS' CONSOLIDATED REPLY IN SUPPORT OF MOTIONS TO DISMISS

1. *Kurita v. State Primary Bd. of the Tenn. Democratic Party*
   2008 U.S. Dist. LEXIS 83278 (M.D. Tenn. Oct. 17, 2008)





Analysis
As of: May 14, 2012

**ROSALIND KURITA, Plaintiff, v. THE STATE PRIMARY BOARD OF THE TENNESSEE DEMOCRATIC PARTY, et al., Defendants.**

No. 3:08-0948

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

*2008 U.S. Dist. LEXIS 83278*

**October 17, 2008, Filed**

**PRIOR HISTORY:** *Kurita v. State Primary Bd. of the Tenn. Democratic Party, 2008 U.S. Dist. LEXIS 88071 (M.D. Tenn., Oct. 14, 2008)*

**COUNSEL:** [*1] For Rosalind Kurita, Plaintiff: James Bopp, Jr., Sarah E. Troupis, LEAD ATTORNEYS, Bopp, Coleson & Bostrom, Terre Haute, IN; Robert Thomas Rochelle, Tom P. Thompson, III, LEAD ATTORNEYS, Rochelle, McCulloch & Aulds, Lebanon, TN.

For State Primary Board of the Tennessee Democratic Party, The, Tennessee Democratic Party, The, Defendants: Jeffrey P. Yarbro, W. Brantley Phillips, Jr., LEAD ATTORNEYS, Bass, Berry & Sims, Nashville, TN.

For Robert E. Cooper, Jr., Attorney General of the State of Tennessee, Sandy Cherry, official capacity as the Administrator of the Cheatham County Election Commission, Vickie Koelman, official capacity as the Administrator of the Montgomery County Election Commission, Gay Robinson, official capacity as the Administrator of the Houston County Election Commission, Riley Darnell, official capacity as the

Secretary of the State of Tennessee, Brook K. Thompson, official capacity as the Coordinator of Elections of the State of Tennessee, Defendants: Janet M. Kleinfelter, LEAD ATTORNEY, Tennessee Attorney General's Office, Nashville, TN.

For Tim Barnes, Defendant: Douglas S. Johnston, Jr., Edmund L. Carey, Jr., LEAD ATTORNEYS, George Edward Barrett, Barrett, Johnston [*2] & Parsley, Nashville, TN; James Gerard Stranch, III, LEAD ATTORNEY, Michael J. Wall, Branstetter, Stranch & Jennings, Nashville, TN.

**JUDGES:** ROBERT L. ECHOLS, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** ROBERT L. ECHOLS

**OPINION**

*ORDER*

    Pending before the Court is Plaintiff Rosalind

Kurita's Motion For Injunction Pending Appeal (Docket Entry No. 57), to which the Defendants responded in opposition (Docket Entry Nos. 58-60).

In deciding whether an injunction pending appeal should issue under *Federal Rule of Civil Procedure 62(c)*, the Court must consider: "(1) whether the stay applicant has made a strong showing that [she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)*.

Granting Plaintiff a mandatory injunction pending appeal would require the Court to vacate its recent decision and grant Plaintiff the relief she seeks, which is to have her name placed on the ballot as the Democratic candidate for Senate District 22. For all of the reasons stated in the Memorandum and Order [*3] dismissing this action, the Court finds that Plaintiff has not made a strong showing that she is likely to succeed on the merits of her claims and obtain a reversal in her favor on appeal. *See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991)*. This factor weighs heavily against granting the instant motion.

Plaintiff also alleges she will be irreparably harmed if an injunction pending appeal is not entered. However, Plaintiff has qualified as a write-in candidate for Senate District 22 and she has been campaigning for the seat as a write-in candidate. Admittedly, this is a difficult task when Plaintiff's opponent's name, Defendant Barnes, appears on the printed ballot and the voters have to personally "write in" Plaintiff's name on the ballot. This will prejudice Plaintiff's chance in the election and result in harm to her. If Plaintiff ultimately prevails on appeal, it is possible she could obtain the alternative relief she requested in this case--a special election for Senate District 22 where her name will appear on the ballot as the Democratic nominee for the office.

On the other hand, if an injunction pending appeal is granted, [*4] Defendants, especially Defendant Barnes, will be substantially injured. The name of Defendant Tim Barnes appears on the ballot as the Democratic nominee for Senate District 22. Granting a mandatory injunction pending appeal in Plaintiff's favor would require the Court to order state election officials to remove Defendant Barnes' name from the ballot and insert Plaintiff's name. At this late date he cannot qualify to run as a write-in candidate and he would be completely removed from the electoral process. The Tennessee Democratic Party and State Primary Board would also be irreparably harmed because an injunction would likely infringe on the party's *First Amendment* right to choose its own candidate for the general election. *See California Democratic Party v. Jones, 530 U.S. 567, 575, 120 S. Ct. 2402, 147 L. Ed. 2d 502 (2000)*.

Another important concern is that absentee voting and early voting for Senate District 22, as well as for other local, state and federal offices, have already begun in the affected counties. Final preparations are underway for the general election to be held on Tuesday, November 4, 2008. Requiring Defendant state election officials to reprint ballots and/or reprogram voting machines to change the [*5] name of the Democratic candidate in Senate District 22 and requiring election officials to formulate a process to allow those who have already voted to cast their votes again on a new ballot would inject chaos into the electoral process. Disputes undoubtedly would arise concerning the votes cast a second time on different ballots.

While the public certainly has strong interests in the results of the primary and general elections in Senate District 22, the manner in which the Democratic candidate was chosen, and the ultimate outcome of Plaintiff's lawsuit, the public also has a compelling interest in the orderly administration of the general election, which determines political races for public offices beyond this particular race. Balancing all of the applicable factors, the Court finds that an injunction pending appeal should not be granted.

Accordingly, Plaintiff's Motion For Injunction Pending Appeal (Docket Entry No. 57) is hereby DENIED.

It is so ORDERED.

/s/ Robert L. Echols

ROBERT L. ECHOLS

UNITED STATES DISTRICT JUDGE