## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| LIBERTY LEGAL FOUNDATION, | ) | |
| JOHN DUMMETT, | ) | |
| LEONARD VOLODARSKY, and | ) | |
| CREG MARONEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 12-2143-STA |
| | ) | |
| NATIONAL DEMOCRATIC PARTY | ) | |
| of the USA, Inc., DEMOCRATIC | ) | |
| NATIONAL COMMITTEE, | ) | |
| TENNESSEE DEMOCRATIC PARTY, | ) | |
| DEBBIE WASSERMAN SCHULTZ, | ) | |
| CHIP FORRESTER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants Democratic National Committee, Tennessee Democratic Party, Debbie Wasserman Schultz, and Chip Forrester'S Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) (D.E. # 4) filed on March 1, 2012.  Plaintiffs Liberty Legal Foundation, John Dummett, Leonard Volodarsky, and Creg Maroney have filed a response in opposition.[1]

---

[1] Defendants have argued in other filings with the Court that Defendant National Democratic Party of the USA, Inc. is not a proper party to this action and is perhaps a "sham" organization contrived to obtain venue in Shelby County, Tennessee.  *See* Defs.' Mem. in Support Mot. Dismiss 1 n.1 (D.E. # 5).  To date this Defendant has not answered or otherwise appeared to defend in this matter.

Defendants have a filed a reply brief.  For the reasons set forth below, the Motion is **GRANTED**.[2]

## BACKGROUND

Plaintiffs filed their Complaint in the Chancery Court for Shelby County, Tennessee, on October 26, 2011.[3]  Plaintiffs allege that Defendants "intend[] to send documents to the Tennessee Secretary of State announcing that [President Barack] Obama is [their] Presidential nominee for the 2012 general election and representing that he is qualified to hold the office of President."  (Am. Compl. ¶ 8.)  Plaintiffs further allege that these representations are false because President Obama is not a "natural-born citizen" as Article II of the United States Constitution requires for any one who would hold the office of President of the United States.  (*Id.* ¶¶ 9–19.)  Based on these alleged misrepresentations to the Tennessee Secretary of State, Plaintiffs contend that Defendants are liable for negligent misrepresentation and fraud/intentional misrepresentation and that the Court should enjoin them from filing papers which will place President Obama's name on the ballot in Tennessee for the November general election.  On February 23, 2012, Defendants removed Plaintiffs' suit to this Court on the basis of federal question jurisdiction, and on April 13, 2012, the Court denied Plaintiffs' motion to remand (D.E. # 18).

In their Motion to Dismiss, Defendants argue that Plaintiffs lack standing to pursue their claims and that even if they did have the requisite standing, Plaintiffs have failed to state a claim

---

[2] Defendants Democratic National Committee and Debbie Wasserman-Schultz have filed their own motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) (D.E. # 6). Defendant Chip Forrester has filed a motion to dismiss for improper venue under Rule 12(b)(3) (D.E. # 8).  Because standing is a threshold issue in every federal case and because the Court holds that Plaintiffs lack standing in this matter, the Court need not reach these separate Rule 12(b) motions.

[3] Plaintiffs filed a First Amended Complaint while this matter was pending before the Shelby County Chancery Court.

upon which relief may be granted.  According to Defendants, Plaintiff Maroney has alleged only that he is a private citizen who is injured in his status as a voter.  Thus, Maroney has not alleged that he has suffered an injury-in-fact that would give him standing to bring this suit.  As for Plaintiffs Dummett and Volodarsky, Defendants argue that their status as possible presidential candidates does not give them standing because their prospects for election are theoretical at best.  Defendants further contend that a candidate for President of the United States will not suffer an injury-in-fact resulting from President Obama appearing on Tennessee's ballot until such time as Tennessee's electoral votes are allotted.  As a result, the injuries alleged by Plaintiffs Dummett and Volodarsky are speculative at this point.  With respect to Plaintiff Liberty Legal Foundation, Defendants argue that this organization cannot establish associational standing in this case.  The Amended Complaint does not allege that any of this organization's members have standing.  As such, the organization itself lacks standing to bring this suit.  Defendants go on to argue that the interests which Liberty Legal Foundation seeks to protect, i.e. the right to have a constitutionally-qualified candidate on the ballot, are not germane to the organization's stated mission to defend "basic human rights."  For all of these reasons, Defendants argue that Plaintiffs lack standing to bring this action.  Therefore, the Court should dismiss the case under Rule 12(b)(1).

Even if the Court determined that Plaintiffs had standing, Defendants maintain that the Amended Complaint fails to state a claim under Rule 12(b)(6).  First, Defendants argue that a federal lawsuit is not the proper vehicle to challenge a candidate's qualifications for office.  Rather this task is reserved for the electorate and the United States Congress.  In other words, Plaintiffs' claims are preempted under federal law.  Second, Defendants assert that the Tennessee Democratic Party has the right to nominate whoever it chooses to run as a candidate, including someone who is not

3

qualified for the office. To the extent that Plaintiffs seeks to influence how the Tennessee Democratic Party chooses its candidates, Plaintiffs must work through the party system. Finally, Defendants argue that Plaintiffs have not alleged how they have relied on the supposed misrepresentations made by Defendants about President Obama's qualifications. In the alternative, Defendants move the Court to dismiss all Defendants in this matter except the Tennessee Democratic Party.

In their response in opposition, Plaintiffs argue that they have standing and that their Amended Complaint states a claim for relief. Plaintiffs begin by discussing their theory about President Obama's citizenship and why they believe he is not qualified for his office. With respect to their standing, Plaintiffs argue that Plaintiff Dummett has competitive standing to bring these claims because he is a candidate for President of the United States. Plaintiffs also argue that Liberty Legal Foundation has associational standing in this case because advocating the enforcement of the U.S. Constitution is consistent with defending "basic human rights." Plaintiffs assert that "[b]ecause Plaintiff Dummett has standing, all other Plaintiffs in the instant case, including Liberty Legal Foundation, also have standing." Pls.' Resp. in Opp'n 8 (D.E. # 19).

As for the merits of the allegations in the Amended Complaint, Plaintiffs contend that federal law governing the process for counting the votes in the Electoral College does not preempt state law governing the selection of electors. Plaintiffs also argue that Defendants have essentially asked the Court to abdicate its role in construing the Constitution in favor of allowing the people to choose whomever they wish. Plaintiffs assert that they are not challenging the Defendants' right to select their own candidate but their right to misrepresent facts about their candidate's qualifications for office. Regarding the allegations of reliance, Plaintiffs admit that Defendants have allegedly

4

misrepresented facts to a non-party, the Tennessee Secretary of State.   Nevertheless, Plaintiffs

maintain that Defendants' alleged misrepresentations have damaged them.[4]   Plaintiffs also oppose

the dismissal of the other named Defendants in this action.

In their reply, Defendants restate their position that Plaintiffs lack standing.  Specifically with

respect to Plaintiff Dummett, Defendants concede that Dummett is a candidate in Tennessee for the

Republican Party's nomination for President of the United States.  As such, Plaintiff Dummett is not

a competitive opponent of President Obama in any election and accordingly cannot establish that he

has competitive standing to bring this suit.  Furthermore, Defendants assert that Plaintiff Dummett

has not taken steps to appear on a ballot in the state of Tennessee. For these reasons, Plaintiff

Dummett cannot establish an injury-in-fact in this case.   The reply brief goes on to restate

Defendants' arguments that Plaintiffs' claims are preempted by federal law, that Plaintiffs have not

properly pleaded reliance, and that the Tennessee Democratic Party will not actually certify that

President Obama is qualified for office, only that he is the party's nominee for the office.[5]

## STANDARD OF REVIEW

Defendants challenge Plaintiffs' standing in this case pursuant to Federal Rule of Civil

Procedure 12(b)(1) as well as argue that Plaintiffs have failed to state a substantive claim under Rule

12(b)(6).  Where a defendant challenges a plaintiff's standing to bring suit, the Court should first

consider whether it has subject matter jurisdiction pursuant to Rule 12(b)(1) before it considers the

---

[4] Plaintiffs alternatively seek leave to amend their amended complaint for the purpose of adding a tort claim for simple negligence.

[5] Defendants' consolidated reply brief also includes other arguments related to the separate motions to dismiss filed by Defendants Democratic National Committee, Debbie Wasserman-Schultz, and Chip Forrester.  Because the Court finds it unnecessary to reach those issues, it does not discuss Defendants' arguments here.

substantive merits of a pleading pursuant to Rule 12(b)(6).[6]  Plaintiff has the burden of proving jurisdiction in order to survive the Rule 12(b)(1) motion and must plead the elements of standing with specificity.[7]  A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face or attack the factual basis for jurisdiction.[8]  Where there is a facial challenge to standing, the Court must consider all of the allegations in the complaint as true.[9]  Where there is a factual challenge to standing, the Court may consider evidence outside the pleadings to resolve factual disputes and must weigh the evidence.[10]

As for the merits of Plaintiffs' pleadings, a defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[11]  As a general rule, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[12]  However, legal conclusions or unwarranted factual inferences need not be accepted as

---

[6] *Bell v. Hood*, 327 U.S. 678, 682 (1946); *Coal Operators and Assoc., Inc., v. Babbitt*, 291 F.3d 912 (6th Cir. 2002).

[7] *Coal Operators*, 291 F.3d at 916; *Rogers v. Stratton Industries, Inc.,*798 F.2d 913, 915 (6th Cir. 1986).

[8] *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004).

[9] *Id.*

[10] *Id.*

[11] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007).

[12] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

true.[13]  "[A] formulaic recitation of the elements of a cause of action will not do."[14]

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[15]  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[16]  In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[17]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

## ANALYSIS

### I. Plaintiffs' Motion for Leave to File Supplemental Response

On May 18, 2012, Plaintiffs filed a Motion for Leave to File a Supplemental Response (D.E. # 24).  As grounds for their Motion, Plaintiffs argue that they have learned of relevant precedent that was not previously disclosed to the Court, apparently an order of dismissal from the United States District Court for the Eastern District of Virginia dated January 20, 2012.  However, Plaintiffs have

---

[13] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[14] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

[15] Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus,* 551 U.S. 89, 93 (2007).

[16] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009);  *Twombly,* 550 U.S. at 555.  *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[17] *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

[18] *Iqbal,* 556 U.S. at 678.

not shown why this precedent was not available at the time they filed their response brief.  Plaintiffs

further assert that Defendants' reply raises arguments which were not previously raised by either

party and that the reply misrepresents relevant authority.  Plaintiffs's Motion does not specify what

novel arguments were presented in the reply brief or how the reply brief misrepresented any legal

authority.  Plaintiffs have attached their proposed "supplemental response" to the Motion as well as

the following exhibits: a document purporting to be Plaintiff Dummett's certificate of write-in

candidacy as a candidate for President of the United States in Tennessee's general election; a

document purporting to be a copy of the Tennessee Democratic Party's by-laws; and the order of

dismissal from the Eastern District of Virginia.

The Court finds that Plaintiffs' Motion is not well-taken.  Even though Plaintiffs label the

brief they seek leave to file a "supplemental response," Plaintiffs are in fact seeking leave to file a

sur-reply.  As many courts have noted, "[s]ur-replies . . . are highly disfavored, as they usually are

a strategic effort by the nonmoving party to have the last word on a matter."[19]  The Sixth Circuit has

held that a district court does not abuse its discretion in denying leave to file a sur-reply where the

opposing party's reply did not raise any new legal arguments or introduce new evidence.[20]  Despite

Plaintiffs' statement to the contrary, the Court finds that Defendants' reply brief did not raise any

new arguments, particularly on the issue of standing, that were not already addressed in the earlier

briefs.  It is true that Defendants replied to Plaintiffs' argument about "competitive standing" and

---

[19] *In re Enron Corp. Secs .,* 465 F. Supp. 2d 687,691 n.4 (S.D. Tex. 2006); *see also Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) ("The court generally grants leave to file a post-reply brief only in extraordinary circumstances after showing of good cause.") (citation omitted).

[20] *Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011) (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481–82 (6th Cir. 2003).

pointed out that the pleadings have not alleged that Plaintiff Dummett will directly compete with President Obama in any election.  The Court finds that this argument is not a new argument but rather a counterpoint in response to Plaintiffs' theory of competitive standing.  This is entirely consistent with the proper purpose of a reply brief, to address the opposing party's arguments raised in a response brief.  To the extent that Plaintiffs seek leave to address the competitive standing argument further, the Court finds that Plaintiffs' sur-reply is merely an attempt to have the last word on the matter.  Because this is precisely the reason that sur-reply briefs are so thoroughly disfavored, the Court holds that Plaintiffs' Motion must be denied for this reason alone.

What is more, the Court finds that it is Plaintiff's proposed sur-reply that seeks improperly to raise new argument on the standing issue and introduce evidence that was not previously before the Court.  In the proposed sur-reply, Plaintiffs state that Plaintiff Dummett has established competitive standing because he is a write-in candidate for President in Tennessee's general election in the fall.  Plaintiffs have attached a document purporting to be a certificate of write-in candidacy and requesting that write-in ballots cast for John A. Dummett, Jr. of Forest Hill, California, be counted in the November 6, 2012, general election in Tennessee.[21]  The certificate is dated May 15, 2012, the day after Defendants filed their reply brief arguing that there is no allegation Plaintiff Dummett would face President Obama in the general election.  The Court finds this evidence inappropriate for consideration on Defendants' Motion to Dismiss for several reasons.  First, Defendants have raised a facial challenge to Plaintiffs' standing, focusing only on the allegations of the Amended Complaint.  Defendants have not introduced any evidence to contest Plaintiffs' standing to bring this suit.  The Court's analysis consequently is limited to the well-pleaded

---

[21] Pls.' Mot. Leave to File Supp. Resp. (D.E. # 24-2).

allegations of the Amended Complaint.  Plaintiff Dummett's certificate is not part of the pleadings

for any purpose.  Therefore, the exhibit is irrelevant to the Court's analysis of the facial challenge

to Plaintiffs' standing.  Second, the submission of this evidence for consideration on a Rule 12(b)

motion is not only procedurally improper, but should the Court grant Plaintiffs leave to file it, the

Court would inevitably have to grant Defendants the chance to file yet another brief to respond to

the new argument and evidence.  Plaintiff Dummett's certificate only came into existence after

Defendants filed their reply brief.  The introduction of a new argument with new evidentiary support

would likely require that Defendants be given the opportunity to respond.  Third, even if the Court

considered the certificate, the exhibit on its face does not indicate that Plaintiff Dummett will

actually be a write-in candidate simply by filing the certificate or whether other steps are required

to establish his status.  It is not clear then that the certificate proves that Plaintiff Dummett will face

the President in general election.  Finally, the exhibit is curiously dated the day after Defendants filed

their reply, giving the appearance that the certificate is a device to cure whatever standing problems

Plaintiffs may have.  At this point in the proceedings, Plaintiffs have not properly brought that issue

before the Court.  For all of these reasons, Plaintiffs' Motion for Leave to File a Supplemental

Response is **DENIED**.

## II. Standing

The Court now considers Defendants' challenge to Plaintiffs' standing to assert their state

law tort claims.  Standing is "the threshold question in every federal case."[22]  The Supreme Court

has stated that the standing requirement limits federal court jurisdiction to actual controversies so

---

[22] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

that the judicial process is not transformed into "a vehicle for the vindication of the value interests of concerned bystanders."[23]  The party "seeking federal court action" bears the burden to demonstrate all of the elements of Article III standing including injury-in-fact.[24]

In this instance, Defendants' Motion is based on the allegations of Plaintiff's Amended Complaint, making Defendants' a facial challenge to standing.  In order to establish standing to bring their state law tort claims and survive a motion to dismiss, Plaintiffs need only meet the minimal "core constitutional" standing requirements to present an Article III "case and controversy."[25] Plaintiffs have the burden to make specific, plausible allegations that (1) they have suffered an injury; (2) the injury is fairly traceable to Defendants' tortious conduct; and (3) the injury is likely to be redressed by the judicial relief sought.[26]  Put another way, a plaintiff may establish standing only by alleging "that as a result of the defendant's [tortious conduct] he has suffered a distinct and palpable injury."[27]  With respect to the first element of standing, "[i]njury in fact is a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical."[28]  Moreover,

---

[23] *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 473 (1982) (quoting *United States v. SCRAP,* 412 U.S. 669, 687 (1973)).

[24] *McGlone v. Bell*, Nos. 10-6055, 6169, 2012 WL 1403233, at *7 (6th Cir. Apr. 23, 2012) (citing *Rosen v. Tenn. Comm'r Fin. & Admin.*, 288 F.3d 918, 927 (6th Cir. 2002)).

[25] *Trafficante v. Metro. Life Ins. Co.,* 409 U.S. 205, 209 (1972); *DeBolt v. Espy,* 47 F.3d 777, 779–80 (6th Cir. 1995); *Smith v. City of Cleveland Heights,* 760 F.2d 720, 721 (6th Cir. 1985).

[26] *Allen v. Wright,* 468 U.S. 737, 752–53 (1984) (quoting *Valley Forge Christian Coll.*, 454 U.S. at 472.

[27] *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 372 (1982).

[28] *Nader v. Blackwell*, 545 F.3d 459, 471 (6th Cir. 2008) (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103 (1998) (internal quotation marks and parentheses

11

not all injuries arising from alleged conduct create standing but only those with a "fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant."[29]  The Supreme Court has explained that "[t]he causation requirement of the constitutional standing doctrine exists to eliminate those cases in which a third party and not a party before the court causes the injury."[30]  As for the element of standing, redressability simple means "a likelihood that the requested relief will redress the alleged injury."[31]

Accepting the allegations of Plaintiffs' Amended Complaint as true, the Court holds that Plaintiffs have failed to plead the elements of standing with specificity.  As an initial matter, Plaintiffs posit that "[b]ecause Plaintiff Dummett has standing, all other Plaintiffs in the instant case, including Liberty Legal Foundation, also have standing."  The Court finds that Plaintiffs' theory actually misstates the law.  The Supreme Court has held that "the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement."[32]  Therefore, Plaintiffs must allege specific facts to show that at least one named Plaintiff has standing to bring these claims.  One Plaintiff's standing, however, is not imputed to other named Plaintiff's who lack standing.[33]

---

omitted)).

[29] *Id.*

[30] *Am. Canoe Ass'n, Inc. v. City of Louisa Water & Sewer Com'n*, 389 F.3d 536, 542 (6th Cir. 2004) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

[31] *Nader*, 545 F.3d at 471 (citations omitted).

[32] *Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006).

[33] *See ACLU v. Nat'l Sec. Agency,* 493 F.3d 644, 657 (6th Cir. 2007) ("[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.") (quoting

Therefore, the Court will take up standing to participate in this suit as to each named Plaintiff and examine the pleadings to determine whether the elements of standing are stated with the requisite specificity.

**A. Standing as Political Candidates**

Plaintiffs have argued in their response in opposition to the Motion to Dismiss that political candidates such as Plaintiff Dummett have standing to bring claims against Defendants.[34]  Plaintiffs rely on a theory of competitive standing discussed by the Ninth Circuit in *Drake v. Obama*, 664 F.3d 774 (9th Cir. 2011).  The notion of competitive standing essentially means "that a candidate or his political party has standing to challenge the inclusion of an allegedly ineligible rival on the ballot, on the theory that doing so hurts the candidate's or party's own chances of prevailing in the election."[35]  The Amended Complaint alleges that Plaintiffs Dummett and Volodarsky are candidates for President of the United States in the 2012 election and are registered with the Federal Election Commission ("FEC").[36]  The Amended Complaint further alleges that Plaintiffs Dummett and Volodarsky will suffer harm as a result of Defendants' alleged misrepresentations because votes that would otherwise be cast for them in the Tennessee general election will be cast for President

---

*Allen*, 468 U.S. at 752).

[34] As discussed herein, the Amended Complaint also alleges that Plaintiff Volodarsky is a candidate for President of the United States.  It is not clear to the Court why Plaintiffs pin their standing argument only on the candidacy of Plaintiff Dummett.

[35] *Drake*, 664 F.3d at 782 (quoting *Hollander v. McCain*, 566 F. Supp. 2d 63, 68 (D.N.H. 2008)).

[36] Am. Compl. ¶¶ 31, 36.

Obama.[37]

Based on the Amended Complaint, the Court holds that Plaintiffs Dummett and Volodarsky lack standing in their capacity as political candidates to bring their claims. The Amended Complaint fails to plead specific facts showing that Dummett or Volodarsky has or will suffer an injury-in-fact of any kind. It is true that many courts, including the Ninth Circuit in *Drake*, have concluded that a candidate for political office has standing to challenge the qualifications of another candidate under a competitive standing theory.[38] However, the Amended Complaint in the case at bar fails to allege specific facts showing that Dummett or Volodarsky will actually appear on a ballot competing with President Obama in the November 2012 elections. At most, the pleadings state that Dummett and Volodarsky are registered candidates for President of the United States. Neither Plaintiff has alleged that he is a Tennessee political party's nominee for the office, that his name will appear on the ballot for Tennessee's general election in November, that he is campaigning in the state of Tennessee, that any registered voter in Tennessee intends to cast a vote for him, or that President Obama's presence on the ballot will in any way injure either candidate's campaign.[39] In short, Plaintiffs Dummet and Volodarsky have not alleged that he is truly in competition with President Obama for votes in Tennessee's general election. In the absence of some plausible factual allegations of "concrete and

---

[37] *Id.* ¶¶ 33, 38, 49, 50.

[38] *E.g. Tex. Dem. Party v. Benkiser*, 459 F.3d 582, 586-87 & n.4 (5th Cir. 2006); *Schulz v. Williams*, 44 F.3d 48, 53 (2d Cir. 1994); *Fulani v. Hogsett*, 917 F.2d 1028, 1030 (7th Cir. 1990).

[39] Plaintiffs' allegation that President Obama's presence on the general election ballot would take away votes they would have received is simply not supported with any plausible factual allegations. It appears to the Court that Plaintiffs' allegation presupposes that the Court would enjoin President Obama from appearing on the ballot in the November 2012 election and that the Democratic Party would not nominate another candidate to be its standard bearer.

actual or imminent" injury,[40] Plaintiffs Dummett and Volodarsky have failed to plead that either will suffer an injury-in-fact sufficient to establish standing. Because the pleadings fail to state specific facts that amount to injury-in-fact, the Court need not reach the issues of whether the supposed injury is fairly traceable to Defendants' conduct or the injury is likely to be redressed by the judicial relief sought. Therefore, Defendants' Rule 12(b)(1) Motion is **GRANTED** as to Plaintiffs Dummett and Volodarsky.[41]

## B. Standing as Concerned Citizens

The other individual Plaintiff named in the Amended Complaint is Plaintiff Maroney. The Amended Complaint refers to Plaintiff Maroney only as an American citizen[42] who will adequately represent a class of "all persons in the United States of America who object to having a candidate that is clearly not qualified to hold the office of President appear on ballots for the office of President in the Tennessee general election."[43] The Amended Complaint further alleges that Plaintiff Maroney will be harmed by the acts of Defendants "because all branches of government at the state and federal level will have failed to uphold the mandates of the U.S. Constitution."[44] Based on these

---

[40] *Nader*, 545 F.3d at 471.

[41] Even if *arguendo* Plaintiff Dummett had alleged his write-in status in the Amended Complaint, the possibility of an injury-in-fact to a write-in candidate for President of the United States is too "conjectural or hypothetical" to establish standing. *Nader*, 545 F.3d at 471. The allegation that an individual from California who is a merely declared write-in candidate in Tennessee is, without additional factual support, too speculative to show injury-in-fact. *ACLU v. Nat'l Sec. Agency,* 493 F.3d at 656–57.

[42] The Amended Complaint does not allege that Plaintiff Maroney is a citizen of the state of Tennessee or any other state.

[43] Am. Compl. ¶¶ 41, 42.

[44] *Id.* ¶ 43.

15

allegations, it appears to the Court that Plaintiff Maroney asserts standing in this matter as a concerned citizen, a voter or a taxpayer.[45]

It is well-settled that a plaintiff lacks standing "to challenge laws of general application where their own injury is not distinct from that suffered in general by other taxpayers or citizens."[46] For example, the Supreme Court has held that where citizens allege that state actors are not following the U.S. Constitution, the alleged injury-in-fact "is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past."[47] This Court holds that the same reasoning should apply to Plaintiff Maroney's claim on behalf of all concerned citizens that President Obama has not met the constitutional qualifications for the Presidency.  Even though Plaintiff is not challenging a specific state law or state action, the fact remains that Plaintiff has asserted an "undifferentiated, generalized grievance" about Defendants' alleged misrepresentations and how those misrepresentations have the effect of violating the U.S. Constitution.  These kinds of allegations simply do not establish Plaintiff Maroney's standing to bring such claims.  For the same reasons, Plaintiff Maroney would not be able to meet prudential standing requirements to bring his claims.[48]  In addition to Article III standing, a plaintiff must also

---

[45] Unlike the other named Plaintiffs, Plaintiff Maroney's standing to bring suit is not specifically addressed in the section of the Amended Complaint with the heading "standing."

[46] *Hein v. Freedom From Religion Foundation, Inc.*, 551 U.S. 587, 598 (2007) (quoting *ASARCO Inc. v. Kadish,* 490 U.S. 605, 613 (1989)).

[47] *Lance v. Coffman*, 549 U.S. 437, 442 (2007) (per curiam) (holding that voters challenging state law on grounds that it conflicted with the Elections Clause of the U.S. Constitution lacked standing).  *See also Johnson v. Bredesen*, 356 F. App'x 781, 784 (6th Cir. 2009) (holding that citizens had not alleged injury-in-fact to support standing for their claim that the state of Tennessee was violating the Fourteenth Amendment).

[48] *Wuliger v. Manuf. Life Ins. Co.*, 567 F.3d 787, 793 (6th Cir. 2009).

16

satisfy three "prudential" standing requirements: (1) a plaintiff must assert his own legal rights and interests, without resting the claim on the rights or interests of third parties; (2) the claim must not be a "generalized grievance" shared by a large class of citizens; and (3) in statutory cases, the plaintiff's claim must fall within the "zone of interests" regulated by the statute in question.[49] Prudential standing requirements ensure that the plaintiff is the "proper proponent, and the action a proper vehicle, to vindicate the rights asserted."[50]  Just as Plaintiff Maroney has not alleged a concrete and particularized injury-in-fact, Plaintiff cannot meet the requirements for prudential standing.  Plaintiff Maroney's is a "generalized grievance" shared by a large class of citizens, a group that he admits could total millions of persons.  Therefore, the Court concludes that Plaintiff Maroney lacks standing to bring the claims alleged in this case.  As a result, Defendants' Motion to Dismiss must be **GRANTED** as to Plaintiff Maroney.

## C. Associational Standing of Liberty Legal Foundation

The only remaining named Plaintiff then is Liberty Legal Foundation.  According to the Amended Complaint, Plaintiff Liberty Legal Foundation is a registered 501(c)(3) charitable organization with a mission to "[s]trategically challenge flawed court precedent to restore the Constitution and individual liberties."[51]  Plaintiffs also allege that at least one member of Liberty Legal Foundation is a declared candidate for President of the United States.[52]  With respect to

---

[49] *Id.* (citation omitted).

[50] *Id.* (quotation omitted).

[51] Am. Compl. ¶ 26.

[52] *Id.* ¶ 27.  In fact, the Amended Complaint alleges that Plaintiffs Dummett and Volodarsky, who are declared presidential candidates, are members of Liberty Legal Foundation.

standing, the Amended Complaint alleges that this suit serves Liberty Legal Foundation's mission because the suit seeks to enforce Article II, section 1 of the Constitution.[53]  Plaintiffs plead that Plaintiffs Dummett and Volodarsky have standing to sue as presidential candidates and that both are members of Liberty Legal Foundation.[54]

Based on the specific allegations of the Amended Complaint, the Court holds that Plaintiff Liberty Legal Foundation lacks standing to bring its claims.  An association has standing to sue on behalf of its members when "its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."[55]  Here Liberty Legal Foundation has failed to plead that its members otherwise have standing to sue in their own right in this case.  Although the Amended Complaint alleges that Plaintiffs Dummett, Volodarsky, and Maroney are members of Liberty Legal Foundation, the Court has concluded that none of these named Plaintiffs have standing to assert the claims in this case.  In the absence of some other specific allegation that a member of the association would have standing to sue in this case, Liberty Legal Foundation has failed to allege that it has standing as an association to bring this suit.  Therefore, Defendants' Rule 12(b)(1) Motion must be **GRANTED** as to Plaintiff Liberty Legal Foundation.

### III.  Request to Amend the Complaint

In their response in opposition, Plaintiffs have made an alternative request for leave to file

---

[53] *Id.* ¶ 49.

[54] *Id.*

[55] *ACLU v. Nat'l Sec. Agency*, 493 F.3d at 694 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000)).

a second amended complaint.[56]  Plaintiffs state, "Should this Court determine that the current complaint does not support a claim of negligent misrepresentation, the Plaintiffs hereby request leave to file an amended complaint to reflect a claim of simple negligence."  Obviously, Plaintiffs have not requested leave to amend their complaint to enhance their allegations about standing but to add a new tort theory.  Even if their request for leave to amend could be construed to include a request to amend their standing allegations, the Court finds that the request is not well-taken.  The Sixth Circuit has held that a motion for leave to amend under Rule 15(a) is governed by Rule 7(b), which states that a motion "shall state with particularity the grounds for seeking the order."[57]  Where a party seeking leave to amend does so "in a single sentence without providing grounds or a proposed amended complaint to support" the request, the Sixth Circuit has held that the party fails to state the grounds for relief with particularity.[58]  More specifically, "a bare request in an opposition to a motion to dismiss. . . without any indication of the particular grounds on which amendment is sought" is insufficient.[59]  The Court finds that Plaintiffs' "bare allegation" is inadequate as a motion for purposes of Rules 7(b) and 15(a).  Therefore, to the extent that this part of the Plaintiffs' brief could be read as a request to amend, the request is **DENIED**.

## CONCLUSION

The Court holds that none of the named Plaintiffs have alleged specific facts to demonstrate

---

[56] Pls.' Resp. in Opp'n 14 (D.E. # 19).

[57] *Evans v. Pearson Enter., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) (citations omitted).

[58] *Id*.

[59] *Id*. (citing *Confederate Mem. Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).

their standing to bring this suit.  As a result, Defendants' Motion to Dismiss pursuant to Rule

12(b)(1) is **GRANTED**.

       **IT IS SO ORDERED.**

                              **s/ S. Thomas Anderson**
                              S. THOMAS ANDERSON
                              UNITED STATES DISTRICT JUDGE

                              Date: June 20, 2012.