## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

      Plaintiffs

                                        CASE NO: 2:12-cv-02143-cgc

      v.

DEMOCRATIC NATIONAL COMMITTEE;
DEBBIE WASSERMAN SCHULTZ, and
CHIP FORRESTER

      Defendants

## MOTION FOR STAY OF SANCTIONS PENDING APPEAL

Pursuant to Federal Rule of Civil Procedure and this Court's Rules, Plaintiffs' move this Court for an order staying its order sanctioning attorney Van Irion. Grounds for this motion are that attorney Irion is likely to succeed on the merits of his appeal; that attorney Irion will be irreparably harmed in the absence of the requested stay; that the balance of equities are in attorney Irion's favor; and that a stay favors the interests of the public.

## MEMORANDUM IN SUPPORT OF MOTION

### I.      Standard

To obtain a stay pending appeal the court should consider whether the moving party is likely to prevail on the merits of the appeal; whether the moving party is likely to be irreparably harmed absent a stay; whether or not others will likely be harmed if the court grants the stay; and whether the public interest supports granting the stay." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir.1991).

### II.     Likelihood of Success on the Merits

A district court's decision to grant or deny sanctions, whether arising under either 28 U.S.C. § 1927 or Rule 11 of the Federal Rules of Civil Procedure, is reviewed under the abuse-of-discretion standard. *Mich. Div.-Monument Builders of N. Am. v. Mich. Cemetery Ass'n,* 524 F.3d 726, 739 (6th Cir.2008) (citing *Ridder v. City of Springfield,* 109 F.3d 288, 298 (6th Cir.1997) ("As with Rule 11 sanctions, we review an order awarding attorney fees under § 1927 for an abuse of discretion.")). An abuse of discretion occurs "when the district court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Geier v. Sundquist,* 372 F.3d 784, 789-90 (6th Cir.2004) (citation omitted).

Because this Court's order sanctioning attorney Irion contains factual, legal, and procedural errors, attorney Irion is likely to prevail on the merits of his appeal.

### A.  28 U.S.C. 1927 to be Strictly Construed

28 U.S.C. 1927 should be construed narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law. *U.S. v. Ross*, 535 F.2d 346 (6th Cir. 1976); *Mone v. C.I.R.*, 774 F.2d 570 (2nd Cir.1985).

### B.  It is *Well-Established* that *One* Plaintiff with Standing is Sufficient

This Court's Order held, "Specifically, counsel for Plaintiffs reasonably should have known that Plaintiffs lacked standing to pursue their claims." R.32 at 8. Regarding Plaintiff Maroney "The Court was left to presume based on the allegations of the Amended Complaint that Maroney brought suit in his capacity as a concerned citizen and tax payer…*On this basis alone, counsel's conduct lacked any reasonable justification*." *Id*. at 8-9 (emphasis added). Similarly, the Court concluded, "counsel for Plaintiffs should have reasonably concluded that Liberty Legal Foundation lacked standing to assert any claims in this case." *Id*. at 10.

Yet, the U.S. Supreme Court has explained that "the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement." *Rumsfeld v. Forum for Academic and Institutional Rights, Inc*., 547 U.S. 47, 52 at FN2 (2006), *citing Bowsher v. Synar*, 478 U.S. 714, 721 (1986).

This legal conclusion was explicitly pointed out by attorney Irion in his response to Defendants' motion to dismiss: "Because Plaintiff Dummett has standing, all other Plaintiffs in the instant case, including Liberty Legal Foundation, also have standing." R.19 at 8, citing *Massachusetts v. EPA*, 549 U.S. 497, 518 (2007). Therefore, this Court's statements that attorney Irion didn't address standing for Plaintiffs Maroney and Liberty Legal Foundation, are incorrect. Attorney Irion explicitly relied upon Supreme Court precedent, coupled with his arguments that Plaintiff Dummett had competitive candidate standing. *Id*.

**C.  Advocating a Case of First Impression Cannot Support Sanctions**

Sanctions under 28 U.S.C. 1927 cannot be found against an attorney relying upon legal arguments of first impression. *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370 (6th Cir. 1987); *See also O'Neal v. Kilbourne Medical Laboratories, Inc.*, 251 F.R.D. 247 (E.D.Ky.2008); *Asai v. Castillo*, 593 F.2d 1222 (D.C.Cir. 1978); *Oklahoma ex rel. Bd. of Regents of University of Oklahoma v. Greer*, 205 F.Supp.2d 1273 (W.D.Okla.2001); *Martinez v. Dodge Printing Centers, Inc.*, 123 B.R. 77 (D.Colo.1991); *Smith Intern., Inc. v. Texas Commerce Bank*, 844 F.2d 1193(5th Cir. 1988).

> "Where plaintiff's original claim for COD charges had never before been litigated and was therefore one of first impression, it was not "frivolous" and plaintiff's attorneys did not "multiply" the proceedings by filing an action in federal district court, notwithstanding prior dismissal of plaintiff's action by Illinois state court." *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789 (7th Cir. 1983).

In the instant case this Court's order sanctioning attorney Irion for "frivolously" asserting Plaintiffs' standing, cites only two cases that relate to standing. One of the cases, *ACLU v. National Security Agency*, had nothing to do with competitive candidate standing, and was a case dismissed at the summary judgment stage rather than upon a Rule 12 motion. *See* R.32 at FN23, citing 493 F.3d 644, 656-57 (6th Cir. 2007). The other case was *Drake v. Obama*, which states "This notion of 'competitive standing' has been recognized by several circuits." *Drake v. Obama*, 664 F.3d 774, 782-3 (9th Cir. 2011); *citing Hollander v. McCain*, 566 F.Supp.2d 63, 68 (D.N.H. 2008); *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 586-87 & n.4 (5th Cir.2006); and *Schulz v. Williams*, 44 F.3d 48, 53 (2nd Cir. 1994).

This Court's order distinguishes the instant case from the facts in *Drake*. R.32 at 9-10. Because this Court's order doesn't cite any precedent directly on point, it can be assumed that the facts noted by this Court as distinguishing the instant case from *Drake* are the Courts only

grounds for finding that Plaintiff Dummett lacked standing as a competitive candidate. *Id*. While such distinction may serve to support this Court's dismissal of the instant case, it also shows that the instant case is one of first impression. In other words, by failing to cite any precedent directly on point, and by instead distinguishing the facts of *Drake* from the facts of the instant case, this Court's order established that attorney Irion did not have precedent upon which to rely that contained identical facts to the instant case. These circumstances are exactly the definition of "a case of first impression." *See Black's Law Dictionary* 206 (Bryan A. Garner ed., 7th ed., West 1999).

The *Drake* Court did not cite the facts relied upon by this Court as grounds for denying competitive candidate standing. Nor did the *Drake* Court, or any other court state that a competitive candidate must allege any of the facts that this Court determined were necessary to establish competitive candidate standing. To attorney Irion's knowledge, no authority can be cited, prior to the instant case, to support the legal conclusion that a plaintiff must plead "that he was a Tennessee political party's nominee for the office, that his name would appear on the ballot for Tennessee's general election in November, that he was campaigning in the state of Tennessee, [or] that any registered voter in Tennessee intended to cast a vote for him."[1] R.32 at FN21.

At worst, attorney Irion alleged facts that were not exactly identical to those established in *Drake* and similar precedent. In other words, attorney Irion has been sanctioned for advocating a legal theory of first impression. This Court's sanctions, therefore, violate well-established precedent, and act to chill aggressive advocacy regarding Constitutional issues.

---

[1] Plaintiff Dummett actually *is* campaigning in Tennessee and *does* have several registered voters in Tennessee that intend to campaign for him and plan to vote for him. These allegations would have been included in an amended complaint had the Court allowed an amendment rather than dismissing.

### D.  This Court's Order Mis-Stated Allegations

This Court found that Plaintiffs' assertion of standing was "more than negligence or incompetence," and stated as grounds for its finding, that "Dummett had failed to plead…that President Obama's presence on the ballot would in any way injure his campaign." R.32 at 8 & FN21. Yet Plaintiffs Complaint states:

> "Absent this Court's grant of the requested relief, Plaintiff John Dummett will be concretely and continuously harmed as direct and proximate result of the defendant's actions and failures to act, because the appearance of Barrack Obama's name appearing on Tennessee Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Dummett." 1st Amd. Compl. at ¶33.

As this Court's order points out, all of Plaintiffs' allegations must accepted as true. *See* R.32 at FN20, *citing DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). This Court's order reflects either a failure to adequately review Plaintiffs' complaint, or a failure to accept Plaintiffs' allegations as true. In either case, this Court's finding that attorney Irion was "more than" negligent or incompetent, is clearly an error.

### E.  This Court's Order Violates Attorney Irion's Right to Due Process

While due process does not always require a hearing prior to imposing sanctions under 28 U.S.C. 1927, a review of precedent shows that notice of the specific grounds upon which the sanctions are founded, coupled with an opportunity to respond following such notice, is always required. *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91(2nd Cir. 1997), certiorari denied 522 U.S. 932, (Under due process clause, district court failed to give attorney adequate notice that sanctions would be imposed under statute making counsel liable for excessive costs for multiplying proceedings; attorney was notified only that Rule 11 sanctions were being sought, *and district court went beyond conduct specified in opposing counsel's Rule 11 motion*); see also *T.W. Elec.*

*Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626 (9th Cir. 1987), (Notice and hearing should precede imposition of sanction for attorney's alleged unreasonable and vexatious multiplication of proceedings); *Mackler Productions, Inc. v. Cohen*, 146 F.3d 126 (2nd Cir. 1998); *Cook v. American S.S. Co*., 134 F.3d 771 (6th Cir.1998).

In the instant case the Defendants' motion for sanctions did not assert that Plaintiffs lacked standing to bring their suit, as grounds for its sanctions motion. The Defendants' motion did assert that Plaintiffs' lawsuit was frivolous. However, the grounds asserted in support of this claim were that Plaintiffs' substantive claim regarding the definition of the term "natural born citizen" was frivolous.

Attorney Irion's response in opposition to Defendants' motion for sanctions responded at length to the grounds set forth in Defendants' motion. By contrast, because Attorney Irion was not given any notice that he might be sanctioned for failing to establish standing, he spent only two paragraphs discussing standing in his opposition to Defendants' motion for sanctions. Further, these two paragraphs essentially amounted to quoting the standard from *Drake*. They were included *only* because Defendants' motion cited several similar cases in which the plaintiffs were not competitive candidates. Attorney Irion's very short discussion of standing was only intended to distinguish the instant case from these other cases, which were cited by defendants in support of their assertion that the underlying article II issue was frivolous. In other words, attorney Irion was pointing out that these other cases never reached the substantive issue because they didn't have plaintiffs with competitive candidate standing. Attorney Irion's opposition to Defendant's motion for sanctions didn't positively elaborate on the standing issue because attorney Irion didn't have notice that he might be found "more than incompetent" based upon this issue.

This Court never issued a show cause order clarifying the grounds upon which it was considering sanctioning attorney Irion. Finally, this Court denied attorney Irion's explicit request for a hearing regarding sanctions.

Because the Defendants' motion for sanctions never asserted lack of standing as grounds for finding Plaintiffs' case frivolous, attorney Irion had no notice that this Court might sanction him based upon these grounds. Therefore, this Court's order citing sua sponte grounds for sanctions without any notice and without a hearing and without any meaningful opportunity to respond to the Court's grounds, violates attorney Irion's right to due process.

### III.   Irreparable Harm

Attorney Irion's professional reputation has already been irreparably harmed by this Court's finding that attorney Irion is "more than negligent or incompetent." Allegations of professional incompetence have historically been recognized as per se irreparable harm.

Several articles have already been published by news agencies and internet sources regarding this Court's findings. Absent a stay the presumption will be that the Court's finding is correct. This is likely to lead to more articles and discussions regarding the Court's finding.

As established above, attorney Irion is likely to prevail on appeal. Granting the instant motion would begin to limit the irreparable harm done to attorney Irion's reputation by establishing that this Court's findings are likely to be reversed.

### IV.   Defendants Will Not Be Harmed By Stay

Assuming attorney Irion prevails on appeal, the Defendants will not be harmed at all by a stay pending appeal. If attorney Irion does not prevail on appeal, then the Defendants will still

receive their fees, as ordered by this Court. Again, no harm will be done to Defendants by **GRANTING** the instant stay.

### V.       Stay Will Benefit the Public

Great caution should be used before utilizing 28 U.S.C. 1927 because this statute carries with it potential to stifle enthusiasm or chill creativity that is very lifeblood of law. *U.S. v. Ross*, 535 F.2d 346 (6th Cir. 1976); *Mone v. C.I.R.*, 774 F.2d 570 (2nd Cir.1985). This is particularly true when it comes to advocacy in defense of constitutional issues.

An error in granting the instant stay would not harm the public because the intent of 28 U.S.C. 1927 will be served whether sanctions are instituted immediately or six months from now. However, an error in denying the instant stay will, without any doubt, result in permanent chilling of attorney advocacy in defense of the Constitution. Denying the instant motion will have a chilling effect upon Constitutional advocacy regardless of whether the sanctions at issue are eventually vacated.

### VI.      Conclusion

For all of the reasons stated herein, attorney Irion requests that this Court **GRANT** this motion to stay its order sanctioning attorney Irion, pending appeal.

Submitted on the 16th Day of Elul, in the year of our Lord 2012 (a.k.a. September 4, 2012).

_s/Van R. Irion_____
Van R. Irion (TNBPR#024519)
Liberty Legal Foundation
9040 Executive Park Drive, Ste. 200
Attorney for Plaintiffs
(423) 208-9953

CERTIFICATE OF SERVICE

It is hereby certified that on 16th Day of Elul, Year of our Lord 2012 (a.k.a. September 4, 2012), a copy of "Plaintiffs' Motion for Stay of Sanctions Pending Appeal" was filed electronically. Parties may access this filing through the Court's electronic filing system. A copy of this motion will also be served upon the Defendants via mail.

   s/Van R. Irion_____

Van R. Irion
Liberty Legal Foundation
9040 Executive Park Drive, Ste. 200
Attorney for Plaintiffs
(423) 208-9953