IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LIBERTY LEGAL FOUNDATION, JOHN DUMMETT, LEONARD VOLODARSKY, CREG MARONEY, <br><br> Plaintiffs, <br> vs. <br><br> NATIONAL DEMOCRATIC PARTY OF THE USA, INC., DEMOCRATIC NATIONAL COMMITTEE, TENNESSEE DEMOCRATIC PARTY, DEBBIE WASSERMAN SCHULTZ, and CHIP FORRESTER, <br><br> Defendants. | Case No. 2:12-cv-02143-cgc <br><br> Removal of Case No. CH-11-1757-3 From Chancery Court for the State of Tennessee in Shelby County |

**DEFENDANTS' CONSOLIDATED OPPOSITION TO MOTION TO RECONSIDER AND MOTION FOR STAY**

On August 24, 2012, the Court Granted in Part, and Denied in Part Defendants' Motion for Sanctions (Dkt. 32, the "Sanction Order"). On September 4, 2012, Plaintiffs filed a Motion to Reconsider Sanctions (Dkt. No. 33, the "Motion to Reconsider") and a Motion for Stay of Sanctions Pending Appeal (Dkt. No. 34, the "Motion to Stay") seeking the Court's reconsideration and a stay of the Sanctions Order, respectively. Defendants, the Tennessee Democratic Party ("TNDP"), and Chip Forrester (collectively the "TNDP Defendants" and together with the Democratic National Committee and Debbie Wasserman Schultz the "Defendants") file this Consolidated Opposition to Motion to Reconsider and Motion For Stay.

**INTRODUCTION**

Plaintiffs' Motion to Reconsider and Motion for Stay, like the original complaint in this case, have no basis in law or fact and is a continued attempt to multiply the proceedings and

1

unnecessarily prolong these proceedings. The Court's well-reasoned and well-supported Sanctions Order should be upheld in its entirety, and should not be stayed. Plaintiffs' Motions should be denied in their entirety.

The Motion to Reconsider fails at the outset for failure to comply with Local Rule 7.3 which governs "Motion for Revision of Interlocutory Orders" of which the Motion to Reconsider is not styled but acts as in substance. The Motion to Reconsider does not cite the correct standard governing this Court's decision to revise an interlocutory order and also fails as it contains repetition of argument that is specifically prohibited under Local Rule 7.3(c). Moreover, the substantive arguments offered in support of reconsideration are utterly baseless. In fact, they contain provably false statements, for example, the Plaintiffs claim that the Sanctions Order violates Plaintiffs' counsel's due process because "Defendants' motion for sanctions did not assert that Plaintiffs lacked standing to bring their suit, as grounds for its sanctions motion" and therefore "Attorney Irion was not given any notice that he might be sanctioned for failing to establish standing." (Motion to Reconsider at 6.) However, this is patently false, as the Defendant's Motion for Sanctions contains 3 pages of argument regarding standing and Plaintiff's lack of standing is the very first argument raised in support of imposing sanctions on the Plaintiffs. (Sanctions Motion at 6-8, and n. 4.) The Court should no longer be surprised that the Plaintiffs would put forward such an absurd argument that is demonstrably false, as this type of frivolity have been the touchstone of Plaintiffs conduct throughout this lawsuit.[1]

The Motion to Stay is equally defective, if not more so. The Motion to Stay fails to satisfy all factors governing the Court's evaluation of staying interlocutory orders pending appeal, most notable of which is Plaintiffs' utter failure to show how they would be "irreparably

---

[1] Additionally, this factual assertion by the Plaintiffs is not one that requires interpretation or the drawing of inferences. The assertion is simply false and as such raises questions about the Plaintiffs candor to the Court.

harmed" as a result of the Sanctions Order being given immediate effect. Since the staying of a pending order is proper only in instances of a showing of irreparable harm, Plaintiffs have offered no declaration, affidavit, or other evidence showing how the payment of a sanction award in this case would result in any harm, let alone irreparable harm. The Motion for Stay must fail on this basis alone; after all, if sanctions are ordered pursuant to the Sanctions Order, a simple bond can be posted while on appeal to avoid payment until after the final resolution and if Plaintiffs' counsel elects to pay the sanctions pending appeal and the Court of Appeals eventually determines the sanctions were improperly imposed, which is highly unlikely, the sanctions could simply be repaid to Plaintiffs' counsel. Since monetary damages or payments are the exact antithesis to "irreparable harm," Plaintiffs cannot carry their substantial burden of showing a basis for staying the Court's Sanctions Order.

## FACTUAL BACKGROUND

Plaintiffs initially filed this case in Shelby County Chancery Court and Defendants successfully removed the case to this Court. (Dkt. 1.) The operative complaint is a class action complaint[2] seeking injunctive relief for the extraordinary purpose of keeping Barack Obama off the Tennessee ballot for the upcoming November 2012 election on the basis that he did not satisfy Article II's "Natural Born Citizen" requirement to hold the office of President of the United States. (Amended Complaint ¶¶ 1, 52-59.) This was not the first time parties have attempted to delegitimize the President with these accusations. (Dkt. No. 26, Defendant's Motion for

---

[2] The class is defined in the complaint to include all citizens of the United States who are either registered with the Federal Election Commission to run for President of the United States or who "object to having a candidate that is clearly no qualified to hold the office of President…". Disturbingly, on his Liberty Legal Foundation website under the Asked & Answered portion, Liberty Legal advertises that any "Any U.S. citizen can be a member of a Liberty Legal Foundation class action. We just need to verify your identity by running a small credit card transaction. This counts as a tax deductible donation to Liberty Legal Foundation and helps us cover the costs of the lawsuit." This is an additional major ethical issue because absent class members are being told that to remain a member of the defined class in the complaint, they have to make a donation to Liberty Legal Foundation (Plaintiffs' Class Counsel's foundation) – which violates the letter and the spirit of the law.

Sanctions, at p. 2-3 , the "Sanctions Motion")(identifying the numerous "birther" cases that have been filed in federal and state forums).

The Defendants filed three Motions to Dismiss (Dkt. 4, 6 and 8) pursuant to Fed. R. Civ. P 12(b)(1) and (6), 12(b)(2) and 12(b)(3), and sent a Rule 11 letter requesting that the Plaintiff immediately dismiss the lawsuit (Dkt. 26, Ex. A).

Shortly after the parties fully briefed the motions to dismiss, the Court granted the Defendants' consolidated Rule 12(b)(1) and (6) Motion to Dismiss (Dkt. 4, the "12(b)(1) Motion to Dismiss") on the basis that the Court lacked subject matter jurisdiction because the Plaintiffs lacked standing to pursue their claims. (Dkt. 31.) That Order is now final. Thereafter, the Court granted the TNDP Defendants' Sanctions Motion and found that the TNDP Defendants' counsel is entitled to the fees it incurred in drafting the consolidated Rule 12(b)(1) and (6) Motion to Dismiss. (Dkt. 4 and 5.)

The Sanctions Order found that by filing the lawsuit the Plaintiffs violated 28 U.S.C. § 1927. (Sanctions Order at 7-11.) Specifically, the Court, relying on Sixth Circuit precedent interpreting 28 U.S.C. § 1927, which held that sanctions were warranted here because:

> The Court holds that Defendants have shown that counsel for Plaintiff knew or reasonably should have known that the claims in this case had no basis in law. Specifically, counsel for Plaintiffs reasonably should have known that plaintiffs lacked standing to pursue their claims related to Defendants' efforts to certify President Obama as the Democratic Party's nominee for the Tennessee general election.

4

(Sanctions Order at 8.)

In response to the Sanctions Order and the Court's directive therein, the TNDP Defendants filed their Petition for Attorney's Fees on September 14, 2012 seeking $22,800 in attorneys' fees covered by the Sanctions Order. (Dkt. No. 37.)

## ARGUMENT

Neither the Motion to Reconsider or the Motion For Stay satisfies the applicable standard for granting reconsideration or staying of the Sanctions Order. Accordingly, the Court should deny both Motions and enter a fee award of $22,800 in attorney fees to the TNDP Defendants' for having to defend against the meritless and frivolous claims brought by the Plaintiffs.

### I.     The Motion To Reconsider Must Be Denied

Curiously, Plaintiffs Motion to Reconsider does not reference the standard governing Motion for Reconsideration in this Court, presumably because Plaintiffs know they cannot meet it. The standard governing motions for reconsideration in this Court, as provided in Local Rule 7.3, requires a motion to show:

> (1) A material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

Local Rule 7.3(b); *see also Carbon Processing & Reclamation, LLC v. Valero Marketing and Supply Co.*, Case No. 09-2127-STA, 2012 U.S. Dist. LEXIS 93969, ** 6-7 (W.D. Tn.) (J. Anderson) (applying Local Rule 7.3 to a motion for reconsideration). The Local Rule goes onto specifically prohibit a motion to reconsider from "repeating any oral or written argument made by the movant in…opposition to the interlocutory order" and allows the Court to enter

"appropriate sanctions, including, but not limited to striking the filing" in the event the motion violates this prohibition. Local Rule 7.3(c); *see also Valero*, 2012 U.S. Dist. LEXIS 93969, **7-8.

The Motion to Reconsider does not raise any allegation that would satisfy any of these standards and clearly violates the prohibition against repetition of argument by repeating the same standing argument Plaintiffs put forward in their opposition to the Sanctions Motion. (*Compare* Motion to Reconsider at 2-3 *with* Opposition to Motion to Sanctions, Dkt. No. 29 at 18-19). On this basis alone the Motion to Reconsider should be denied, and should be stricken from the record. Local Rule 7.3(c); *Valero*, 2012 U.S. Dist. LEXIS 93969, **7-9 (denying motion for reconsideration because motion to reconsider merely repeated arguments made in the original briefing).[3]

In any event, Plaintiffs' Motion to Reconsider does not contain any argument[4] that new law or new facts require a change to the Sanctions Order, nor could it, and therefore the Motion fails both the first and second factor contained in Local Rule 7.3(b). Plaintiffs fail to attach any declaration of affidavit that would offer new "facts" into the record or attempt to explain why such facts were new or not known to the Plaintiffs at any relevant time. Plaintiffs also fail to identify any change in law or new authority that would point to a different result or analysis. Therefore, the only question presented is whether the Sanctions Order displays a "manifest failure by the Court to consider material facts or dispositive legal arguments." Importantly, Plaintiffs do not allege that the Court committed manifest failure, instead, Plaintiffs attempt to raise three new legal arguments, that could have been made in the original opposition. Nothing

---

[3] For this reason, the TNDP Defendants will not address the Motion to Reconsider's arguments on standing, as this ground has now been well trodden by the Defendants and the Court in this case.
[4] TNDP Defendants are not conceding that mere argument is sufficient to meet the standard, instead, the TNDP Defendants are pointing out that Plaintiffs did not even attempt to meet the first two prongs.

in Plaintiffs' brief can even arguably be interpreted to raise to the level of "manifest failure" requiring reconsideration of the Sanctions Order.

Moreover, Plaintiffs fully ignore the portion of the Court's order that holds that counsel's conduct "lacked any reasonable justification" for filing suit on behalf of Maroney – a citizen, the Court correctly noted, who has an "undifferentiated, generalized grievance" completely insufficient to justify standing. (Motion for Sanctions at 8-9.) Presumably by filing on behalf of Mr. Maroney alone, Plaintiffs' counsel was subject to sanctions and he makes no further attempt to justify his conduct in filing suit on Mr. Maroney's behalf. On this basis alone the Motion for Reconsideration should be denied in its entirety. In any event, as explained below, all arguments put forth in favor of reconsideration are utterly meritless.

   **1. This Is Not A Case Of First Impression And Even If It Were Sanctions Are Still Appropriate**

Plaintiffs incorrectly and without support allege that "sanctions under 28 U.S.C. § 1927 cannot be sound against an attorney relying upon legal arguments of first impression." (Motion to Reconsider at 3.) Initially, this is not a case of first impression as discussed in Defendants' Motion to the Dismiss under 12(b)(1) and 12(b)(6) (Dkt. Nos. 4-5 ) and also in TNDP Defendants Motion for Sanctions (Dkt. No. 25), standing is a well-developed area of law and has been considered and ruled upon in similar circumstances by both district courts and courts of appeals.

Plaintiffs allege cases of first impression enjoy absolute immunity from sanctions, but a review of the case law cited by Plaintiffs for the proposition reveals cases of first impression enjoy no such immunity, and even if such cases did, this is not a case of first impression. The Sixth Circuit case relied upon by Plaintiffs declined to impose sanctions because Plaintiffs "theory of liability was not so obviously precluded by existing precedent that the attorney should

7

have known that the claim was frivolous." *Smith v. Detroit Federation of Teachers Local 231, et. al*, 829 F.3d 1370, 1379 (1987).   Implicit in this statement, and contrary to Plaintiffs contentions here, is that sanctions are appropriate - even in cases of first impression – when, as here, Plaintiffs' theory of liability was "so obviously precluded by existing precedent that the attorney should have known that the claim was frivolous."  Therefore, Plaintiffs claims of absolute immunity for cases raising issues of first impression is wholly unsupported by the Sixth Circuit precedent on which Plaintiffs rely.  *Id.*; *see also United States v. Alexander*, 981 F.2d 250, 253 (5th Cir. 1993) ("Of course, a claim that is utterly insupportable may be sanctionable even if the circuit has not addressed the issue.").

One district court in the Sixth Circuit has already pointed out the absurdity of Plaintiffs' position:

> It simply cannot be the case that a party who raises an issue of first impression in a jurisdiction is entitled to absolute immunity from sanctions in raising the issue. Such a rule would require that a patently frivolous, yet novel, legal argument would not be sanctionable.

*John Richards Homes Bldg. Co., L.L.C. v. Adell Broadcasting Corp.*, Case No. 06-13748, 2009 U.S. Dist. LEXIS 117968, * 8 (E.D. Mich. 2009) *citing Ozee v. Amer. Council on Gift Annuities, Inc.*, 143 F.3d 937, 941 (5th Cir. 1998) (rejecting as unpersuasive defendant's contention that it should not be sanctioned for pursuing an appeal in a case of first impression).

Based on this case law, it is clear that a party and its counsel can be sanctioned for pursuing a case of first impression when an attorney should reasonably know that its position is precluded by existing case law, which as the Court has already ruled, is the case here.  Plaintiffs' counsel's attempt to extend the doctrine of "competitive standing," a doctrine that has not been adopted in this circuit, to write-in candidates is utterly unsupported by existing precedent on standing. (Sanctions Order at 9-10.)  Specifically, the Sanctions Order correctly held that "[t]he

8

allegation that an individual from California who is merely a declared write-in candidate in Tennessee is, without additional factual support, too speculative to show injury-in-fact." (Sanctions Order at 10.)

In short, Plaintiffs' attempts to expand the bounds of competitive standing to the facts of this case are neither supported by relevant case law or the facts. To this end, Plaintiffs' counsel's actions here are similar to another case in this circuit where sanctions were imposed, and the Court correctly summarized sanctionable conduct as follows:

> It is clear beyond peradventure, therefore, that sanctions should be imposed against plaintiff for prosecuting this frivolous and vexatious lawsuit. Though it is quite plain that plaintiff's counsel fully believes in the correctness of his legal argument, good faith is no longer a defense against sanctions in this judicial circuit, neither under § 1927 nor under Rule 11...Counsel clearly has permitted his enthusiasm for a skewed legal theory to blind him to plain reality: his theory is not, and never has been during the pendency of this litigation, supportable in existing law.

*Newton v. Georgia-Pacific Corp.*, Case No. 86-CV-40480, 1987 U.S. Dist. LEXIS 15736 (E.D. Mich. 1987) (sanctioning attorney for prosecuting a "legally creative" case in the face of precedent that clearly made plaintiff's claims frivolous).

Finally, as Plaintiffs pointed out in its Sanctions Motion, no less than 18 cases have brought these same, tired allegations about the President's qualifications to hold the office of President of the United States.[5] (Sanctions Motion at 2-3, and n.1.) Not only is this case not a case of first impression, then, it's not even a case of 19th impression. Given the growing body of case law directly addressing the issues herein, Plaintiffs' counsel, at a minimum should have known that Plaintiffs here did not have standing as the facts necessary to establish standing in

---

[5] In fact, these eighteen cases represent the cases in federal and state forums that have reached a reportable decision that is searchable in the main legal databases. Some websites collect and track the myriad of birther cases filed throughout the country and a full string cite of over 150 cases at the federal and state level raising these same allegations can be found at :
http://tesibria.typepad.com/whats_your_evidence/BIRTHER%20CASE%20LIST.pdf.

these "birther" actions has clearly been established, and Plaintiffs here hardly cured the defects in the previous birther cases by seeking to prosecute this case "on behalf of a California resident who had registered to run for President but had failed to qualify for the ballot in the state of Tennessee." (Sanctions Order at 9-10.)

### 2. The Court's Order Does Not Misstate Allegations

In its Sanctions Order the Court correctly identified the inherent defects in Plaintiff Dummett's standing status by noting that Plaintiff Dummett had:

> Failed to plead that he was a Tennessee political party's nominee for the office, that his name would appear on the ballot for Tennessee's general election in November, that he was campaigning in the state of Tennessee, that any registered voter in Tennessee intended to cast a vote for him, or that President Obama's presence on the ballot would in any way injure his campaign.

(Sanctions Order at 9, citing Order Granting Defs.' Mot. To Dismiss (Dkt. No. 31).) Despite these identified pleading defects, the Plaintiffs now argue the Court should have accepted as true its conclusory allegation that Plaintiff Dummett "will be concretely and continuously harmed as a direct and proximate result of the defendants actions." (Motion to Reconsider at 5 *citing* Amended Compl. ¶ 33. However, it is well settled that in ruling on a Rule 12(b) motion, the Court need not accept as true "legal conclusions" contained in a complaint, and "standing cannot be inferred from averments in the pleadings, but rather must affirmatively appear in the record, nor will naked assertions devoid of further factual enhancement suffice." *White v. United States*, 601 F.3d 545, 552 (6th Cir. 2010) (upholding dismissal of claim because plaintiffs complaint failed to plead facts with sufficient particularity supporting plaintiffs' standing to bring suit.

Here, Plaintiffs' complaint only contains a "naked assertion[] devoid of further factual enhancement" that Plaintiff Dummet would suffer an injury in fact as a result of President Obama remaining on the Tennessee ballot. Plaintiff Dummet's failure to plead he would

10

actually appear on the ballot to compete with President Obama for votes in this state doomed his complaint, and Plaintiffs' counsel should have known this given the well-settled case law on standing and the plethora of other cases raising similar allegations about President Obama's qualifications to hold the Office of President of the United States. (Dkt. No. 31, Dismissal Order, at 14; Sanctions Order at 9-10.)

In short, Plaintiffs' argument that the conclusory legal conclusions concerning Dummet's standing to pursue his claims is obviously misplaced, and the Court has already correctly identified the pleading defects justifying dismissal of this suit and the imposition of sanctions. *White*, 601 F.3d at 552.

Moreover, even if there was a modicum of support for Plaintiffs new position, the Court's Sanctions Order does not raise to the level of "manifest disregard" of a fact in the record to justify granting reconsideration of the Sanctions Order as required by Local Rule 7.3(b). Accordingly, the Motion to Reconsider could be denied on this basis alone.

### 3. The Court's Order Does Not Violate Attorney Irion's Right To Due Process

Plaintiffs' counsel saves his worst argument for last. Plaintiffs make the astounding argument that "Defendants' motion for sanctions did not assert that Plaintiffs lacked standing to bring their suit" and therefore, Plaintiffs' counsel's due process rights were violated for lack of notice for grounds on which sanctions may be imposed. (Motion to Reconsider at 5-6.) Although Defendants would challenge the legal authority Plaintiffs' counsel cites in support of this argument, it is utterly unnecessary given the blatant absurdity of the factual assertion. The first, <u>the very first</u>, argument in favor of imposing sanctions in the Defendant's Sanctions Motion reads: "**Plaintiffs Should Have Learned After A Reasonable Search That They Lacked Standing To Challenge President Obama's Qualifications To Hold The Office Of President Of The United States**." (Sanctions Motion at 6)(Emphasis added). The Sanctions Motion goes

11

on for three additional pages discussing the legal and factual basis for the plaintiffs' lack of standing and why sanctions were warranted given the existing case law. (Sanctions Motion at 6-8).

In other words, Plaintiffs' counsel's argument is **demonstrably false** on its face. The very fact Plaintiffs' counsel spent two full pages in his Motion to Reconsider putting forth an argument that he knew was false, shows the extent to which Plaintiffs' counsel is willing to continue his vexatious tactics in this litigation. . .

At a minimum, Plaintiffs believe this argument in and of itself is grounds for additional sanctions under 28 U.S.C. § 1927, and obviously not a proper ground for granting reconsideration of the Sanctions Order. Defendants' reluctantly suggest that the Court should additionally consider whether Plaintiffs' counsel should be allowed to continue appearing *pro hac vice* in this matter.

## II.     The Motion To Stay Must Be Denied

The Motion to Stay contains numerous overlapping arguments as the Motion to Reconsider, and the TNDP Defendants will not belabor their points above by repeating them here. Rather, the TNDP Defendants will address the arguments specific to granting the Motion to Stay.

The issuance of a stay pending appeal "is not a matter of right", but "an exercise of judicial discretion." *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749 (2009). A stay of a pending interlocutory order is appropriate when the party appealing an order can demonstrate that the moving party is likely to prevail on the merits of the appeal; whether the moving party is likely to be irreparably harmed absent a stay; whether or not others will likely be harmed if the court grants the stay; and whether the public interest supports granting the stay. *Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007); *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union,*

*Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Cooey v. Strickland*, 589 F.3d 210, 218 (6th Cir. 2009).

Given that none of these factors are satisfied here, Plaintiffs Motion to Stay must be denied.

### 1. The Appeal Is Meritless

Plaintiffs put forth the same arguments in support of its Motion to Reconsider as grounds for claiming its appeal has merit. As already demonstrated, the Motion to Reconsider has no merit, and accordingly Plaintiffs appeal is meritless. This is especially so given the fact that "[a]n appellate court reviews a district court's award of sanctions for abuse of discretion." *Stalley v. Mt. States Health Alliance*, 644 F.3d 349, 351 (6th Cir. 2011) (upholding imposition of sanctions for bringing frivolous claims). In other words, it is not enough for the Plaintiffs to demonstrate this Court was wrong, but the Court had abused its discretion in imposing sanctions. Given this high threshold and the well supported Sanctions Order, the appeal is not likely to succeed, and therefore, this factor weighs heavily in favor of denying the Motion to Stay.

### 2. Plaintiffs' Counsel Will Suffer No Irreparable Harm

"Potential monetary damage does not constitute irreparable harm." *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002). Therefore, Plaintiffs cannot argue that having to pay sanctions would constitute "irreparable harm." Rather, Plaintiffs make the unsupported allegation that Plaintiffs' counsel's "professional reputation" is at stake if the order is not stayed. (Motion to Stay at 8.) However, Plaintiffs' counsel provides no evidentiary support for this allegation and does not provide any of the news articles he alleges are impinging

his reputation[6]. This lack of support is sufficient for the Court to conclude that no irreparable harm will accrue to Plaintiffs' counsel. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again."); *see also Brown v. District of Columbia*, Case No. 12-799, 2012 U.S. Dist. LEXIS 122987, *14 (D.D.C. 2012) ('Because plaintiff fails to present any evidence that, absent injunctive relief, her professional reputation or ability to obtain future employment will be irreparably harmed beyond notional assertions that they will, the only other contentions of irreparable harm made by the plaintiff "are merely financial, and thus, not irreparable."

Accordingly, this factor weighs in favor of denying Plaintiffs Motion to Stay.

### 3. No Other Parties Will Be Injured If The Stay Is Not Issued

Plaintiffs do not allege that any other party would be injured as a result of not issuing the stay, and therefore, this factor weighs in favor of denying the Motion to Stay.

### 4. The Public Interest Favors Imposing Sanctions

Part of the purpose of 28 U.S.C. § 1927 is to vindicate the "public interest" in ensuring that the legal system is used for proper as opposed to vexatious purposes. *See Ruderer v. Fines*, 614 F.2d 1128, 1132 (7th Cir.1980) ("The penalty aspect of the rule serves to vindicate public interests."); *see also Trohimovich v. Comm'r*, 776 F.2d 873 at 876 (9th Cir. 1985) ("[Sanctions penalize] the needless expenditure of judicial time, and [effectuate] our intent to deter further frivolous appeals.") When an attorney runs afoul of its provision the public interest then is by

---

[6] Even assuming arguendo that Plaintiffs' counsel's reputation is somehow hindered by the Sanctions Order, staying that order will not alleviate this harm. The Sanctions Order remains valid until and unless the Sixth Circuit overturns it, which is highly unlikely. Therefore, granting a stay will not cure or mitigate the alleged irreparable harm to Plaintiffs' counsel's reputation.

14

definition injured. Putting off the imposition of sanctions under this statute only delays righting this public wrong.

Plaintiffs incorrectly claim that a failure to impose a stay will "result in permanent chilling of attorney advocacy in defense of the Constitution," but this is an unsupported allegation. In fact, to the extent that the Sanctions Order has a chilling effect, it would be to chill frivolous, unsupported, and vexatious litigation, which would obviously serve the public interest.

Accordingly, this factor too weighs heavily in favor of denying the Motion to Stay.

## CONCLUSION

In light of the foregoing, the Court should deny the Motion to Reconsider and the Motion to Stay. Further, to the extent necessary, given the frivolous arguments put forth for both motions by the Plaintiffs and specifically, the simply factually false claims made by the Plaintiff, the Court should consider imposing additional sanctions under 28 U.S.C. § 1927.

Submitted this 21st day of September, 2012.

By: /s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV (BPR #023045)
Benjamin A. Gastel (BPR# 028699)
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Telephone: 615/254-8801
Facsimile:  615/250-3932
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Counsel for the Tennessee Democratic Party and Chip Forrester*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via the Court's CM/ECF system, on September 21, 2012, upon:

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923

/s/   J. Gerard Stranch, IV
J. Gerard Stranch, IV