UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

    Plaintiffs

                              CASE NO: 2:12-cv-02143-cgc

    v.

DEMOCRATIC NATIONAL COMMITTEE;
DEBBIE WASSERMAN SCHULTZ, and
CHIP FORRESTER

    Defendants

### CONSOLIDATED REPLY IN SUPPORT OF MOTION TO RECONSIDER AND MOTION FOR STAY OF SANCTIONS PENDING APPEAL

Pursuant to Federal Rule of Civil Procedure and this Court's Rules, Plaintiffs' submit this consolidated reply in support of their motion to reconsider and motion for a stay pending appeal.

    **I.**    **Manifest Disregard of Fact and Dispositive Legal Argument in the Record**

The Defendants' opposition states "the motion to reconsider does not raise an allegation" that satisfies this Court's Local Rule 7.3. To the contrary, both of Plaintiffs' motions assert that this Court's Order reflected grounds that were a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order. Local Rule 7.3.

Both of Plaintiffs' motions point out that this Court's order stated "Dummett had failed to plead…that President Obama's presence on the ballot would in any way injure his campaign." R.34, citing R.32 at 8 & FN21. Both motions then point out that Plaintiffs complaint alleged: "because the appearance of Barrack Obama's name appearing on the Tennessee Ballots for the

2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Dummett." These factual allegations were patterned to mirror those found to be sufficient to support standing in *Drake v. Obama*. 664 F.3d 774 (9th Cir. 2011). The Court's statement that "Dummett had failed to plead…that President Obama's presence on the ballot would in any way injure his campaign" is simply a clear misstatement of the record. As such it represents a manifest disregard of fact by the Court. It also represents a "clearly erroneous finding of fact" supporting a finding of abuse of discretion upon appeal. *Geier v. Sundquist,* 372 F.3d 784, 789-90 (6th Cir.2004).[1]

The Defendants' go on to imply that Plaintiffs' allegations were not specific enough, or were merely legal conclusions, citing *White v. United States*. R.38 at 10; citing 601 F.3d 545, 552 (6th Cir. 2010). However, the *White* Court explained that on motion to dismiss "General factual allegations of injury may suffice to demonstrate standing." *Id*.; citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, (1992). While "naked assertions devoid of further factual assertions" will not support standing, the facts asserted in Plaintiffs' complaint, and cited in Plaintiffs' motion, are specific facts that the *Drake* Court found sufficient to support standing. *Id*.; See also *Drake v. Obama*, 664 F.3d 774 (9th Cir. 2011). The fact that an ineligible candidate on the ballot will harm the chances of the Plaintiff, cannot possibly be taken as a legal assertion. It is clearly a factual assertion.

Even if the facts found in Plaintiffs' complaint were not specific enough to support standing in the instant case, such failure should not be misrepresented by this Court as a complete failure to plead facts that were actually plead. At most the Court should state that the facts plead were not sufficiently specific to support standing.

---

[1] None of the cases cited by Defendants reflects a court refusing to find standing for a competitive candidate.

In such a case the Court should "[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Brown v. Matauszak*, 415 Fed.Appx. 608 (6th Cir. 2011); *citing* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1483 (3d ed. 2010); *see also Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.1994)(A court may not dismiss on the pleadings if the allegations support relief on any possible theory). In the instant case the Court's own order sanctioning attorney Irion established the facts that it would have considered supportive of standing. R.32 at FN21. As stated in Plaintiffs' motion to reconsider and motion for a stay, Plaintiff Dummett could have and would have plead such facts. R.34 at FN1.

Rather than allowing Plaintiffs an opportunity to amend, this Court dismissed the case, and then the Court took the additional step of sanctioning attorney Irion, concluding that his actions were "more than negligent or incompetent." This step represents a manifest failure to consider the standard set forth by regarding application of 28 U.S.C. 1927. *U.S. v. Ross*, 535 F.2d 346 (6th Cir. 1976); *Mone v. C.I.R.*, 774 F.2d 570 (2nd Cir.1985)(should be construed narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law). This also represents an abuse of discretion which occurs when the district court misapplies the correct legal standard. *Geier v. Sundquist,* 372 F.3d 784, 789-90 (6th Cir.2004). [2]

---

[2] This Court's Order also cites precedent that does not directly support the Court's assertion of law or fact: "the Court noted in its order of dismissal that '[t]he allegation that an individual from California who is a merely declared write-in candidate in Tennessee is, without additional factual support, too speculative to show injury-in-fact.'" R.32, citing *Nader v. Blackwell* 545 F.3d 459 (6th Cir. 2008) and *ACLU v. Nat'l Sec. Agency,* 493 F.3d 644, 656–57 (6th Cir. 2007). However, *ACLU* did not involve a candidate-plaintiff, and the *Nader* Court concluded that Nader had standing. See *Id*. To Plaintiff's knowledge, no precedent directly supports this Court's assertion.

**II.     Correction**

The Defendants are correct that their motion for sanctions, as filed with this Court, did include grounds that Plaintiffs lacked standing. Plaintiffs' assertion to the contrary was based upon Defendants' draft motion for sanctions as initially served upon Plaintiffs with Defendants' Rule 11 notice letter. Plaintiffs', therefore, withdraw their assertion that they were not noticed of the grounds upon which this Court granted sanctions.

However, notice *and hearing* should precede imposition of sanction for attorney's alleged unreasonable and vexatious multiplication of proceedings. *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626 (9th Cir. 1987). In the instant case a hearing was requested and was not granted.

**III.    Case of First Impression Supports Sanctions *Only* When "Utterly Unsupportable"**

Defendant's assertion, that Plaintiffs' standing argument is not one of first impression, is absurd. This Court's own Order clearly establishes that Plaintiffs' standing argument is one of first impression: "Plaintiffs have cited, and the Court is aware of, no legal authority standing for the proposition that a write-in candidate who was not a political party's nominee for office could have competitive standing to challenge a rival's qualifications." R.32 at 10. This is, again, the definition of case of first impression. *See Black's Law Dictionary* 206 (Bryan A. Garner ed., 7th ed., West 1999). The Plaintiffs also note that neither the Defendants nor this Court have cited any precedent that requires a competitive candidate to allege that he will appear on the ballot.[3]

---

[3] Again, this Court's citations to *Nader v. Blackwell* 545 F.3d 459 (6th Cir. 2008) and *ACLU v. Nat'l Sec. Agency,* 493 F.3d 644, 656–57 (6th Cir. 2007) do not directly support the Court's assertion that a write-in candidate does not have standing. To Plaintiff's knowledge this Court's finding on this issue is completely unique.

It is true that this Circuit does not have an absolute rule prohibiting sanctions when an attorney advocates a case of first impression. However, sanctions are *only* supported when the claim is "utterly unsupportable," "worthless on their face," or "patently frivolous." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370 (6th Cir. 1987); *Ozee v. Amer. Council on Gift Annuities, Inc.*, 143 F.3d 937, 941 (5th Cir. 1998); *United States v. U.T. Alexander*, 981 F.2d 250, 253 (5th Cir. 1993). This rule reflects the fact that 28 U.S.C. 1927 should be construed narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law. *U.S. v. Ross*, 535 F.2d 346 (6th Cir. 1976); *Mone v. C.I.R.*, 774 F.2d 570 (2nd Cir.1985).

This is why only one of the cases cited by the Defendants reflect a court actually sanctioning an attorney for advocating a case of first impression. In that one case the 5th Circuit sanctioned the attorney because "no litigant would dream of bringing it with a straight face." *Ozee*, 143 F.3d at 941. By contrast, in the instant case the facts plead were accepted as supportive of standing in *Drake*. At worst this is a border-line case, not one supporting sanctions.

Finally, it is extremely ironic that the Defendants are advocating extension of precedent, when this Court sanctioned attorney Irion simply for advocating a position for which this Court "is aware of, no legal authority standing for the proposition" asserted by attorney Irion. Attorney Irion was sanctioned by this Court for extending precedent, yet Defendants' urge this Court to extend precedent in an area that is supposed to be narrowly construed and applied with great caution. *U.S. v. Ross*, 535 F.2d 346 (6th Cir. 1976); *Mone v. C.I.R.*, 774 F.2d 570 (2nd Cir.1985).

### IV.    Per Se Irreparable Harm

Defendants' opposition argues that Plaintiffs haven't presented evidence of irreparable harm. R.38 at 13. However, evidence is not required when a fact is "generally known within the

trial court's territorial jurisdiction." *See* Fed. R. Evid. 201(b)(1). Damage to ones professional reputation constitutes per se irreparable harm. *Chonich v. Wayne County Community College*, 973 F.2d 1271, 1276 (6th Cir. 1992)(harm to professional reputation is defamation per se, therefore, harm is presumed).

### V.     Conclusion

For all of the reasons stated herein, attorney Irion requests that this Court **GRANT** their motion to reconsider its order sanctioning attorney Irion, or alternatively to stay said order pending appeal.

Submitted on the 11th Day of Tisheri, in the year of our Lord 2012 (a.k.a. September 28, 2012).

_s/Van R. Irion_____
Van R. Irion (TNBPR#024519)
Liberty Legal Foundation
9040 Executive Park Drive, Ste. 200
Attorney for Plaintiffs
(423) 208-9953

### CERTIFICATE OF SERVICE

It is hereby certified that on 11th Day of Tisheri, Year of our Lord 2012 (a.k.a. September 28, 2012), a copy of "Plaintiffs' Consolidated Reply in Support of Motion to Reconsider and Motion for Stay of Sanctions Pending Appeal" was filed electronically. Parties may access this filing through the Court's electronic filing system. A copy of this motion will also be served upon the Defendants via mail.

_s/Van R. Irion_____
Van R. Irion
Liberty Legal Foundation
9040 Executive Park Drive, Ste. 200
Attorney for Plaintiffs
(423) 208-9953
