UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

    Plaintiffs

                                                                CASE NO: 2:12-cv-02143-cgc

    v.

DEMOCRATIC NATIONAL COMMITTEE;
DEBBIE WASSERMAN SCHULTZ, and
CHIP FORRESTER

    Defendants

**<u>PLAINTIFFS' OBJECTIONS TO PETITION FOR FEES</u>**

Pursuant to this Court's Order of August 24, 2012, Plaintiffs' submit this objection to Defendants' petition for fees.

## I.    Introduction

For the reasons set forth herein, the requested hours expended and hourly rates requested in Defendants' petition are unreasonable. The Plaintiffs, therefore, object to said hours and hourly fee rates.

"The party seeking attorneys fees bears the burden of documenting his entitlement to the award." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999); citing *Webb v. Dyer County Bd. of Educ.,* 471 U.S. 234, 242 (1985). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* citing; *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The Defendant's petition fails to document at least 16.9 hours claimed by Mr. Gastel. The petition claims hours for motions not authorized for a fee award by this Court. The petition also does not establish the reasonableness of the hourly rates requested. Defendant's petition leaves the Plaintiffs with insufficient information to substantively object to certain portions of Defendants' request, and leaves this Court with no way to determine the reasonableness of the hours claimed. For this reason the entire petition should be denied. Alternatively, the Court should reduce the fees awarded to reflect only those hours clearly established as within the award authorized by this Court's Order, and the hourly rates requested should be reduced.

## II.     All Fees for Preparation of Sanctions Motions Must be Denied

The Plaintiffs object to all hours claimed by the Defendants for work performed on motions for sanctions. This Court's Order specifically restricted its grant of fees to those incurred preparing one motion, specifically the motion to dismiss for lack of standing:

> "reasonable attorney fees related to the preparation and briefing of the motion to dismiss in which they raised the issue of standing. Defendants' request for sanctions related to other Rule 12(b) motions the Court never reached are denied." R.32 at 13.

The Court's Order did not grant fees associated with preparation of Defendants' motions for sanctions or for fees associated with Defendants' Rule 11 notice letter or draft motion for sanctions. Yet the Defendants' petition, accompanying declarations, and exhibits all include hours and fees for preparation of Defendants' motions for sanctions, including Defendants Rule 11 motion and notice letter, which this Court explicitly denied.

Several entries on Exhibit A of Ben Gastel's declaration lack any reference to work on a motion to dismiss. R.37-1 at 4. They instead reflect hours worked on Defendants' motions for sanctions. *Id*. These entries include the February 1, March 23, April 16, April 17, April 18, April

24, and April 25 entries. *Id*. These entries total 17 hours (or 6.7 hours of what Mr. Gastel refers to as "Sanctionable Hours"). *Id*. Fees for these hours must be denied.

Similarly, the April 17, April 23, April 30, May 1, May 2, May 27, June 6, June 18, and August 24 entries from Exhibit A of Jim Stranch's declaration lack any reference to work on any motion to dismiss. R.37-3 at 3. These entries instead reflect work performed on Defendants' motions for sanctions. *Id*. These entries total 5.8 hours (or 2 hours of what Jim Stranch refers to as "Sanctionable Hours"). *Id*. Fees for these hours must be denied.

Similarly, the March 23, March 28, April 24, April 25, and April 30 entries from Exhibit A of Gerard Stranch's declaration lack any reference to work on any motion to dismiss. R.37-2 at 4. These entries also reflect work performed on Defendants' motions for sanctions. *Id*. These entries total 2.9 hours (or 1.1 hours of what Gerard Stranch refers to as "Sanctionable Hours"). *Id*. Fees for these hours must be denied.

In addition, Ben Gastel's declaration requests fees for hours on February 23 and March 1 reflect work on Defendants' sanctions motions *in addition* to Defendants' motions to dismiss, as well as other work. Yet the declaration claims at least 61% of said hours as "Sanctionable Hours." Based upon the declaration it is clear that some of the hours claimed as "Sanctionable Hours" included work performed on Defendants motions for sanctions. Because neither the Plaintiffs nor this Court have any way to determine, based upon the documents submitted, how much of Mr. Gastel's time was spent working on the sanctions motions on these days, fees for these 9.5 hours should be denied. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999); citing; *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

### III.     Claimed Hours for 12(b)(1) Motion are Unreasonable

The hours claimed by the Defendants for work performed on their 12(b)(1) motion are unreasonable. The Plaintiffs, therefore object to the hours claimed and request that this Court reduce said hours.

A district court may rely on its own knowledge and experience in handling the reasonableness of fee requests. *B & G Mining, Inc. v. Dir. Office of Workers' Comp. Programs*, 522 F.3d , 657, 664 (6th Cir. 2008); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Courts in the Second Circuit cite 42 hours <u>spent on a single motion</u> as an example of an "utterly unreasonable" request for an award of attorneys' fees. *DiFilippo v. Morizio*, 759 F.2d 231, 236 (2nd Cir. 1985); *Aguilar v. E-Z Supply Corp.*, 2009 WL 2905545 (E.D.N.Y. 2009).

By comparison the Defendants' petition requests this Court to approve a fee request of 61.3 hours, including 9.1 hours for partner-level work and 4.2 hours of senior partner time, for an order in which this Court granted fees <u>for only one motion</u>. R.37 at 3. While the Defendant's request does erroneously include hours requested for other motions, according to the Defendants' own declarations they claim at least 34.9 hours for the one 12(b)(1) motion to dismiss. This is "utterly unreasonable."  *DiFilippo*, 759 F.2d at 236; *Aguilar*, 2009 WL 2905545.

Defendants' methods at reaching this figure illustrate the unreasonableness of their request. Defendants start by comparing the number of pages in their 12(b)(1) motion to the number of pages in their 12(b)(2) and 12(b)(3) motions. They claim a ratio of 19 pages for the 12(b)(1) motion versus 13 pages for the 12(b)(2) and 12(b)(3) motions combined. R.37 at 11. Defendants then assume that this ratio reflects the work performed on the 12(b)(1) motion, even on days when other motions were worked on. This ratio, at best, reflects the amount of time spent working on the 12(b)(1) motion when Defendants' records reflect work on non-specific

motions to dismiss. This ratio reflects zero reduction in hours for periods when other motions are listed as part of the hours worked.

Also, almost 9 pages of Defendants' nineteen-page 12(b)(1) motion consisted of argument regarding Defendants' 12(b)(6) grounds for dismissal. *See* R.5 at 11-19. This Court never reached the 12(b)(6) arguments. Because this Court's order specifically stated "Defendants' request for sanctions related to other Rule 12(b) motions the Court never reached are denied." Therefore, a simple page ratio should reasonably take into account the actual number of pages devoted to Defendants' standing argument, compared to pages devoted to other Rule 12(b) arguments. R.32 at 13. Subtracting the nine pages of 12(b)(6) argument from Defendants' 12(b)(1) motion and adding them to the other motions gives a ratio of 10 to 22, or 45% of Defendants' motions to dismiss dedicated to the 12(b)(1) grounds.

Using the Defendants' own logic of comparing numbers of pages of work product, Plaintiffs respectfully assert that the maximum percentage of time granted spent on 12(b)(1) grounds during Defendants' non-specifically identified "motions to dismiss," should be 45% of the total time claimed instead of the 2/3 ratio claimed by the Defendants. This 45% reflects the more accurate estimate for time Defendants spent raising the issue for which sanctions were granted.

Also, this 45% ratio should only be applied to the hours indicated as non-specific "motions to dismiss," without other motions explicitly mentioned. 45% is much too high for days where Defendants' declarations reflect numerous activities other than "motions to dismiss." For example, Mr. Gastel's February 23 entry reflects work on Defendants' notice of removal and on Defendants' Rule 11 motion for sanctions, in addition to non-specific "motion to dismiss." Yet Mr. Gastel still claims that it is reasonable to assume that more than 60% of his time this day was

spent on one of the three motions to dismiss. Keep in mind, that one motion reflected only 45% of the total pages of motions to dismiss. Clearly Mr. Gastel has overestimated his time for purposes of Defendants' petition.

Mr. Gastel's March 1 entry similarly reflects work performed on motions other than the 12(b)(1) motion to dismiss. The percentage time dedicated to the 12(b)(1) motion should be reduced for both of these days to reflect significantly less than 45% of Mr. Gastel's time.

Reducing Defendants' "estimates" as requested might cure the "utterly unreasonable" nature of a 61.3 hours request for an order in which this Court granted fees for only one motion. R.37 at 3.

### IV. Ben Gastel's Record of Time Does Not Reflect Hours Requested

Mr. Gastel's own record of hours worked does not reflect the number of hours claimed in his declaration. *See* R.37-1, Decl. Gastel, Ex.A. While the petition and Mr. Gastel's declaration claim 48 hours worked as "Sanctionable Hours," Exhibit one of Mr. Gastel's declaration only reflects 31.1 hours worked as "Sanctionable Hours."

Defendants' failure to include records of all the hours they claim leaves the Plaintiffs unable to substantively challenge the reasonableness of the missing hours. Neither the Plaintiffs nor the Court can determine, based upon the information provided, whether the missing hours in Mr. Gastel's declaration were for work authorized by this Court for award of fees. This is particularly true when the Defendants' petition explicitly requests payment for hours worked toward preparing motions that were not authorized in this Court for award of fees.

Because "The party seeking attorneys fees bears the burden of documenting his entitlement to the award," and "Where the documentation of hours is inadequate, the district court may reduce the award accordingly," Mr. Gastel's hours should be reduced. *Reed v. Rhodes*,

179 F.3d 453, 471 (6th Cir. 1999); citing; *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Plaintiffs request that Mr. Gastel's hours be reduced to reflect only those hours documented in the exhibit to his declaration, minus hours spent preparing motions that were not authorized by this Court for award of fees.

## V. Rates Requested are Unreasonable

The hourly rates requested by the Defendants are unreasonable. The Plaintiffs, therefore object to the hourly rates requested and request that this Court reduce said rates.

The party seeking attorneys' fees bears the burden of proving the reasonableness of the hourly rates claimed. *See Granzeier v. Middleton,* 173 F.3d 568, 577 (6th Cir.1999). When determining a reasonable hourly rate, "courts use as a guideline the prevailing market rate ... that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Gonter v. Hunt Valve Co., Inc.,* 510 F.3d 610, 618 (6th Cir.2007). A district court may rely on its own knowledge and experience in determining the reasonableness of hourly rates. *B & G Mining, Inc. v. Dir., Office of Workers' Comp. Programs,* 522 F.3d 657, 664 (6th Cir.2008); *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir.2004). "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter,* 510 F.3d at 618.

In the instant case Defendants' own expert disagrees with Defendants' hourly rate requested for Gerard Stranch. *See* R.37-4, Decl. Baum, at 2. Dr. Baum states: "Gerard Stranch IV should be able to charge $491.53 hourly." *Id*. at ¶ 11. Yet Defendants claim an hourly rate for Gerard Stranch of $600 per hour. R.37, Def.s' Petition, at 3. If any information from Defendants' expert is to be given any evidentiary weight, Defendants' claim that Gerard Stranch can earn 20% more than Defendants' own expert witness has determined, is unreasonable.

Therefore, Gerard Stranch's hourly rate should not exceed that claimed by their own witness.

In addition, Dr. Baum's declaration is founded upon average hourly billing rates from a national survey rather than the "prevailing market rate" for the "venue of the court of record." *See* R.37-4, Decl. Baum, at ¶¶12-13; *Gonter,* 510 F.3d at 618. Dr. Baum's declaration does not reflect any effort to ascertain actual prevailing market rates for hourly attorney's fees in the venue of record. While the declaration mentions the U.S. Census Bureau generally for regional variables, it does not provide data or explain how this data was used. R.37-4, Decl. Baum, at ¶14. Further, the citation to a Census Bureau web site given by Dr. Baum leads to a 2-page document that only divides the United States into multi-state regions, but gives no data or method that would be required to convert national average attorney fee rates into local fee rates. *Id*. at 7. *See* http://www.census.gov/geo/www/us_regdiv.pdf.

The Baum declaration leaves an independent reviewer completely unable to verify the results reached. More specifically, the Baum declaration appears to reflect a simple national average survey, corrected for inflation. At best the Baum declaration reflects results generalized for the states of Kentucky, Tennessee, Mississippi, and Alabama, as a whole. *See Id*. It does not reflect prevailing rates for the venue of record.

Because "the party seeking attorneys' fees bears the burden of proving the reasonableness of the hourly rates claimed," and the Baum declaration does not reflect rates for the venue of record, the Plaintiffs request that the rates requested be reduced. *Granzeier,* 173 F.3d at 577.

### VI.   Summary

For the reasons set forth above, the Plaintiffs respectfully submit that the Defendants' petition and accompanying documents reflect the following maximum fee award:

Gastel: 11.9 hours at $300 hourly, totaling $5824.63.

J.Stranch: 0.9 hours at $700 hourly, totaling $630.

Gerard Stranch: 3.7 hours at $491.53 hourly, totaling $1835.86.

Giving a grand total of 16.5 hours and $8290.49; for one motion.

VII.   Conclusion

For the reasons set forth herein, the Plaintiffs request that this Court **DENY** Defendants' petition for attorney's fees in its entirety as Defendants failed to adequately document hours and fees, leaving Plaintiffs unable to challenge specific charges. Alternatively, Plaintiffs request that this Court reduce the number of hours claimed by **DENYING** the 16.9 hours claimed by Mr. Gastel that were not documented in Mr. Gastel's declaration exhibit, **DENYING** the 6.7 hours (Gastel), 2 hours (J.Stranch) and 1.1 hours (G.Stranch) claimed for work on Defendants' motions for sanctions, and reducing the remaining hours to reflect no more than 45% of hours worked on non-specific motions to dismiss alone, and a significantly lower percentage for hours worked on non-specific motions to dismiss along with other activities by Mr. Gastel on February 23 and March 1; the Plaintiffs further request that this Court reduce the hourly rate for Mr. Gastel to reflect a maximum of $491.53 hourly, as established by Defendants' expert; and reduce all of Defendants' requested hourly rates to more accurately reflect the venue of record.

Submitted on the 14th Day of Tishri, in the year of our Lord 2012 (a.k.a. October 1, 2012).

    _s/Van R. Irion_____
Van R. Irion (TNBPR#024519)
Liberty Legal Foundation
9040 Executive Park Drive, Ste. 200
Attorney for Plaintiffs
(423) 208-9953

CERTIFICATE OF SERVICE

It is hereby certified that on 14th Day of Tishri, Year of our Lord 2012 (a.k.a. October 1, 2012), a copy of "Plaintiffs' Objections to Petition for Fees" was filed electronically. Parties may access this filing through the Court's electronic filing system. A copy of this motion will also be served upon the Defendants via mail.

    _s/Van R. Irion_____
    Van R. Irion
    Liberty Legal Foundation
    9040 Executive Park Drive, Ste. 200
    Attorney for Plaintiffs
    (423) 208-9953