IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **LIBERTY LEGAL FOUNDATION, JOHN DUMMETT, LEONARD VOLODARSKY, CREG MARONEY,** ) ) ) ) ) | |
| Plaintiffs, ) | Case No. 2:12-cv-02143-cgc |
| vs. ) ) | |
| **NATIONAL DEMOCRATIC PARTY OF THE USA, INC., DEMOCRATIC NATIONAL COMMITTEE, TENNESSEE DEMOCRATIC PARTY, DEBBIE WASSERMAN SCHULTZ, and CHIP FORRESTER,** ) ) ) ) ) ) ) ) | Removal of Case No. CH-11-1757-3 From Chancery Court for the State of Tennessee in Shelby County |
| Defendants. ) | |

## DEFENDANTS' RENEWED MOTION FOR LEAVE TO FILE REPLY IN SUPPORT

Comes the Defendants and pursuant to Federal Rule of Civil Procedure and Local Rule 7.2(c), submits this Renewed Motion for Leave to File a Reply in Support of its Petition for Reasonable Attorneys' Fees (Dkt. 37, the "Petition"). On October 11, 2012, Defendants filed an initial Motion for Leave to File Reply in Support (Dkt. No. 44). On October 15, 2012, the Court denied without prejudice that motion finding that it did not comport with Local Rule 7.2(c) (Dkt. No. 45.) After further consultation with opposing counsel, Defendants now file this Renewed Motion for Leave to File Reply in Support stating as follows:

1. Defendants state that in accordance with the Local Rule 7.2 (a)(1)(B), on October 11, 2012, Defendants counsel contacted Plaintiffs' counsel, via email, to see if counsel would be in agreement to allow the filing of this Reply. Defendants received no response. Defendant's email is attached to this Motion as Exhibit 1. On October 15, 2012, at 11:37 am, or forty-five minutes after the Court entered its order (Dkt. No. 45) Plaintiffs' counsel replied claiming that it

1

would not consent to the filing of a reply in support. A copy of this email is attached as Exhibit 1.

2. The proposed reply memorandum (Dkt. No. 44-2), focuses on issues raised by Plaintiffs' in their opposition. Specifically, the reply memorandum cites relevant case law ignored by Plaintiffs in their objections with regard to courts awarding fees for time spent on sanctions proceedings. The reply memorandum also clarifies the record by correcting an administrative error that left one page off the original declaration of Benjamin A. Gastel filed in support of the Defendants' Petition and provides further support for the manner in which Mr. Gastel's time has been allocated for sanctionable conduct. Finally, the reply memorandum identifies legal deficiencies with Plaintiffs' objections, namely Plaintiffs failure to rebut evidence concerning the reasonable of Defendants' counsels' proposed reasonable rates with evidence of their own.

3. The reply memorandum will therefore aid this Court in resolution of the Petition because it: 1) clarifies the case law as it relates to awarding sanctions for the time spent related to the proceedings for obtaining sanctions; 2) clarifies the record as it relates to the time spent by Mr. Gastel on sanctionable activities; and 3) identifies keys deficiencies in Plaintiffs' objections as it relates to the reasonable of Defendants' counsels' rates. These clarifications and identifications are critical if this Court is going to be make an informed, reasonable fee award.

By: /s/ *J. Gerard Stranch, IV*
J. Gerard Stranch, IV (BPR #023045)
Benjamin A. Gastel (BPR# 028699)
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Telephone: 615/254-8801
Facsimile: 615/250-3932
gerards@branstetterlaw.com
beng@branstetterlaw.com

2

*Counsel for the Tennessee Democratic Party and Chip Forrester*

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(1)(B), Defendants' counsel attempted to confer with Plaintiffs' counsel regarding this motion. Specifically on October 11, 2012, Defendants' counsel, Mr. Benjamin A. Gastel, emailed Plaintiffs counsel regarding whether they would consent to the motion. On October 15, 2012, Plaintiffs' counsel, Van Irion, indicated they would not consent to the motion. Given this response, Defendants' counsel did not believe further consultation was warranted or would be fruitful.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via the Court's CM/ECF system, on October 15, 2012, upon:

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923

*/s/   J. Gerard Stranch, IV*
J. Gerard Stranch, IV