IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LIBERTY LEGAL FOUNDATION, JOHN DUMMETT, LEONARD VOLODARSKY, CREG MARONEY, <br><br> Plaintiffs, <br><br>vs. <br><br> NATIONAL DEMOCRATIC PARTY OF THE USA, INC., DEMOCRATIC NATIONAL COMMITTEE, TENNESSEE DEMOCRATIC PARTY, DEBBIE WASSERMAN SCHULTZ, and CHIP FORRESTER, <br><br> Defendants. | Case No. 2:12-cv-02143-cgc <br><br> Removal of Case No. CH-11-1757-3 From Chancery Court for the State of Tennessee in Shelby County |

## DEFENDANTS' REPLY IN RESPONSE TO THEIR PETITION FOR REASONABLE ATTORNEY FEE

Defendants, the Tennessee Democratic Party ("TNDP"), and Chip Forrester (collectively the "TNDP Defendants" and together with the Democratic National Committee and Debbie Wasserman Schultz the "Defendants") file this Reply in Support of their Petition for Reasonable Attorney Fees. The Court granted the TNDP Defendants' Motion for Sanctions (Dkt. 32, the "Sanction Order") and as a result, the TNDP Defendants filed their Petition for Reasonable Attorney's Fees on September 14, 2012 (Dkt. No. 37, the "Petition"). The Plaintiffs, Liberty Legal Foundation, John Dummett, Leonard Volodarsky and Creg Maroney (collectively the "Plaintiffs") filed Plaintiff's Objections to the Petition for Fees (Dkt. No. 40, the "Objections") and this Reply addresses issues raised in Plaintiffs' Objections.

### 1. Fees For Preparation of Sanction Motions Should Be Permitted.

It is clear the Court has authority to award the TNDP Defendants' sanctions for the time spent in preparing the sanctions motion. One federal circuit court has noted:

> The plain language of 28 U.S.C.S. § 1927 establishes that, in making a sanctions award to a party, a court may include the costs, expenses, and attorneys' fees that the party victimized by the sanctionable conduct incurred in obtaining the award. After all, those costs are, in the statute's terms, incurred because of such conduct. If there were no sanctionable conduct there would have been no proceeding to impose sanctions. Because the costs arising from the sanctions proceedings were occasioned by the objectionable conduct, a district court may include costs arising from the sanctions proceedings in the sanctions award.

*Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1298 (11th Cir. 2010).

Other courts have offered similar rationales in allowing a moving party to recover costs associated with sanction proceedings. *See In re Tutu Wells Contamination Litigation*, 120 F. 3d 368, 387-388 n. 21, 37 V.I. 398 (3rd Cir. 1997) overruled on other grounds by *Comuso v. Nat. R.R. Passenger Corp.*, 267 F.3d 331, 331 (3rd Cir. 2001); *Brandt v. Schal Assoc., Inc.*, 960 F.2d 640, 649-651 (7th Cir. 1992); *In re Stauffer Seeds, Inc.*, 817 F. 2d 47, 50 (8th Cir. 1987).

The TNDP Defendants' requests for such fees is reasonable given that they do not seek additional fees for the time spent in preparing the Petition, only the time that was devoted to briefing the portion of the sanctions motion which this Court granted. Accordingly, Plaintiffs' contention that this time should go uncompensated is wholly inconsistent with the plain language of the 28 U.S.C. § 1927 and the purpose for which Congress passed that statute. *Norelus*, 628 F.3d at 1298. The Court should grant the fee request as it relates to compensating time that counsel has spent in drafting the sanctions motion.[1]

---

[1] To the extent that the Court disagrees, time spent strictly on the motion to dismiss is easily calculated from the papers filed with the Petition. As can be gleaned from the relevant papers, the TNDP Defendants seeks compensation of $5,800 in fees for drafting the portion of the sanctions motion which this Court granted. Declaration of Ben Gastel at ¶ 3 (claiming 15 hours of time for the motion for sanctions); Declaration of J. Gerard

### 2. The Claimed Hours For the 12(b)(1) Motion Are Reasonable.

Plaintiffs claim that the TNDP Defendants should not be fully compensated for preparing and working on the Motion to Dismiss (Dkt. No. 40, Objections at 4) is inconsistent with the Court's Sanction Order, which provides:

> Defendants are granted sanctions in the form of reasonable attorney fees related to the preparation and briefing of the motion to dismiss in which they raised the issue of standing.

(Sanctions Order at 11.) This Order clearly permits recovery of all fees incurred in drafting Dkt. Nos. 4 and 5, as such time is related to the "briefing of the motion to dismiss in which Defendants raised the issue of standing." Plaintiffs contention that time should be reduced because part of this motion is devoted to moving for dismissal on other grounds is immaterial. The Court clearly granted the sanctions request for the entire motion and not for the additional motions to dismiss that Defendants also filed. Defendants are merely following the direction of the Court. The truth remains that had the Plaintiffs not vexatiously pursued this litigation, none of this time would have been expended and the TNDP Defendants would not have had to incur litigation expenses related to this case. All time devoted to the motion (Dkt. Nos. 4 and 5) is properly compensable.

Plaintiffs next issue is with Mr. Benjamin Gastel's ("Gastel") contention that 60% of his time on February 23, 2012, should be compensable. Mr. Gastel's time entry for that day is as follows:

> Prepare and file notice of removal; research regarding motion to dismiss; review pleadings filed in state court; review documents served upon Chip Forrester; confer with counsel regarding same; draft and edit Rule 11 letter; research regarding same; confer with counsel regarding same.

---

Stranch at ¶ 3 (claiming on hour of time for same); Declration of Jim Stranch at ¶ 3 (claiming two hours of time for same)

(Dkt. No 37-1, Gastel Decl. at Ex. A.) This entry reflects only one task that is unrelated to the sanctions motion and the relevant motion to dismiss: the filing of a notice of removal. "Reviewing the documents served upon Chip Forrester" consisted of reviewing the complaint in this case, a cost which is inextricably tied to the motion to dismiss.  The brunt of this work was researching for the motion to dismiss and reviewing the complaint and other papers served upon Mr. Forrester, which is clearly compensable time. (Declaration of Benjamin A. Gastel, attached as Exhibit A, ¶ 2.)  Moreover, after reviewing emails and time entries in and around February 23, 2012, it is clear that the majority of time on this date reflects time worked on the motion to dismiss, and likely relates specifically to the issue of standing.  (*Id*.)  Gastel's early research quickly revealed, based on the numerous reported decisions in birther actions at the federal level, that Plaintiffs here lacked standing to bring these claims, and Gastel's research during this time period heavily focused on this issue alone.  (*Id*.)  Additionally, the Defendants filed their notice of removal with this Court on February 23, 2012 (Dkt. No. 1), and by this date the Notice of Removal was already substantially completed.  (*Id*.)  The same with the Rule 11 letter, which was eventually sent one week later.  (*Id*.)  Therefore, the portion of the February 23, 2012 time entry related to filing the notice of removal and the sanctions letter is relatively small compared to the time spent reviewing the complaint and researching the motion to dismiss.  (*Id*.)

Plaintiffs next claim that the exhibit to Mr. Gastel's declaration only reflects 31.1 hours as opposed to 48 hours.  Although this is technically correct, after reviewing the exhibit filed with the Court the TNDP Defendants realized that the second page of that exhibit was inadvertently not included.  To correct this error, the full Exhibit A to the Gastel declaration is attached to the Gastel Declaration filed herewith reflecting the full 48 hours of sanctionable time.

    3.  **Rates Requested Are Reasonable.**

Plaintiffs next attempt to challenge the rates requested by the TNDP Defendants, but more importantly, the Plaintiffs provide no evidence rebutting the two declarations provided in support of the Petition by the TNDP Defendants. Specifically, the TNDP Defendants submitted two declarations from Mr. Charles Baum, a Ph.D economist, and Mr. Jef Fiebelman, a member of the Memphis Bar with significant complex litigation experience in the Western District of Tennessee. (Declarations of Charles Baum (Dkt. No 37-4) and Jef Fiebelman (Dkt. No. 37-5)). Plaintiffs failed to rebut this evidence with evidence of their own.

Initially, Plaintiffs, do not challenge the declaration of Jef Feibelman, either by counter declaration or by argument, which clearly indicates that Defendants have carried their burden and the Court should award the requested rates. Plaintiffs only specifically challenge the rate of J. Gerard Stranch, IV, claiming that a portion of Mr. Baum's declaration only supports a rate of $491.53 instead of the $600 rate requested. (Dtk. No. 40, Opposition at 7-8.) Nevertheless, Mr. Baum clearly showed that Mr. Stranch could charge between $378.54 and $659.13 and be consistent with 66% of attorneys with similar experience. (Dkt. No. 37-4, Baum Decl ¶ 19.) Mr. Stranch is able to charge at the upper level of that interval because of his exceptional experience. Mr. Stranch heads the complex litigation practice group of his firm that has a nationally recognized class action practice, he is an adjunct professor of law at Vanderbilt University Law School, and he is currently the General Counsel of the Tennessee Democratic Party. (Dkt. No. 37-2, J. Gerard Stranch Decl., ¶ 3.) This experience justifies Mr. Stranch's higher billing rates identified by Mr. Baum. Additionally, the Plaintiffs fail to acknowledge or address that Judge Mays of the Western District of Tennessee, has already approved Mr. Stranch at $500 per hour for work performed on previous cases four years ago. (Dtk. No. 37-5, Feibelman Decl. ¶ 9.) In

other words, this Court has already recognized that Mr. Stranch bills at the higher interval for partners with similar experience.

Finally, Plaintiffs take issue with the fact that Dr. Baum's affidavit is based on national rates, however, this ignores the fact that Plaintiffs filed this action on behalf of a national class of individuals and also ignores the fact that Dr. Baum based his opinion on regional rates that included Memphis, Tennessee. (Dkt. No. 37-4, Baum Decl. ¶ 14 and Table 1 and Ex. B; Amended Complaint ¶¶ 1, 52-59.) Further, as Mr. Feibelman testified, in cases in this district involving national class actions, the rates proposed by the TNDP Defendants here have been found reasonable, and Plaintiffs utterly failed to rebut any of this testimony. (Dtk. No. 37-5, Feibelman Decl., ¶¶ 9-10.)

## CONCLUSION

Given the foregoing, and for the reasons identified in the Petition, the TNDP Defendants request a fee award of **$22,800,** which includes $17,000 for briefing the motion to dismiss and $5,800 in briefing for the motion for sanctions and does not include any time spent on the Petition or any of the other considerable motion practice involved in this case.

Submitted this 11th day of October, 2012.

By: */s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (BPR #023045)
Benjamin A. Gastel (BPR# 028699)
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Telephone: 615/254-8801
Facsimile: 615/250-3932
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Counsel for the Tennessee Democratic Party and Chip Forrester*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served via the Court's CM/ECF system, on October 17, 2012, upon:

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923

                                                */s/   J. Gerard Stranch, IV*
                                                J. Gerard Stranch, IV