IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LIBERTY LEGAL FOUNDATION, ) <br> JOHN DUMMETT, ) <br> LEONARD VOLODARSKY, and ) <br> CREG MARONEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DEMOCRATIC NATIONAL ) <br> COMMITTEE, et al., ) <br> ) <br> Defendants. ) | No. 12-2143-STA |

### ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER SANCTIONS

Before the Court is Plaintiffs Liberty Legal Foundation, John Dummett, Leonard Volodarsky, and Creg Maroney's Motion to Reconsider Sanctions (D.E. # 33) filed on September 4, 2012. For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

### BACKGROUND

Plaintiffs filed their original Complaint in the Chancery Court for Shelby County, Tennessee, on October 26, 2011.[1] Plaintiffs alleged that Defendants "intend[] to send documents to the Tennessee Secretary of State announcing that [President Barack] Obama is [their] Presidential nominee for the 2012 general election and representing that he is qualified to hold the office of

---

[1] Plaintiffs filed a First Amended Complaint while this matter was pending before the Shelby County Chancery Court. The First Amended Complaint appears as ex. B to Defendants' Notice of Removal (D.E. # 1-2).

1

President." (Am. Compl. ¶ 8.) Plaintiffs further alleged that these representations were false because President Obama is not a "natural-born citizen" as Article II of the United States Constitution requires for any one who would hold the office of President of the United States. (*Id.* ¶¶ 9–19.) Based on these alleged misrepresentations to the Tennessee Secretary of State, Plaintiffs contended that Defendants were liable for negligent misrepresentation and fraud/intentional misrepresentation and that the Court should enjoin them from filing papers which would place President Obama's name on the ballot in Tennessee for the November general election. On February 23, 2012, Defendants removed Plaintiffs' suit to this Court on the basis of federal question jurisdiction, and on April 13, 2012, the Court denied Plaintiffs' motion to remand (D.E. # 18).

On June 20, 2012, the Court granted Defendants' motion to dismiss (D.E. # 31), concluding that no Plaintiff had alleged sufficient facts in support of his standing to assert these claims. More specifically, the Court held that Plaintiffs had not alleged an injury-in-fact based on Defendant's alleged misrepresentations about President Obama's eligibility for office. All of the individual Plaintiffs claimed standing as concerned citizens or, in the case of Plaintiffs Dummett and Volodarsky, as declared candidates for President of the United States. The Court dismissed the contention that Plaintiffs had standing in their capacities as concerned citizens to bring claims against Defendants. The Court further concluded that the Plaintiff- presidential candidates had failed to allege a concrete injury-in-fact should President Obama's name appear on the ballot in Tennessee's November election. The Court rejected Plaintiffs' theory of competitive standing, that is, the notion that Plaintiffs Dummett and Volodarsky would suffer an injury-in-fact as President Obama's political rivals for votes in Tennessee's general election. The Court went to hold that in the absence of any allegation that one of its members would have standing to bring these claims,

2

Plaintiff Liberty Legal Foundation lacked associational standing to represent its members' interests in this suit. Therefore, the Court dismissed Plaintiffs' claims pursuant to Rule 12(b)(1).

Then, on August 24, 2012, the Court granted in part Defendants' motion for sanctions against counsel for Plaintiffs (D.E. # 32). The Court held that counsel for Plaintiffs knew or reasonably should have known that the claims in this case had no basis in law, particularly, in view of the fact that Plaintiffs lacked standing to pursue their claims. As such, the Court concluded that Plaintiffs' claims were frivolous. The Court found good cause to limit the sanction against counsel for Plaintiffs to only those attorneys fees incurred as a result of preparing and briefing Defendants' motion to dismiss on the standing issue. The Court concluded that an award of attorneys fees pursuant to 28 U.S.C. § 1927 was appropriate and gave Defendants twenty-one days in which to file a fee petition.[2]

In the Motion before the Court, Plaintiffs seek reconsideration of the award of sanctions.[3] Plaintiffs essentially argue that the Court's award of sanctions was contrary to law. First, Plaintiffs restate their argument from the pleadings stage that one plaintiff with standing is sufficient to bring suit and satisfy Article III. Second, Plaintiffs argue that an award of sanctions was inappropriate because counsel for Plaintiffs advocated an issue of first impression by alleging a theory of competitive standing. Third, Plaintiffs assert that the Court misstated the allegations of the Amended

---

[2] *See* Order Granting In Part, Denying in Part Defs.' Mot. for Sanctions Aug. 24, 2012 (D.E. # 32). Defendants filed their fee petition with supporting documentation on September 14, 2012 (D.E. # 37), and Plaintiffs responded in opposition on October 1, 2012 (D.E. # 40).

[3] The Court finds that some of Plaintiffs' arguments for reconsideration go to the order of dismissal as well as the sanctions order. Nevertheless, the Motion is clear that Plaintiffs seek reconsideration only of the award of sanctions. The Court would add that on September 11, 2012, Plaintiffs filed a Notice of Appeal only as to the order granting sanctions (D.E. # 35), which the Sixth Circuit dismissed on October 5, 2012 (D.E. # 43).

Complaint and failed to accept as true the contention that President Obama's presence on the Tennessee ballot would concretely injure Plaintiff Dummett's campaign.  Finally, Plaintiffs contend that an award of sanctions violates counsel's right to due process.  According to Plaintiffs, the Court failed to give counsel notice that sanctions might be awarded on the basis of the standing issue, and the motion for sanctions "never asserted lack of standing as grounds for finding Plaintiffs' case frivolous."[4]

Defendants have filed a response in opposition to Plaintiffs' Motion, arguing that Plaintiffs have offered the same legal arguments the Court previously heard and rejected at earlier stages of the case.  Therefore, revision or reconsideration of the Court's order on sanctions is not warranted.  With respect to Plaintiffs' argument that sanctions cannot be imposed in cases of first impression, Defendants contend that Plaintiffs have not presented a question of first impression.  And even if they had, Defendants assert that parties and their attorneys are not immune from sanctions in cases of first impression "when an attorney should reasonably know that its position is precluded by existing case law."[5]  Defendants next argue that Plaintiffs have failed to show how the Court misconstrued the Amended Complaint's allegations of standing.  Defendants also challenge Plaintiffs' due process claim about the failure to give them prior notice that the Court might impose sanctions based on Plaintiffs' lack of standing.  Defendants point out that they based their request for sanctions in part on Plaintiffs' lack of standing to bring this suit.  For these reasons, Defendants maintain that reconsideration is not proper.

Plaintiffs have filed a reply brief in which they restate many of the same arguments presented

---

[4] Pls.' Mot. to Reconsider 7 (D.E. # 33).

[5] Defs.' Resp. in Opp'n 8 (D.E. # 38).

in their opening brief. Plaintiffs do offer a correction and concede that they did have actual notice that Defendants were seeking sanctions based in part on Plaintiffs' lack of standing. Plaintiffs continue to argue that they requested a hearing and that the Court should not have imposed sanctions without first holding a hearing.

## STANDARD OF REVIEW

Plaintiffs have not cited any procedural rule or briefed any legal authority in support of their request for reconsideration. Plaintiffs do refer to Local Rule of Court 7.3 in their reply brief. Although the Federal Rules of Civil Procedure do not specifically recognize motions to reconsider, Local Rule 7.3 provides for motions for revision of interlocutory orders. Under the Local Rules, "any party may move pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order" before the entry of judgment.[6] Local Rule 7.3(b) enumerates the only grounds for revision and requires the moving party to show specifically

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.[7]

Like Rule 59(e) motions, a motion for revision to an interlocutory order should not be based on legal

---

[6] L.R. 7.3(a); *see also Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").

[7] L.R. 7.3(b).

arguments or evidence that the movant simply failed to raise in the earlier motion.[8]  Local Rule 7.3(c) goes on to prohibit the repetition of any argument the party moving for revision made during the initial consideration of the issues.[9]  "Any party or counsel who violates this restriction shall be subject to appropriate sanctions, including, but not limited to, striking the filing."[10]

## ANALYSIS

The Court finds that Plaintiffs have failed to present any basis for revision of the Court's sanctions order.  Plaintiffs' Motion largely repeats the same arguments Plaintiffs made in opposition to Defendants' motion to dismiss and motion for sanctions, theories which the Court has already considered and rejected.  Plaintiffs fail to identify any new legal authority or intervening change in controlling law, which would lead the Court to reconsider its decision on these issues.  Plaintiffs continue to argue that one plaintiff with standing is sufficient to establish standing for all plaintiffs and that the Amended Complaint sufficiently alleges Plaintiff Dummett's standing to bring these claims.  Plaintiffs assert that the Court made "a clear misstatement of the record" and thereby exhibited a "manifest disregard of fact" by failing to accept as true Plaintiff Dummett's allegation of injury-in-fact.[11]  Plaintiffs cite the same decisional law previously briefed for the Court at the

---

[8] *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 519 n.5 (2008) (citing 11 C. Wright & A. Miller, *Federal Practice & Procedure*, § 2810.1 (2d ed. 1995)); *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007).

[9] L.R. 7.3(c); *see also Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) ("where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.") (quotation omitted).

[10] L.R. 7.3(c).

[11] Pls.' Reply 1-2 (D.E. # 42).

pleadings stage. This is precisely the type of motion for revision, one based on arguments already considered and rejected, which Local Rule 7.3 prohibits. To the extent that Plaintiffs have proffered the same legal theories supported by the same legal authority, the Court finds that Plaintiffs are "attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion." For these reasons, Plaintiffs' Motion is not well-taken and must therefore be **DENIED**.

Plaintiffs next argue that rather than dismissing their Amended Complaint with prejudice, the Court should have granted them leave to amend and correct their allegations of standing. The Court fails to see how this issue relates to the order on sanctions, which is the decision Plaintiffs ask the Court to revisit. What is more, Plaintiffs cite inapposite case law for support. Plaintiffs rely on *Brown v. Matauszak*, 415 F. App'x 608 (6th Cir. 2011), an unpublished decision in which the Sixth Circuit concluded that a district court abused its discretion by dismissing *sua sponte* a *pro se* prisoner's § 1983 claim without granting the petitioner leave to file an amended pleading. The Court finds *Brown* entirely distinguishable. Plaintiffs in the case at bar have already amended their pleadings once as a matter of course, actually filed responses to Defendants' Rule 12(b) motions before the Court issued its ruling, and continue to have representation of counsel. Even after Defendants raised the standing issue, Plaintiffs never sought leave to amend to provide additional factual support for their standing allegations.[12] Thus, the Court holds that this assignment of error

---

[12] In response to Defendants' motions to dismiss, Plaintiffs did state their intention to seek leave to add a tort claim for simple negligence. The Court denied that request in its order of dismissal, holding that Plaintiffs' "bare" request to amend their pleadings did not comply with Rule 7(b) or Rule 15(a). *See* Order Granting Defs.' Mot. to Dismiss June 21, 2012, 18-19 (D.E. # 31). The Court further found that Plaintiffs' were attempting to introduce evidence which was not part of their pleadings and as such could not be considered under Rule 12(b). *Id.* at 10 ("Plaintiff Dummett's certificate [as a write-in candidate] is not part of the pleadings for any

is without merit and does not warrant reconsideration of the Court's order on sanctions.

Plaintiffs further seek reconsideration of the award of sanctions in this case because Plaintiffs have raised novel issues. Plaintiffs' straightforward contention is that sanctions under § 1927 are not proper in a case presenting issues of first impression and cite legal authority for that proposition. Plaintiffs go on to argue that their theory of competitive standing, particularly for Plaintiff Dummett, was an issue of first impression in this Circuit. The Court finds that this is not proper grounds for revision because Plaintiffs have failed to show why they did not raise this argument in their previous briefing on the motion for sanctions. Local Rule 7.3(1) requires a party seeking revision of an interlocutory order to show with specificity "a material difference in law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order." Plaintiffs have made no such showing here. Therefore, their Motion is **DENIED** as to this issue.

Finally, Plaintiffs contend that the Court's order on sanctions denied counsel due process. According to Plaintiffs, the Court should have first held a hearing on Defendants' motion for sanctions before making its ruling. Although Plaintiffs' opening brief claimed that counsel was denied notice of the possible grounds for sanctions, Plaintiffs have conceded in their reply brief that they did in fact have notice. The Sixth Circuit has held that a district court need not hold a hearing before imposing sanctions pursuant to § 1927.[13] As a result, Plaintiffs' argument on this point is not

---

purpose" and "[a]t this point in the proceedings, Plaintiffs have not properly brought that issue before the Court"). Even after the Court noted these defects, Plaintiffs never took the correct steps to seek leave to amend.

[13] *Cook v. Am. S.S. Co.*, 134 F.3d 771, 774 (6th Cir. 1988).

well taken, and their Motion is **DENIED** as to this issue.

  **IT IS SO ORDERED.**

            **s/ S. Thomas Anderson**
            S. THOMAS ANDERSON
            UNITED STATES DISTRICT JUDGE

            Date: December 4, 2012.