IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LIBERTY LEGAL FOUNDATION, ) | |
| JOHN DUMMETT, ) | |
| LEONARD VOLODARSKY, and ) | |
| CREG MARONEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 12-2143-STA |
| ) | |
| DEMOCRATIC NATIONAL ) | |
| COMMITTEE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFFS' MOTION FOR STAY**

Before the Court is Plaintiffs Liberty Legal Foundation, John Dummett, Leonard Volodarsky, and Creg Maroney's Motion for Stay of Sanctions Pending Appeal (D.E. # 34) filed on September 4, 2012. The Court entered an order on August 24, 2012, granting in part Defendants' motion for sanctions against counsel for Plaintiffs. The Court concluded that an award of attorney fees pursuant to 28 U.S.C. § 1927 was appropriate and gave Defendants twenty-one days in which to file a fee petition.[1] In the Motion before the Court, counsel for Plaintiffs requests a stay of the award of sanctions pending appeal. Plaintiffs filed a Notice of Appeal only as to the award of sanctions on September 11, 2012 (D.E. # 35). Plaintiffs argue that the Court should stay enforcement of the

---

[1] *See* Order Granting In Part, Denying in Part Defs.' Mot. for Sanctions Aug. 24, 2012 (D.E. # 32). Defendants filed their fee petition with supporting documentation on September 14, 2012 (D.E. # 37). Plaintiffs have responded with objections to the fee petition (D.E. # 40), and Defendants have filed a reply (D.E. # 49).

sanctions order because Plaintiffs are likely to prevail on appeal. Plaintiffs make a number of arguments that go to the merits of their position about the award of sanctions under § 1927.

The Court finds that Plaintiffs' Motion is now moot. On October 5, 2012, the Sixth Circuit dismissed Plaintiff's appeal without prejudice (D.E. # 43), concluding that the Court's order on sanctions was not a final, appealable order. For this reason alone, Plaintiffs' Motion must be denied. Additionally, even if Plaintiffs had perfected an appeal, their Motion for Stay is procedurally flawed. Plaintiffs have briefed relevant factors for obtaining a stay on appeal, all of which are drawn from the Sixth Circuit's decision in *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. 1991). In that case, the Sixth Circuit set forth the factors to be considered when an appellant files a motion for stay pursuant to Federal Rule of Appellate Procedure 8(a).[2] Plaintiffs have not, however, addressed Federal Rule of Civil Procedure 62(d), which allows a party to obtain a stay on appeal by supersedeas bond, or shown why they should not be required to post a supersedeas bond.[3] For these reasons, Plaintiffs' Motion for Stay is **DENIED** without prejudice to re-file at the appropriate time.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 4, 2012.

---

[2] *Griepentrog*, 945 F.2d at 152-153.

[3] Fed. R. Civ. P. 62(d). The Sixth Circuit has held that "the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay" but that posting an appropriate bond "speaks only to stays granted as matter of right." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).